

Request from veterinarian

Gunawardana, Subhadra
Wed 9/5/2018 9:17 PM

To: drjdejong@comcast.net <drjdejong@comcast.net>;

📎 1 attachments (1 MB)
Appeals Correspondence.pdf;

Dear Dr. de Jong,

This is to bring to your attention, certain problems with the policies and procedures of the Educational Commission for Foreign Veterinary Graduates (ECVFG) and the Council on Education (COE), committees of the AVMA. I am requesting your intervention to reform the ECFVG policies, and to correct a specific problem for me as a candidate, i.e. improper handling of my appeal of an adverse decision. Please note that my main concern is <u>not about specific internal decisions of the ECFVG but rather the overall policies and procedures that dictate those decisions, and AVMA executive board has the final say on those policies.</u> As explained below, the terms of the Appeals procedure are unconscionable, as are many clauses of the ECFVG contract itself.

In my case, the adverse decision was a failing grade for Anesthesia during my ECFVG clinical proficiency exam, at WVC November 2017. As reason for failure, the score report alleges a fatal flaw, i.e. *"Candidate failed to secure endotracheal tube and inflate the cuff appropriately within the time allotted after induction of anesthesia"*. I am certain such a flaw did not happen, and appealed the decision with detailed evidence (correspondence attached). Even though ECFVG failed to provide any independent impartial evidence to support the score report, both review panels upheld the original adverse decision, breaching the substantial evidence rule.

I dispute the examiner's position in the score report, and strongly believe that the videotape of this exam section would uphold my position and show that I performed the tasks correctly and in time. ECFVG has refused to release this videotape; failed to address the specific points raised in my petition, and denied the petition without providing a valid reason (Decision letter dated 02/07/2018).
Subsequently I submitted a petition for review, pointing out the aforementioned facts and providing additional evidence demonstrating my ability to perform the tasks in question well within the time limit (Petition for Review, submitted 03/01/2018). While the COE review panel acknowledges the evidence I presented, they affirm the original adverse decision based solely on the disputed score report with no independent verification, and once again failing to address/rebut the key points I presented (Memorandum dated April 20, 2018).

The actions of both review panels deprive me of the right to procedural due process, falling short of the transparency and rules of evidence customary in arbitration procedures and the industry standards in equivalent professional commissions such as ECFMG/USMLE, not to mention ECVFG's own stated procedures of considering evidence presented by candidates. I have attached relevant correspondence which explains the situation in detail, and request your attention on the following issues.

1. When a candidate disputes an examiner's assessment on a specific matter, the appeals procedure should have an independent and unbiased method to verify whose position is correct. ECFVG/COE appeals procedure <u>does not have such a process in place</u>, in contrast to appeals in equivalent professional exams. Not having an impartial verification process, the review panels base their decisions solely on the examiners' records, which may well include human error.
This procedural flaw is evident in the handling of my appeal, where I disputed a single entry in my score report. My position can be easily proven/disproven by a videotape of my Anesthesia exam section. ECFVG first declined to release this videotape (email dated 12/20/2017). Then in response to my petition for review, ECFVG stated that there is no videotape. Either way, ECFVG has provided no impartial evidence to support their position, and the COE review panel's decision falls short of the substantial evidence standard.

2. ECFVG prohibits candidates from obtaining any evidence from their own exams (Email dated 12/20/2017), leaving candidates with no way to prove their position in appeal.
In my case, the COE review panel states: *"ECFVG policy allows, but does not require, video recording of the examination, and thus the lack of video documentation does not constitute failure to follow stated procedures. Furthermore, video recordings, if performed, cannot be used to reverse failing scores."*
If candidates cannot obtain or use videotape evidence of their exam sections, a factual dispute on the events during an exam can never be resolved in an impartial manner. Appeals will be automatically decided against the candidate simply due to purported "lack of evidence", thus making the appeals procedure redundant and unconscionable. <u>This is a flaw in the stated procedures.</u>
Having deprived candidates of the most critical evidence, the appeals process also disregards any other evidence a candidate presents in support of their claim. In my case, the COE review panel has stated *"The CPE is based on the anesthesia skills demonstrated during the examination, not based on the past or what may happen in the future"* thus disregarding the additional evidence I presented demonstrating my ability to perform these tasks in time. Considering that professional skills need to be ongoing and permanent, this

statement is incorrect, and contradicts the AVMA Principles of veterinary medical ethics.

