**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Subhadra Gunawardana and David Seely, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) <br> ) Case No.   3:19-cv-00096-NJR-MAB |
| American Veterinary Medical Association (AVMA), and its branches: Educational Commission of Foreign Veterinary Graduates (ECFVG), and Council on Education (COE), | ) <br> ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

### DEFENDANT AMERICAN VETERINARY MEDICAL ASSOCIATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF ILLINOIS

American Veterinary Medical Association ("AVMA"), by and through its attorneys of Gordon & Rees Scully Mansukhani, LLP, respectfully moves this Honorable Court for an order transferring venue to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1404(a). In support thereof, AVMA states as follows:

### I. **INTRODUCTION**

Missouri residents, Subhadra Gunawardana and David Seely (collectively, the "Plaintiffs") filed this action in the United States District Court for the Southern District of Illinois, despite the fact that there exists no meaningful connection between this forum and Plaintiffs' claims. Plaintiffs bring suit in connection with Ms. Gunawardana's attempt to obtain accreditation as a veterinarian by the AVMA. The thrust of her claim is that the AVMA inaccurately gave her a failing grade as part of the clinical proficiency exam portion, and then discriminatorily denied her appeal of her failing grade.  As will be discussed in much greater detail below, Plaintiffs' filing of this action in

the Southern District of Illinois is improper due to the complete lack of connection whatsoever to the Southern District. For the convenience of the parties and witnesses and in the interest of justice, AVMA prays that the Court transfer this action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

## II.     FACTUAL BACKGROUND

On February 1, 2019, Plaintiffs filed the instant Complaint and "Memorandum of Law in support of Complaint" against the AVMA, inclusive of subcommittees Educational Commission of Foreign Veterinary Graduates (ECFVG), and Council on Education (COE). Plaintiffs' Complaint alleges that the AVMA violated numerous federal statutes by denying her certification as a foreign veterinarian. *See, generally*, Plaintiffs' Memorandum of Law in support of Complaint ("Memo").

Plaintiffs filed the Complaint in the United States District Court for the Southern District of Illinois, with venue improperly predicated on the fact that AVMA does "business nationwide" and the plaintiffs have allegedly resided in Tennessee, Illinois, and Missouri. *Id*., ¶ 2. Plaintiffs are both residents of Florissant, Missouri. *Id*., ¶ 1. AVMA conducts business at its headquarters in Schaumburg, Cook County, Illinois. *Id*. Plaintiffs did not, and cannot, allege any connection whatsoever to the Southern District of Illinois.

In 2008, Ms. Gunawardana initiated the process of obtaining her license to practice veterinary medicine in the United States. From 2008 to 2013, she completed the first three steps of the program. From 2015 through 2017, she went through the final step, the clinical proficiency exam. *Id*., ¶ 8. Ms. Gunawardana took the exam at issue in a facility in St. Louis, Missouri. See Ex. 1 to Memorandum of Law in support of Complaint, p. 9. Ms. Gunawardana received a failing grade for the anesthesia section of the clinical proficiency exam. Memo, ¶ 10. Plaintiff disputes

the examiner's failing grade, and submitted a petition for review. *Id.*, ¶¶ 11-12. The review panel affirmed the original adverse decision. *Id.*, ¶ 12. The review process, affirmation of the decision, and all correspondence from AVMA came from its headquarters in Schaumburg, Illinois to Ms. Gunawardana in Missouri. *See* Exs. 1 and 2 to Memo. Further, the Policies and Procedures that govern Ms. Gunawardana's claim, including her accreditation and the entire appeal process, were created and issued by the AVMA in Schaumburg, Illinois. *See* Ex. 3 to Memo.

Given the overwhelming nexus to the Northern District of Illinois, and complete lack of connection to the Southern District of Illinois, it is clear that it would be more convenient for the parties and the witnesses, and would better serve the interest of justice, if this lawsuit were transferred to the Northern District of Illinois.

### III.     LEGAL STANDARD FOR A MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

This Court, may "[f]or the convenience of parties and witnesses, in the interest of justice…transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and the transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Scaff v. Ralcorp Holdings, Inc.*, 2006 U.S. Dist. LEXIS 80980, at *8 (S.D. Ill. Nov. 3, 2006) (*citing Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)). Ultimately, the determination of whether a case should be transferred to another venue is committed to the sound discretion of the trial court based on a "case-by-case consideration of convenience and fairness." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. Ill. 2010) (*quoting Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988)).

