# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana and David Seely, pro se Plaintiffs, <br><br> v. <br><br> American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE) <br><br> Defendant. | Case No. 3:19-cv-00096-NJR-MAB |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT COURT OF ILLINOIS

Plaintiffs Subhadra Gunawardana and David Seely respectfully request this court to deny the Defendant's motion based on the following facts, further supported in the Plaintiffs' Memorandum of Law.

1. Contrary to the Defendants' claim, the major part of the events leading to the complaint did not occur in the Northern District of IL. The events in question include the Clinical Proficiency Examination (CPE) in the ECFVG program, signing of contracts for said exam, and appeals following an adverse decision in said exam. These events occurred in different locations throughout the United States, mostly outside the state of IL. Plaintiffs currently own homes in both MO and TN, and signing of contracts occurred in both these states as well as in the Southern District of IL where the Plaintiffs resided during part of these events.

1

2. The AVMA has representatives all over the country and delegates are in every state elected by members. Importantly, the Illinois representative of the AVMA resides in the Southern District, thus satisfying 28 U.S. Code§1391(b)(3). [Exhibit 1]

3. As the Defendant acknowledges in their memorandum: "As AVMA is an Illinois not-for-profit corporation with nationwide membership, it is subject to personal jurisdiction in both the Southern and Northern Districts of Illinois." [page 4 of Defendant's memorandum]. Venue is proper in the Southern district where the action was brought, and Defendant has not proven that a transfer to the Northern District would better serve the interests of justice or the convenience to parties and witnesses, and therefore have not met the burden for a transfer under 28 U.S.C. § 1404(a).

**Convenience:**

4. The Defendant has not provided a list of witnesses, or any affidavits proving inconvenience to any parties.

5. The counsel for the Defendants have an office in St. Louis, MO, very close to the courthouse in the Southern District. Therefore, the current venue should pose no inconvenience to the Defendant.

6. Contrary to what the Defendants' claim, the parties and witnesses do not reside in the Northern District of IL, but are scattered throughout the nation and Canada. To the best of the Plaintiffs' knowledge, none of the witnesses reside in Illinois and would have to travel anyway to testify in person, which may not be necessary.

7. While the decisions on the testing and appeals were formally sent from the AVMA headquarters in Schaumburg, IL, none of the original decisions were made at that location, and none of the actual decision-makers reside there. The actual CPEs are administered in specific sites all *outside* the state of IL; the examiners for CPE reside all over the country and travel to these exam sites; and to the best of the Plaintiffs' knowledge, none of the appeal review panel members reside in IL. According to the AVMA policies and procedures [Exhibit 3 of Complaint], ECFVG candidates' petitions for review are decided by review panels composed of members of the COE. None of the COE members reside in Schaumburg IL. [Exhibit 2]

8. Plaintiffs cannot compile a full list of their witnesses until they complete written discovery. Witnesses may include but are not limited to the individuals who wrote the policies Plaintiffs are questioning, and made the exam and appeal decisions Plaintiffs are disputing. To the best of the Plaintiffs' knowledge, none of these individuals reside in the Northern District of IL.

9. If these decision-makers actually are in Schaumburg IL as stated in the Defendant's current motion, that contradicts the aforementioned AVMA policies, and confirms the allegations in Plaintiffs' complaint on conflicts of interest, bias and lack of transparency on AVMA's part.

10. Defendant has not specified which documents would be burdensome to produce in the current venue. To the best of the Plaintiffs' knowledge, all of AVMA's records and documents are stored electronically. Even if some documents are in paper, scanning and uploading them would be a simple matter, and the venue would have no bearing on this.

11. Plaintiffs hereby assert that a transfer to the Northern District would be a severe hardship for them. The courthouse in Chicago is 320 miles away from the plaintiffs' residence in MO, requiring a 5 hour drive each way and an overnight stay, as opposed to the 20-minute drive to the Southern District venue. Dr. Gunawardana has a full time job in St Louis MO, and Mr. Seely is a disabled veteran with numerous health problems. Not having a place to stay in the Northern District, Plaintiffs will also have to incur hotel expenses and many hours of paid parking. Thus, a transfer to the Northern District will be a substantial burden on the Plaintiffs' health, time, and resources.

**Interest of justice:**

12. This is not a matter of "local interest". All allegations in the Plaintiffs' complaint involve federal questions on equal rights and antitrust violations with national, and to some extent global, applicability. Defendant has failed to show how this is a matter of local interest only in the Northern District of IL. Obviously, the practice of veterinary medicine is not limited to the Northern District of IL, neither are the services provided by the AVMA, nor its membership and leadership. AVMA members and leadership are national/international, and they do business nationwide. The questions before the court apply to the entire nation, and could be answered in virtually any federal venue in the US.

In summary, Plaintiffs had a logical choice of three venues: US District courts of Middle TN, Eastern MO, or Southern IL. The incidents in question happened in these locations where Dr. Gunawardana signed contracts or submitted appeals online, or in Nevada where she took the clinical exams in question. Plaintiffs chose the current venue because out of all possible

venues it ties in more closely to the requirements of where the events took place; an agent of the AVMA resides there; and for fairness and convenience to all parties, considering factors such as parking, accessibility, and possible court congestion.

Plaintiffs pray the court deny the Defendants' motion, or in the alternative, allow the Plaintiffs adequate time for venue discovery.

Respectfully Submitted,
/s/Dr. Subhadra Gunawardana
/s/David Seely
Plaintiffs
4308 Marion Garden Ln
Florissant, MO 63034
615-674-8461; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list from 4308 Marion Garden Ln, Florissant, MO 63034, on April 18, 2019.

/s/Dr. Subhadra Gunawardana
/s/David Seely