IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana and David Seely, pro se<br><br>Plaintiffs,<br><br>v.<br><br>American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE)<br><br>Defendant. | Case No. 3:19-cv-00096-NJR-MAB |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**

**MOTION TO TRANSFER VENUE**

Defendants AVMA et al have brought a motion (and amendment) to transfer venue under 28 U.S.C. § 1404(a) which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As explained in the Plaintiffs' opposition and in this memorandum, the alternate venue proposed by Defendant is not proper, does not serve the interest of justice or the convenience of parties, and all parties have not consented to said transfer.

### I.   INTRODUCTION AND FACTUAL BACKGROUND

1. Defendants acknowledge that the AVMA is subject to personal jurisdiction in the Southern District of Illinois and this venue is proper, but erroneously claim "there exists no meaningful

1

connection between this forum and Plaintiffs' claims" and "venue is most appropriate in the Northern District".

2. Plaintiffs resided in St. Clair County IL during part of the events in question, and they currently reside in both St. Louis County MO and Davidson County TN. Many of the incidents in question happened in each place of plaintiffs' residence over the several years Dr. Gunawardana went through the ECFVG program. (Being a full-time employee in a different profession, she had to schedule time to do this outside her regular work). She entered into all contracts and submitted all appeals online at her place of residence, *not* in the Northern District of IL.

3. Claims against companies (e.g. Amazon, National Board of Medical Examiners etc.) are usually brought in the venue "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," 28 U.S. Code§1391(b)(2). *Laura Makenna, et al. v. Amazon.com LLC*, (3:17-cv-04412). Importantly, actions against the NBME which administers the United States Medical Licensing Exam for physicians, are not removed to their home venue of PA. *Jenkins v. National Board of Medical Examiners*, No. 08-5371 (6th Cir. Feb. 11, 2009).

4. While headquartered in Cook County IL, AVMA has offices all over the country and does business nationwide. AVMA's constituents elect their body, from the officers to the board of directors and the 70 state and territorial House of Delegates, almost all of whom do not reside in IL but in other states or Canada. In the Board of Directors which is the administrative body

of the AVMA, all voting members except one reside outside IL. The only member in IL is Ronald E. Gill, DVM, representing District VI- Illinois, Indiana and Wisconsin [Exhibit 1]. Dr. Gill does not reside in Cook County but in West Salem, IL in the Southern District. Therefore the AVMA has just as much connection, if not more, to the Southern District than the Northern. They even hold their annual conventions in different states, not in Cook County.

5. The exams in question never occurred in Cook County either. The CPE is offered only in a limited number of sites, and St Louis MO has never been one of them, nor has the state of IL. The CPE is currently offered only in Starkville, MS, and Las Vegas, NV. The specific CPE sections in which the plaintiff is disputing adverse decisions occurred in Las Vegas, NV in October 2016 and November 2017. Dr. Gunawardana signed contracts for these and previous steps of the ECFVG program either in TN, MO, or the Southern District of IL. She took all written exams in the state of TN, and the CPE in the states of MS and NV. It is noteworthy that *none* of the exams (written or clinical) taken by Plaintiff, or signing of contracts for said exams, occurred in the Northern District of IL.

6. While the decisions on the testing and appeal were formally sent from AVMA headquarters in Schaumburg, IL, none of the original decisions were made in this location, and none of the actual decision-makers reside in this location. The CPEs are administered in specific sites all *outside* the state of IL; the examiners for CPE reside all over the country and travel to these exam sites; and to the best of the Plaintiffs' knowledge, none of the appeal review panel members reside in IL.

7. Plaintiffs are of the understanding that review panels for candidates' petitions for review are selected from outside the ECFVG in order to avoid conflicts of interest and ensure some degree of fairness, as stated in the AVMA policies and procedures [Exhibit 3 of Complaint]. As the Defendant now states in the current motion "All decisions on the testing and appeal, as well as the procedures and policies governing same, came from AVMA in Schaumburg, Cook County, Illinois." If true, this statement confirms the allegation in plaintiffs' complaint that all decisions are made within the AVMA with no regard to fairness or transparency, and plenty of opportunity for bias and conflicts of interest.

