IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUBHADRA GUNAWARDANA and DAVID SEELY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 3:19-CV-96-NJR-MAB ) |
| AMERICAN VETERINARY MEDICAL ASSOCIATION, EDUCATIONAL COMMISSION OF FOREIGN VETERINARY GRADUATES, and COUNCIL ON EDUCATION, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is an Amended Motion to Transfer Case (Doc. 11), filed

by the American Veterinary Medical Association ("AVMA"). For the following reasons,

the motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Dr. Subhadra Gunawardana and Dr. David Seely (collectively

"Plaintiffs") filed this *pro se* complaint on February 1, 2019, against the AVMA, the

Educational Commission of Foreign Veterinary Graduates ("ECFVG"), and the Council

on Education ("COE") (Doc. 2, Ex. 2). Plaintiffs allege breach of contract and violations of

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*; the Sherman Anti-Trust Act,

15 U.S.C. §§ 1, 2; 42 U.S.C. §§ 1981, 1985(3); the Americans with Disabilities Act, 42 U.S.C.

§ 12101, *et seq*; and the Equal Protection Clause of the Fourteenth Amendment.

According to the Complaint, Dr. Gunawardana is a resident of Florissant, Missouri (Doc. 2, Ex. 2, p. 1). She was born in Sri Lanka and received her professional veterinary degree from the University of Peradeniya in 1991 (*Id.* at p. 2). Dr. Gunawardana moved to the United States in 1992 to attend graduate school and is currently employed as an Associate Professor at Washington University Medical School in St. Louis, Missouri (*Id.*). Dr. Gunawardana's co-plaintiff, Dr. David Seely, is her husband (*Id.*).

In 2008, Dr. Gunawardana began taking steps to qualify for a license to practice veterinary medicine in the United States (*Id.* at p. 4). The process required her to obtain a certification from the ECFVG, which is a branch of the AVMA (*Id.*). The AVMA is an organization that collects dues from veterinarians in exchange for protecting, promoting, and advancing the veterinary profession (*Id.* at p. 3). The United States recognizes the AVMA as the sole authority of accreditation of veterinary programs (*Id.*).

The ECFVG certification process includes four steps: credentials verification; English language testing; a written exam; and the Clinical Proficiency Exam ("CPE"), which includes seven sections of hands-on practical skills testing (*Id.*). Dr. Gunawardana completed the credentials verification, English language testing, and written exam by 2013, and she began working on completing the CPE in 2015 (*Id.* at p. 4). She ultimately received a failing grade in one of the sections of the CPE, which she unsuccessfully appealed (*Id.*).

Plaintiffs allege Defendants' policies and procedures, including the appeals process, discriminate against foreign candidates and candidates with temporary disabilities, in violation of a number of federal laws (*See* Doc. 2, Ex. 2). Plaintiffs further

allege Defendants breached their contract with Dr. Gunawardana to provide a fair and unbiased assessment of her skills (*Id.*). The Court has jurisdiction over Dr. Gunawardana's claims that arise under federal law pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over her claims that arise under state law pursuant to 28 U.S.C. § 1367.

Unfortunately, however, the Complaint does not sufficiently allege federal subject matter jurisdiction over Dr. Seely's claims. The Complaint states Dr. Seely "is Dr. Gunawardana's husband, witness and assistant throughout her career and the events in question" (Doc. 2, Ex. 2, p. 1). The Complaint is otherwise silent as to Dr. Seely and does not allege Dr. Seely suffered a particularized or concrete harm, such that he has standing to bring this suit. *See Bensman v. U.S. Forest Service*, 408 F.3d 945, 949 (7th Cir. 2005) (at an "irreducible constitutional minimum," a plaintiff must demonstrate he has suffered a "concrete and particularized" harm in order to satisfy Article III's standing requirements). Likewise, Dr. Seely's interest in Dr. Gunawardana's career and his support as her companion do not make him a proper party. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[E]ven when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Accordingly, Plaintiffs are Ordered to show cause as to why Dr. Seely should not be dismissed from this case for lack of standing. *See Wernsing v. Thompson*, 423 F. 3d 732, 745 (7th Cir. 2005) (Standing "is always a threshold jurisdictional question that we must address even when it is not raised by the parties.").