3. The aforementioned actions violate the Administrative Procedures Act. If the AVMA/ECFVG/COE are not subject to the APA or equivalent statute, that in itself deprives candidates of their right to equal protection and due process.

4. The lack of transparency occurs in all steps of the appeals procedure. While candidates are required to send all documentation to ECFVG, candidates do not get to see any statements made or evidence presented by the ECFVG. The review panel members for both steps of the appeal are selected at the sole discretion of the ECFVG and/or COE, with no input from the candidate. Hearings have no standard procedural guidelines, and candidates are not allowed legal representation. These policies make the appeals procedure entirely one-sided.

5. The appeals procedure does not provide a basis for appeal outside the stated procedures, thus imposing another limitation on candidates. <u>Examiners can make an honest mistake even while following all stated procedures.</u>

**The improper handling of my appeal was a direct result of the deficiencies in the appeals procedure, which violate several statutes. These policies being under the oversight of the AVMA, you have the ability to reform the appeals procedure and correct erroneous decisions.**

In addition to the appeals procedure, there are general problems with the CPE administration and the contract as a whole. The following are just a few examples.

1. Lack of transparency: The CPE candidate bulletin lists many requirements for quality assurance of CPE sites, with no method in place to independently verify whether quality assurance occurs in an ongoing manner. The process assumes that all examiners and hired personnel would ensure patient welfare at all times and be fair to candidates, without ongoing unbiased evidence to support that assumption. This is a breach of the AVMA Principles of veterinary medical ethics, and falls short of industry standards on equivalent exams in the medical field.
2. ADA violations: While the CPE candidate bulletin allows disability accommodation requests, it mandates the requests be made 90 days prior to exam date, thus excluding all disabilities that may occur within 90 days of the exam. This violates the Americans with Disabilities Act. (As briefly mentioned in my appeal, during my previous Anesthesia section in 2016 I had a disability which started a few days prior to the exam. My accommodation request was declined, and I failed that section due to the disability i.e. arthritis in my hand preventing me from getting the pop-off valve open in time. It is interesting that during that section I successfully completed all tasks upto that point including the ET intubation I am alleged to have failed in the current section.)
3. Subjective nature: CPE sections are scored based solely on the examiners' evaluations, which are subject to human error. Lacking independent verification, this allows unfair treatment of candidates through mistake, incompetence or bias on the examiners' part (not to mention compromising patient welfare).
4. Excessive burden on candidates: According to CPE rules if a candidate fails any single section three times, they have to repeat all 7 sections of the whole exam. Having to repeat sections in which one has already demonstrated proficiency is unfair in several ways. It is a substantial burden on time and resources, considering the exam cost of $7200 plus travel and lodging. Due to the subjective nature of scoring, candidates may fail one or more sections they had passed before, forcing them to retake the full exam many times. I am certain such incidents are evident in the ECFVG records. Case law and industry standards indicate that it is arbitrary and unreasonable to force candidates to keep repeating sections they have already passed.

In addition to enabling improprieties in exam administration in general, the aforementioned policies constitute unfair conduct towards foreign veterinary graduates, particularly those from underdeveloped countries, thus violating equal rights under the constitution. The most obvious evidence for this is the far lower percentage of foreign-born veterinarians employed in the US compared to that of foreign-born physicians or other equivalent professionals. In your capacity as the president of the AVMA, you have the power to correct this situation. I request your intervention to reverse the erroneous adverse decision in my case, and to reform the ECFVG policies for the benefit of the whole profession.