## IV. <u>ARGUMENT</u>

### A. Venue is proper in the United States District Court for the Northern District of Illinois.

Because the AVMA is a headquartered in Schaumburg, Illinois and provides nationwide membership, venue is proper in both the Southern and Northern Districts of Illinois. 28 U.S.C. § 1391(b) provides that a civil action founded on grounds other than strictly diversity may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found" if there is no other district in which the claim may be brought. 28 U.S.C. § 1391(c) provides that a defendant corporation "reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Porritt v. MaClean Power Sys., L.P.*, 2010 U.S. Dist. LEXIS 99563, at *5 (S.D. Ill. Sept. 22, 2010). In Illinois, which has multiple districts, a defendant corporation is "deemed to reside in any district in [the] State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.*, (*citing Waeltz v. Delta Pilots Retirement Plan*, 301 F.3d 804, 809 (7th Cir. 2002). As AVMA is an Illinois not-for-profit corporation with nationwide membership, it is subject to personal jurisdiction in both the Southern and Northern Districts of Illinois.

Further, it is clear that venue is proper and most appropriate in the transferee court, or the Northern District of Illinois. Not only is AVMA headquartered in the Northern District of Illinois, but a substantial part of the events or omissions giving rise to the claim occurred at these headquarters, satisfying the first two prongs of the federal venue statute. 28 U.S.C. § 1391(b). As such, venue is proper in the Northern District of Illinois.

### B. The Northern District of Illinois is the venue that is more convenient for the witnesses and parties and would best serve the interests of justice

The final prong of the analysis governing whether or not transfer of this matter is proper contemplates a weighing of the convenience of the witnesses, the convenience of the parties, and the interests of justice. As the convenience of the witnesses and parties and the interests of justice would be better served by transferring this matter to the United States District Court for the Northern District of Illinois, the instant motion should be granted.

#### 1.      Considerations of Convenience

In evaluating the convenience of the parties and witnesses, this Court should consider: (1) Plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000).

##### a. Plaintiffs' choice of forum is entitled to less deference, as Plaintiffs do not reside in Illinois, and Plaintiffs' claims have little or no connection to the Southern District of Illinois.

Courts generally afford weight to the plaintiff's choice of forum when analyzing the convenience factors under § 1404(a). *See Deist v. Washington University Medical Center*, 385 F. Supp. 2d 772, 773-74 (S.D. Ill. 2005); *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). There are, however, three circumstances in which a court may afford little weight to a plaintiff's choice of forum, which are present in the instant case. *Baird v. Blue Cross Blue Shield of Tex.*, 2011 U.S. Dist. LEXIS 104598, *26–29 (N.D. Ill. 2011) (several aspects of a plaintiff's choice of forum may cause a court to afford it "minimal significance").

A plaintiff's choice of forum is entitled to less weight where the chosen forum is not the plaintiff's home forum. *C. Int'l, Inc. v. Turner Const. Co.*, 2005 U.S. Dist. LEXIS 18855, 2005 WL 2171178, at *1 (N.D. Ill. Aug. 30, 2005) ("Where the plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is still accorded some weight, but not as much as otherwise."); *Martinez v. Deutsche Bank AG*, 2017 U.S. Dist. LEXIS 56095, at *17 (S.D. Ill. April 12, 2017) (plaintiff's choice of forum accorded less weight because "none of the named plaintiffs are located in the Southern District of Illinois."). Here, Plaintiffs both reside in Florissant, Missouri.

Second, a plaintiff's choice of forum is afforded less weight when none of the relevant conduct occurred in that forum. *Martinez*, 2017 U.S. Dist. LEXIS 56095, at *17 ("The plaintiff's choice of forum typically is accorded significant weight, unless none of the relevant conduct occurred in that forum."). In the instant case, none of the relevant conduct occurred in the Southern District of Illinois. Plaintiffs reside in Missouri and Plaintiff took the clinical proficiency exam at issue in Missouri. Memorandum, ¶ 1; *see* Ex. 1 to Memo, p. 9. Further, the decisions regarding Plaintiff's failure and lack of license, as well as the appeal and all governing policies and procedures, came from the AVMA in Schaumburg, Illinois. Memo, ¶ 1; *see* Exs. 1-3 of Memo.

Finally, a plaintiff's choice of forum is also entitled to less deference if "another forum bears a stronger relationship to the dispute." *Industrias Kirkwood S.A. de C.V. v. Andrew Corp.*, 2007 U.S. Dist. LEXIS 20809, at *8 (C.D. Ill. 2007). This matter has no connection to the Southern District of Illinois, other than being in closer proximity to Plaintiffs' residence across state lines in Missouri. All factors regarding Plaintiff and her accreditation occurred in the Northern District of Illinois: Plaintiff submitted her application with the AVMA in the Northern District of Illinois, the AVMA made the decision regarding her application and appeal in the Northern District of Illinois,

and all policies and procedures that Plaintiffs allege are discriminatory were created in the Northern District of Illinois. Memo, ¶¶ 11-12; Exs. 1-3 to Memo.

Based on all of the above factors, Plaintiffs' choice of forum should be afforded no weight in the instant case. To the contrary, Plaintiffs' lack of Illinois residence and the absence of a connection between Plaintiffs' claims and the Southern District of Illinois all weigh in favor of a venue transfer to the Northern District of Illinois.