8. All aforementioned facts contradict the Defendants' assertion that the Northern District is more appropriate. The Plaintiffs do not reside in the Northern District, nor do any of the decision-makers in the AVMA relevant for this case, and none of the significant events in this case occurred there. The Defendants provide no affidavits to prove their assertion of inconvenience. All relevant documents can be obtained through discovery, and venue has no bearing on this. One of AVMA's representatives resides here in the Southern District, and the Plaintiffs resided in the Southern District during some of the events. The Defendants' counsel has an office in St Louis MO, less than 5 miles from the courthouse in the Southern District.

II.   **LEGAL STANDARD AND ARGUMENRT TO DENY DEFENDANTS MOTION TO TRANSFER VENUE**

9. The Defendant contends: "Because the AVMA is a headquartered in Schaumburg, Illinois and provides nationwide membership, venue is proper in both the Southern and Northern

4

Districts of Illinois." Plaintiffs argue that, for the purpose of this case, only the Southern District is proper.

10. In SMITH v. OSF HEALTHCARE SYSTEM (Case No. 16-CV-467-SMY-PMF.) the court held "While the OSF Plans may be administered at OSF Headquarters in Peoria, Plaintiffs participated in the Southern District. Thus, the situs of material events in this case lies in both the Southern and Central Districts…Witnesses at this stage are largely unidentified, but at least some of them reside or work in the Southern District." In the present case the situs is scattered, with the only nexus here in the Southern District.

11. Few of the AVMA players, and none of the individuals who made decisions regarding the events in question are in the Northern District. The AVMA headquarters merely processed paperwork and sent it to Dr. Gunawardana. The events were initiated online in Davidson County TN, St Clair County IL, and St Louis County MO. She took the clinical exams in question in NV, and submitted the appeals online. The examiners for the CPE traveled from various locations throughout the country to the exam sites in MS or NV.

12. To the best of Plaintiffs' knowledge, the AVMA officials who made decisions on Plaintiffs' appeals do not reside in Cook County IL, but are scattered across the country and Canada.
   a. While the identities of these decision-makers are generally kept confidential from candidates by the AVMA, the names disclosed to Plaintiff in the correspondence on appeals as "Chair, COE; Chair, ECFVG; and Chair, Review panel" all live and work in

    various locations outside the state of IL, including Russel, PA; Searcy, AR; and Prince Edward Island, Canada.

b. The AVMA policies on ECVFG appeals procedures state: "Within 25 business days after receiving a complete and adequate written petition for review, the Chair of the AVMA Council on Education shall appoint a Review Panel composed of three members of the AVMA Council on Education ("COE"), none of whom shall be, or have been within the past six (6) years, members of the ECFVG or have any other conflict of interest." Accordingly, the individuals that decided the Plaintiff's appeals were not in the Northern District. Being drawn from the COE they are from different parts of the US, Canada, and even Europe [Exhibit 2].

c. AVMA policies on ECFVG appeals procedures further state that, if a hearing is requested on appeal: "Reasonable expenses for meeting arrangements in accordance with AVMA travel policy, including but not limited to travel, meals, and lodging for the Review Panel and other participants, shall be borne by the party requesting the hearing." and "The party requesting the hearing shall pay a deposit of $5,000.00 (US) to cover expenses associated with the hearing. The $5,000.00 deposit must be in the form of a cashier's check or money order only, made payable to the AVMA, and must be submitted, via certified mail (return receipt requested) or other traceable delivery method (eg, FedEx or UPS), at the same time the written petition for review and request for a hearing are submitted." and "Following the hearing, any additional expenses exceeding the $5,000 deposit shall be paid by the party who requested the hearing within 30 days of receipt of an invoice from the AVMA." The mere requirement for travel and lodging expenses exceeding $5000 implies that parties including the review panel reside outside Schaumburg, IL and have to travel for the hearing.

13. Considering the above: either the statements in AVMA's policies are fact, and the review panels are from outside Schaumburg, IL, or what they claim in the motion is fact, and all the decisions are made in Schaumburg, IL. Both claims cannot be true. In the latter case AVMA violated their own policies as well as rules on ethics and conflicts of interest during the appeal process, thus proving some of the allegations made by Plaintiffs in their complaint. In the former case, the Defendants are merely attempting to move this action to a venue of their preference based on non-factual arguments.