Nonetheless, the Court may proceed to adjudicate the venue issue because a motion to transfer is not a ruling on the merits. *See In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008) (finding that district court is not required to determine its own subject-matter jurisdiction before ordering a case be transferred because there is no mandatory sequencing of jurisdictional issues); *see also Sinochem Int'l Co. LTD. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (considering a motion to dismiss for *forum non conveniens* before evaluating subject matter jurisdiction).

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Under § 1404(a), a court may transfer a case if the moving party shows that: (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve in the convenience of the parties and the witnesses as well as the interests of justice." *Bajer Design Mktg. v. Whitney Design, Inc.*, No. 09 C 1815, 2009 WL 1849813, at *1 (N.D. Ill. June 26, 2009). The decision of whether to transfer a case to another judicial district under Section 1404(a) is within the Court's broad discretion. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). The party moving for a transfer "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

### I.      Convenience of the Parties and Witnesses

In evaluating the convenience of the parties and witnesses, a court should weigh

"(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Hanover Ins. Co. v. Northern Building. Co.*, 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012).

"[P]laintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum." *Aldridge v. Forest River, Inc.*, 436 F. Supp. 2d 959, 960-61 (N.D. Ill. 2006). But the plaintiff's choice of forum is entitled to less deference when "another forum bears a stronger relationship to the dispute or the plaintiff's choice of forum has no connection to the material events in question." *Id.*

Here, Plaintiffs reside in Missouri and also own a home in Tennessee. They do not reside in the Southern District of Illinois. Dr. Gunawardana took the CPE in Nevada, and alleges she "signed contracts or submitted appeals online" in Missouri, Tennessee, and Illinois. Plaintiffs vaguely assert they resided in the Southern District of Illinois "during part of these events" (Doc. 12, p. 1). Plaintiffs state that the materials events "occurred in different locations throughout the United States, mostly outside the state of IL" (*Id.*).

Because Plaintiffs do not reside in the Southern District of Illinois, and the Southern District of Illinois has no real connection to this case, Plaintiffs' choice of forum is given little deference. *See Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017); *Braddock v. Jolie*, No. 11-cv-8597, 2012 WL 2282219, at *3 (N.D. Ill. June 15, 2012).

The next factor requires the Court to consider the situs of material events, which consists of "the actions the defendants took that allegedly caused the economic damage . . . ." *Georgouses v. NaTec Resources*, 963 F. Supp. 728, 731 (N.D. Ill. 1997). The

AVMA contends that all material events occurred at its headquarters in Schaumburg, Illinois, which is in the Northern District of Illinois. It argues that the CPE review process, affirmation of the decision, the policies and procedures governing the certification and appeals process, and all correspondence to Dr. Gunawardana came from its headquarters in Schaumburg. But Plaintiffs contest this point, and the AVMA does not provide any affidavits in support of its position. *See Midwest Precisions Services, Inc. v. PTM Industries Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983) ("In ruling upon a motion to transfer under 28 U.S.C. § 1404(a), the Court may consider only undisputed facts presented to the Court by affidavit, deposition, stipulation or other relevant documents."). Plaintiffs admit that Defendants sent correspondence to Dr. Gunawardana from the AVMA headquarters, but argue that "none of the original decisions were made in this location, and none of the actual decision-makers reside in this location" (Doc. 13, p. 3).

The parties' disagreement about where the AVMA rendered its decision about Dr. Gunawardana's CPE must be resolved in Plaintiffs' favor. The AVMA bears the burden of persuasion in moving for a transfer of venue, and it has not presented any actual evidence that all of the policies, procedures, and decisions related to the certification and appeals process originated in the Northern District of Illinois. Thus, this factor weighs against transfer.

The next factor requires the Court to consider the convenience of the parties and witnesses. The convenience of the witnesses is often the most important factor in determining whether to grant a motion to transfer. *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007).

Plaintiffs argue that transferring this case to the Northern District of Illinois will impose a severe hardship on them. They state they would have to travel 320 miles to the courthouse in the Northern District of Illinois and incur hotel and parking expenses. Plaintiffs allege Dr. Seely is a disabled veteran with numerous health problems, who would be especially burdened by a transfer of venue. Plaintiffs also point out that Defendants' counsel has an office in St. Louis, Missouri, just five miles from the main courthouse for the Southern District of Illinois. The AVMA does not dispute any of these factual allegations.