Thank you,
Suba Gunawardana
615-674-8461


*Subhadra Gunawardana, Ph.D.*
Associate Professor, Cell Biology and Physiology
Washington University School of Medicine
660 S Euclid Ave, Campus Box 8228
St Louis, MO 63110.
http://diabetesresearchcenter.dom.wustl.edu/subhadra-gunawardana-dvm-phd/

Re: Request from veterinarian

John de Jong <drjdejong@comcast.net>

Mon 9/17/2018 12:07 PM
Inbox

To: Gunawardana, Subhadra <subhadra.gunawardana@wustl.edu>;
Cc: Dr. Judy Coman <jcoman@avma.org>; uvmanebm@hotmail.com <uvmanebm@hotmail.com>; Dr. David Granstrom <dgranstrom@avma.org>;

Dear Dr. Subhadra Gunawardana:

Thank you for contacting the AVMA and for sending the documents related to your appeal with the AVMA Educational Commission on Foreign Veterinary Graduates (ECFVG). I also appreciate your thoughtful comments regarding the current ECFVG processes and procedures for evaluating candidates and appeals. We always welcome comments and suggestions on how the AVMA can improve as part of our continual process of reviewing and updating our policies.

As President of the AVMA, I have no role in reviewing or modifying the decisions of the ECFVG. However, I will forward your email to the ECFVG and request that they review their policies and procedures in light of your comments and provide a response to me.

Any questions about your appeal or the next steps in the ECFVG process should be addressed to ECFVG staff (Dr. Judy Coman at jcoman@avma.org or Bob Cook at rcook@avma.org).

Best regards,

John de Jong, DVM
AVMA President
2018-2019


On Sep 5, 2018, at 10:17 PM, Gunawardana, Subhadra <subhadra.gunawardana@wustl.edu> wrote:

Dear Dr. de Jong,

This is to bring to your attention, certain problems with the policies and procedures of the Educational Commission for Foreign Veterinary Graduates (ECVFG) and the Council on Education (COE), committees of the AVMA. I am requesting your intervention to reform the ECFVG policies, and to correct a specific problem for me as a candidate, i.e. improper handling of my appeal of an adverse decision. Please note that my main concern is not about specific internal decisions of the ECFVG but rather the overall policies and procedures that dictate those decisions, and AVMA executive board has the final say on those policies. As explained below, the terms of the Appeals procedure are unconscionable, as are many clauses of the ECFVG contract itself.

In my case, the adverse decision was a failing grade for Anesthesia during my ECFVG clinical proficiency exam, at WVC November 2017. As reason for failure, the score report alleges a fatal flaw, i.e. *"Candidate failed to secure endotracheal tube and inflate the cuff appropriately within the time allotted after induction of anesthesia"*. I am certain such a flaw did not happen, and appealed the decision with detailed evidence (correspondence attached). Even though ECFVG failed to provide any independent impartial evidence to support the score report, both review panels upheld the original adverse decision, breaching the substantial evidence rule.

I dispute the examiner's position in the score report, and strongly believe that the videotape of this exam section would uphold my position and show that I performed the tasks correctly and in time. ECFVG has refused to release this videotape; failed to address the specific points raised in my petition, and denied the petition without providing a valid reason (Decision letter dated 02/07/2018).
Subsequently I submitted a petition for review, pointing out the aforementioned facts and providing additional evidence demonstrating my ability to perform the tasks in question well within the time limit (Petition for Review, submitted 03/01/2018). While the COE review panel acknowledges the evidence I presented, they affirm the original adverse decision based solely on the disputed score report with no independent verification, and once again failing to address/rebut the key points I presented (Memorandum dated April 20, 2018).

3

Re: Request from veterinarian

Gunawardana, Subhadra
Wed 9/19/2018 7:16 PM

To: Dr. Judy Coman <jcoman@avma.org>;
Cc: Dr. David Granstrom <dgranstrom@avma.org>; uvmanebm@hotmail.com <uvmanebm@hotmail.com>; John de Jong <drjdejong@comcast.net>;

Dear Dr. Coman,

This is in reference to my letter to Dr. John de Jong dated 09/05/2018, forwarded to you on 09/17/2018.