### b. The situs of material events is the Northern District of Illinois, thus weighing in favor of transfer

The second convenience factor involves an analysis of the "situs of material events" giving rise to the action. *Research Automation*, 626 F.3d at 978. The material events in question are "the actions the defendants took that allegedly caused the economic damage[.]" *Georgouses v. Natec Resources*, 963 F. Supp. 728, 731 (N.D. Ill. 1997).

Here, Plaintiffs allege that Defendants incorrectly failed a portion of her test and thus her license, discriminatorily denied her appeal, and the licensure and appeal process is discriminatory. Memo, ¶ 9. Plaintiff, in Missouri, communicated with the employees of Defendant in the Northern District of Illinois in relation to her application and failure. *See* Exs. 1-3 to Memo. The decision to deny her licensure and affirm this decision on appeal – the "actions the defendant[] took that allegedly caused the economic damage" – occurred in the Northern District of Illinois. *Georgeouses*, 963 F. Supp. At 731. Finally, no other material event occurred in the Southern District of Illinois, as Plaintiff took the test in Missouri and the adverse action is allegedly causing her economic damage that is felt at her residence in Missouri. Because all operative facts in this matter are concentrated in the Northern District of Illinois – and none in the Southern District of Illinois - this factor weighs heavily in favor of transferring this action to the Northern District of Illinois.

### c. Convenience of the parties, convenience of the witnesses, and access to evidence all weigh in favor of transfer to the Northern District of Illinois.

The parties to this lawsuit reside in different states – Plaintiffs in Missouri and AVMA in Illinois. Memo, ¶ 1. Regardless of venue, therefore, at some point as the litigation progresses, the parties will have to travel for discovery-related obligations and trial. Nonetheless, regarding convenience of the witnesses, all AVMA employees with knowledge regarding the facts of this case are located in the Northern District of Illinois. AVMA employees will comprise the majority of witnesses in this matter. Further, other witnesses – including Plaintiffs and the examiner – are located in Missouri, not in the Southern District of Illinois. Additionally, regarding documentary evidence, those potentially relevant documents are in AVMA's possession in Schaumburg, Illinois, which is in the Northern District of Illinois.

### 2. **Interests of Justice**

The interests of justice substantially favor transfer to the Northern District of Illinois as this case is completely devoid of any connection to the Southern District of Illinois. The Supreme Court has noted that there is "a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (U.S. 1947), *superseded by statute on other grounds.* Further, this Court places emphasis on where the defendant is at home and where the decisions giving rise to the claim were made. *Martinez*, 2017 U.S. Dist. LEXIS 56095, at *20-21 ("Further, the moving defendants have their U.S. principal places of business there. The Court finds that it is reasonable to look to where decisions were made and to where the decision makers may be found."). The Northern District of Illinois is where AVMA is "at home" and where the decisions were made and decision makers reside. On the contrary, Plaintiffs reside in Missouri and therefore, have no connection to the Southern District of Illinois.

The interest of justice would be served best by allowing the Northern District of Illinois to determine the outcome of this case. As stated above, this case has no connection whatsoever to the Southern District of Illinois other than the fact that it is geographically closer to Plaintiffs' residence in Missouri. All material acts giving rise to this claim and resulting from this claim occurred in the Northern District of Illinois and in Missouri. It is undisputed that the Southern District of Illinois has no relevant connection to this matter.

Finally, it would be substantially more efficient and more practical for this case to proceed in the Northern District of Illinois. With greater availability of relevant witnesses and evidence, the Northern District of Illinois is better suited to efficiently resolve issues in this case. Transferring this case to the Northern District of Illinois would promote the most economic and expeditious resolution of the matter. Accordingly, the interests of justice factors overwhelmingly favor a transfer.

## V.   CONCLUSION

Applying all of the aforementioned factors to the facts of the present case, transfer to the Northern District of Illinois would be the correct and just result. It is a proper venue, more convenient for the witnesses, the situs of all material events or omissions and the interests of justice favor it.  As set forth above, the Northern District of Illinois has by far the greatest connection to the facts giving rise to this dispute and has the greatest interest in the outcome of this case.

For the foregoing reasons, Defendant, American Veterinary Medical Association, respectfully requests that this Honorable Court enter an Order granting its motion to transfer venue to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: /s/ J. Hayes Ryan
*Attorney for Defendant*
*American Veterinary Medical Association*

J. Hayes Ryan
Gordon Rees Scully Mansukhani LLP
One North Franklin, Suite 800
Chicago, Illinois 60606
(312) 565-1400 (Telephone)
(312) 565-6511 (Facsimile)
hayesryan@grsm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list from One N. Franklin, Suite 800, Chicago, Illinois before 5:00 p.m. on April 5, 2019.

/s/J. Hayes Ryan