14. The Supreme Court of Illinois provides us with some direction. In *First National Bank v. Guerine* (198 Ill. 2d 511 (2002) they concluded that there are many factors both public and private to weigh when deciding transfer. "In Illinois, the private interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive-for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate)." Id. at 518. "The public interest factors include (1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora." Id. At 516

15. As for the public factors, they still favor the Southern District. The Defendants quoted the Supreme Court, "a local interest in having localized controversies decided at home.", but failed

to explain how this action is a local interest limited to the Northern District of IL. Practice of veterinary medicine is not limited to the Northern District of IL, nor do the medical & surgical skills, science and research that affect the nation's animals, food and human medicine apply only to the Northern District. This is not a matter of "local interest". All allegations in the Plaintiffs' complaint involve federal questions on equal rights and antitrust violations with national, and to some extent global, applicability. The events in question occurred in various locations throughout the country, and the AVMA representation is national and international. The questions we put before the court could be answered in virtually any venue in the US and would not burden residents since this litigation affects the entire population, as veterinary medicine influences the science and practice of human medicine, food, agriculture, industry and research that shapes our world. *Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (U.S. 1947) "Considerations of public interest in applying the doctrine include the undesirability of piling up litigation in congested centers," Pp. 330 U. S. 508-509. It would stand to reason Cook County is far more congested then St. Clair County.

16. As for private factors: Defendant has not proven the Northern district is more convenient for any of the parties. It certainly is not convenient for the Plaintiffs. As noted before, *none* of the witnesses are or should be in the Northern district. If testimony is necessary, most witnesses will have to travel anyway, as they reside outside IL (e.g. the examiners, review panels, AVMA president). Documents can be made available in any district with equal convenience. The Southern District of IL is just as convenient for the Defendants as it is for the Plaintiffs, considering the Defendants' counsel has an office in St Louis within 5 miles of the courthouse. The Northern District is most inconvenient for the Plaintiffs. The courthouse in Chicago is 320

miles away from the plaintiffs' residence in MO, requiring a 5 hour drive each way and an overnight stay, as opposed to the 20-minute drive to the Southern District venue. Dr. Gunawardana has a full time job in St Louis MO, and Mr. Seely is a disabled veteran with numerous health problems. Not having a place to stay in the northern district, plaintiffs will also have to incur hotel expenses and many hours of paid parking. Thus, a transfer to the Northern district will be a substantial burden on the Plaintiffs' health, time, and resources.

17. "Unlike *Torres*, but like *Hinshaw*, the case before us involves parties and witnesses dispersed among several counties in the same area of the state. The litigation in this case has a nexus with several fora. See *Broeker v. Turville*, 257 Ill. App. 3d 389 (1993); *Grachen v. Zarecki*, 200 Ill. App. 3d 336 (1990); see also *Meyers v. Bridgeport Machines Division of Textron, Inc.*, 113 Ill. 2d 112, 121 (1986) (affirming the trial court's denial of a *forum non conveniens* motion where factual connections remained evenly distributed among four counties). The balance of private and public interest factors does not strongly favor transfer away from Cook County." *First National Bank v. Guerine* (198 Ill. 2d 511 (2002). In the present case, the factual connections are not just dispersed among counties, but states, provinces and territories, with the most suitable nexus remaining the Southern District.

18. Defendants contend erroneously: "Plaintiffs' choice of forum should be afforded no weight in the instant case. To the contrary, Plaintiffs' lack of Illinois residence and the absence of a connection between Plaintiffs' claims and the Southern District of Illinois all weigh in favor of a venue transfer to the Northern District of Illinois." As stated before, Plaintiffs lived in St. Clair County IL during some of the events, and the adverse actions in question occurred in

various locations throughout the country. The Defendants can claim only loose affiliation to Schaumburg IL, as AVMA leadership reside all over the country. In the Board of Directors which is the administrative body of the AVMA, all voting members except one reside outside IL, and the one in IL resides in the Southern District. 28 U.S.C. §1391(b) provides that "a civil action founded on grounds other than strictly diversity may be brought only in… (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." The specific decision-makers relevant to this case are not in the Northern District but scattered all over. The "home" venue the Defendants are claiming is nothing more than a paper mill. "A substantial part of the events or omissions giving rise to the claim" did not happen in their headquarters, but elsewhere in the country or Canada.