The burden Dr. Seely would face as a witness (whether a party witness or a non-party witness) weighs against transfer. But, notably, the convenience of party witnesses is generally given less weight than the convenience of non-party witnesses, "since party witnesses must normally appear voluntarily." *Amorose v. C.H. Robinsons Worldwide, Inc.*, 521 F. Supp. 2d 731, 736 (N.D. Ill. 2007). Plaintiffs also face a greater inconvenience than Defendants because they proceed *pro se* and would have to travel to the Northern District of Illinois for court appearances. On the other hand, Defendants have counsel near the Southern District of Illinois.

Still, the AVMA insists that the Northern District of Illinois is more convenient because all of its employees involved in this matter reside in the Northern District of Illinois. But the AVMA has not identified any employees by name or provided an affidavit or other evidence that these witnesses are necessary. *See Howell v. Joffe*, 478 F. Supp. 2d 1014, 1023 (N.D. Ill. 2006) ("[T]he party seeking transfer must clearly specify key witnesses to be called and make a general statement as to their testimony."); *Graham v.*

*United Parcel Service*, 519 F. Supp. 2d 801, 810 (N.D. Ill. 2007) ("UPS has not provided a sworn affidavit or any evidence other than its argument that these witnesses are necessary, and has not explained what the substance of their testimony would be. This is insufficient to meet UPS's burden. . ."). Because it is the AVMA's burden to show the Northern District of Illinois is more convenient for witnesses and parties, and it has not presented any evidence to support its arguments, these factors weigh against transfer.

The parties do not raise substantial arguments as to the next factor, the ease of access to sources of proof. The AVMA notes that relevant documentary evidence is in the AVMA's possession at its headquarters in Schaumburg, but those documents are likely available electronically and could easily be transferred to the Southern District of Illinois. *See Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 932 (N.D. Ill. 2017); *Sunrise Bidders, Inc. v. GoDaddy GRP., Inc.*, No. 09 C 2123, 2011 WL 1357516, at *2 (N.D. Ill. Apr. 11, 2011). The AVMA's argument related to documentary evidence does not demonstrate the ease of access to sources of proof is greater in the Northern District of Illinois, so this factor weighs against transfer.

## II.     The Interest of Justice

The "interest of justice" consideration "relates to the efficient administration of the court system" and "looks to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy . . ." *Research Automation, Inc. v. Schrader-Bridgeport Inter., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted).

The interest of justice analysis may be determinative, even if the convenience of the parties and witnesses calls for a different result. *Coffey*, 796 F.2d at 220.

The parties do not make any arguments about docket congestion, and the districts' familiarity with the law is not influential, because both districts are familiar with applying federal and Illinois law. But the AVMA argues the interest of justice substantially favors transferring this case to the Northern District of Illinois because there is "a local interest in having localized controversies decided at home" (Doc. 11, Ex. 1, p. 10) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)) (superseded by statute on other grounds). The AVMA's headquarters is located in the Northern District of Illinois, so the Northern District of Illinois has at least some interest in adjudicating this case. *See Body Science LLC v. Boston Scientific Corp.*, 846 F. Supp. 2d 980, 998 (N.D. Ill. Mar. 6, 2012) ("Because A & D is headquartered in Northern California, the Northern District of California has a greater interest in Plaintiff's patent infringement suit against A & D than the Northern District of Illinois."). But as previously stated, the AVMA has not demonstrated that any events underlying this action actually occurred at its headquarters, or that the case has a substantive connection to the Northern District of Illinois. That being said, Plaintiffs do not reside in the Southern District of Illinois and this district has no real relationship to this case, at all. Plaintiffs point out that one of the AVMA's representatives resides in the Southern District of Illinois, but nothing suggests the representative was involved in any of the events related to this case. In sum, the Northern District of Illinois has more of an interest in adjudicating this case than the Southern District of Illinois, but the AVMA has not demonstrated that this interest—in

the interest of justice—demands a transfer of venue.

## CONCLUSION

When ruling on a motion to transfer venue, "[t]he burden is on the moving party to demonstrate that the balance of the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another." *Gueorguiev*, 526 F. Supp. 2d at 857. The AVMA has not met this burden. Accordingly, the Amended Motion to Transfer Venue is **DENIED** (Doc. 11).

Finally, Plaintiffs are **ORDERED to Show Cause** as to why Dr. Seely should not be dismissed from this case for lack of standing, on or before **May 14, 2019**.

**IT IS SO ORDERED.**

DATED:  **April 30, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**