In light of the concerns I brought regarding the ECFVG Appeals procedures, I hereby formally request you to reverse the adverse decision in my CPE.

Thank you,
Suba Gunawardana
Candidate ID # 273624

---

**From:** John de Jong <drjdejong@comcast.net>
**Sent:** Monday, September 17, 2018 12:06 PM
**To:** Gunawardana, Subhadra
**Cc:** Dr. Judy Coman; uvmanebm@hotmail.com; Dr. David Granstrom
**Subject:** Re: Request from veterinarian


Dear Dr. Subhadra Gunawardana:

Thank you for contacting the AVMA and for sending the documents related to your appeal with the AVMA Educational Commission on Foreign Veterinary Graduates (ECFVG). I also appreciate your thoughtful comments regarding the current ECFVG processes and procedures for evaluating candidates and appeals. We always welcome comments and suggestions on how the AVMA can improve as part of our continual process of reviewing and updating our policies.

As President of the AVMA, I have no role in reviewing or modifying the decisions of the ECFVG. However, I will forward your email to the ECFVG and request that they review their policies and procedures in light of your comments and provide a response to me.

Any questions about your appeal or the next steps in the ECFVG process should be addressed to ECFVG staff (Dr. Judy Coman at jcoman@avma.org  or Bob Cook at rcook@avma.org).

Best regards,

John de Jong, DVM
AVMA President
2018-2019


On Sep 5, 2018, at 10:17 PM, Gunawardana, Subhadra <subhadra.gunawardana@wustl.edu> wrote:

Dear Dr. de Jong,

This is to bring to your attention, certain problems with the policies and procedures of the Educational Commission for Foreign Veterinary Graduates (ECVFG) and the Council on Education (COE), committees of the AVMA. I am requesting your intervention to reform the ECVFG policies, and to correct a specific problem for me as a candidate, i.e. improper handling of my appeal of an adverse decision.  Please note that my main concern is not about specific internal decisions of the ECFVG but rather the overall policies and procedures that dictate those decisions, and AVMA executive board has the final say on those

Request from veterinarian [Gunawardana]

Dr. Judy Coman <JComan@avma.org>
Tue 9/25/2018 2:52 PM
Inbox

To: Gunawardana, Subhadra <subhadra.gunawardana@wustl.edu>;
Cc: Dr. David Granstrom <DGranstrom@avma.org>;

1 attachments (114 KB)
DecisionLtr_ECFVG_PetReview_273624.pdf;

Dr. Gunawardana:

Thank you for contacting the ECFVG about your appeal. At this point, you have filed a petition for reconsideration and a petition for review, both of which affirmed your failing score on the CPE exam in accordance with ECFVG procedures. Therefore, you have exhausted your appeals regarding your CPE exam. Therefore, the ECFVG is not in a position to reconsider your appeal.

Attached to this email is another copy of the May 18, 2018 letter to you with instructions on completing the CPE. Please let us know if you have any questions.

Judy Lee Coman, DVM, DACLAM
**Assistant Director | Education & Research**
American Veterinary Medical Association
1931 North Meacham Rd, Suite 100
Schaumberg, IL 60173
www.avma.org

*"This communication is confidential and is not intended for public disclosure. If you have received it in error, please notify the sender by reply email and immediately delete it and any attachments without copying or further transmitting the same."*

---

**From:** Gunawardana, Subhadra <subhadra.gunawardana@wustl.edu>
**Sent:** Wednesday, September 19, 2018 7:16 PM
**To:** Dr. Judy Coman <JComan@avma.org>
**Cc:** Dr. David Granstrom <DGranstrom@avma.org>; uvmanebm@hotmail.com; John de Jong <drjdejong@comcast.net>
**Subject:** Re: Request from veterinarian

Dear Dr. Coman,

This is in reference to my letter to Dr. John de Jong dated 09/05/2018, forwarded to you on 09/17/2018.

In light of the concerns I brought regarding the ECFVG Appeals procedures, I hereby formally request you to reverse the adverse decision in my CPE.

Thank you,

Suba Gunawardana

Candidate ID # 273624