19. Therefore, Plaintiffs' current residence or Defendants' headquarters are not the major factors in this case. What should be considered, in Plaintiffs' opinion, is the convenience to parties, the practical/economic cost and the situs of events, which brings us back to the Southern District. Defendants' counsel has an office nearby, and all witnesses should have to

travel to either district.  The Plaintiffs, as known witnesses, should be considered in that list. When choosing the venue, the Plaintiffs weighed all aforementioned factors and concluded the Southern district to be the most logical choice for all parties in question. "[W]hile the deference to be accorded to a plaintiff regarding his choice of forum is less when the plaintiff chooses a forum other than where he resides * * * nonetheless the deference to be accorded is only less, as opposed to *none*" (emphases in original)". *Brummett*, 111 Ill.2d at 500, 95 Ill. Dec. 841, 490 N.E.2d 694. "Unless the balance of factors strongly favor a defendant's choice of forum, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil*, (330 U.S. at 507-08, 67 S.Ct. at 842-43, 91 L.Ed. at 1062).  "[w]hen a plaintiff brings an action in a court with jurisdiction, such as here, '[his or her] choice of forum should rarely be disturbed.'" Lony, supra, 935 F.2d at 608 (quoting Piper, supra, 454 U.S. at 241, 102 S. Ct. at 258, 70

### III. Conclusion

20. While the Defendants acknowledge that the Southern District of IL is a proper venue, they repeatedly make incorrect statements to the effect "The Northern District of Illinois is where the decisions were made and decision makers reside" and "Plaintiffs' claims have no connection whatsoever to the Southern District".   These statements are not supported by fact, as described in detail earlier.

   a. Contacts:  Part of the AVMA leadership resides in the Southern District, satisfying 28 U.S.C. §1391 (b)3 and (c).

   b. Events in question: None of the contracts were entered into in the Northern District. Dr. Gunawardana entered them online in TN, MO, and St. Clair County IL. She took the written exams in TN, and the clinical exams in MS and NV. None of the decisions were

  made by anyone residing in Schaumburg, IL. The AVMA board, delegates and the COE, i.e. those who created the policies we are questioning and the panel whose decisions we are challenging, do not reside in Schaumburg IL, but in various states and territories.

c. Convenience: The counsel for Defendants have an office in St Louis MO. The proposed transfer will only inconvenience the Plaintiffs, one of whom is employed full time in St Louis MO and the other a disabled veteran. The Defendants provide no affidavits or claims of who would be inconvenienced by the current venue. The documents in question are mostly electronic, and can be just as easily obtained in any district. While the Plaintiffs no longer reside in St Clair County, they did during some of the events and the Southern District of IL is even more accessible than the Eastern District of MO for many reasons.

d. Interest of justice: Plaintiffs' claims are not local interests limited to any one location, but federal questions with national/global applicability. Regarding congestion of dockets, the Southern District of IL is more appropriate than either the Northern District of IL or the Eastern District of MO.

21. As stated before: If the defendants are correct in their assertions in this motion that all decision-makers reside in Schaumburg, IL, then reason dictates that AVMA violated their own policies during Dr. Gunawardana's appeal, thus confirming some of the allegations in the Plaintiffs' complaint. However, if AVMA did follow their policies and procedures during the appeal process, then what the Defendants present before the court in this motion cannot be fact. They are merely attempting to transfer venue with non-factual arguments for reasons that are unclear. Perhaps merely to tax the Plaintiffs, perhaps that venue provides some advantage.

Plaintiffs believe that the interest of justice and convenience to parties would be better served by leaving it here, and respectfully request this court to deny the Defendants' motion.

Respectfully Submitted,
/s/Dr. Subhadra Gunawardana
/s/David Seely
Plaintiffs
4308 Marion Garden Ln
Florissant, MO 63034
615-674-8461; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list from 4308 Marion Garden Ln, Florissant, MO 63034, on April 18, 2019.

/s/Dr. Subhadra Gunawardana
/s/David Seely
