# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana and David Seely, pro se<br><br>Plaintiffs,<br><br>v.<br><br>American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE)<br><br>Defendants. | Case No. 3:19-cv-00096-NJR-MAB |

## PLAINTIFFS' RESPONSE TO CHIEF U.S. DISTRITCT JUDGE NANCY ROSENSTENGEL'S ORDER TO SHOW CAUSE

Through the facts described below, Plaintiffs hereby demonstrate that Mr. Seely's role is much more than that of a companion; that Mr. Seely suffered concrete and particularized harm through the Defendants' actions, and that such injury will be redressed by the relief requested in the complaint.

**Background**

1. Plaintiff David Seely is not a veterinarian by profession. Mr. Seely's educational background is in computer science and psychology, and he was an IT professional who has been disabled following injuries suffered in the first Gulf war.

2. Plaintiffs have been together for over two decades, with their financial and other resources comingled. Mr. Seely had dedicated all his efforts and skills towards advancing Dr. Gunawardana's career, through functions such as building and maintaining computers for her work, and assisting her research through technical support for presentations, publications etc. In particular, Mr. Seely invested a great deal of his time and resources in Dr. Gunawardana's efforts to obtain her US veterinary licensure.

3. Of particular importance is the incident in October 2016 when Dr. Gunawardana's disability accommodation request was denied by the AVMA. As described in count IV and exhibit 5 of the Complaint, while scheduled to re-take 3 CPE sections in Las Vegas NV, Dr. Gunawardana developed severe pain in her right hand and was diagnosed with arthritis of the first CMC joint. When AVMA refused to let her reschedule the exam and denied her accommodation request, Mr. Seely accompanied her on the trip to NV and did all carrying and lifting for her, to ensure that her hand would be spared for the exam as much as possible. [Dr. Gunawardana is certain that Mr. Seely's help was instrumental in her passing the first two sections of that exam, Surgery and Equine medicine.] These events caused considerable stress to Mr. Seely, being disabled himself. Among other things, Mr. Seely suffers from vasovagal syncope which causes sudden drops in blood pressure; hip, knee & shoulder injuries; and migraines. These conditions were exacerbated by the said event, which required taking a long and difficult trip at very short notice. Had the ECFVG allowed candidates to reschedule without losing all fees paid [as the USMLE does] he would not have suffered this inconvenience and damage.

4. In addition to the harms suffered through violation of his spouse's rights, Mr. Seely also suffered concrete and particularized harm as a direct consumer of veterinary services, due to AVMA's monopoly in the veterinary field.

    a. As a disabled person suffering from numerous health problems, Mr. Seely is a consumer of many pharmaceuticals and medical technologies, the development of which involves the skills of veterinary research professionals, and requires lab animal veterinary services.

    b. From a very early age, Mr. Seely had rescued animals in need, and always had companion animals in his household. Lack of access to affordable veterinary care has been a constant problem in poor communities such as the one he grew up in. Essential preventive services such as spay/neuter have been [and still are] unaffordable and inaccessible due to lack of a fair competitive market, resulting in pet overpopulation and consequent suffering. There were times when Mr. Seely had to choose between food/shelter expenses for himself and veterinary services for animals in his care, a situation that would not have occurred in a more competitive and fair market.

5. Mr. Seely suffers from asthma, other respiratory problems, and migraines, which are exacerbated by humidity and air pollution. For the betterment of his health, it is necessary for him to live in a cleaner place in a drier climate, which would have been feasible had his wife been able to get employment in the veterinary field as planned. Dr. Gunawardana's current employment in medical research does not offer that flexibility, and Plaintiffs are forced to live in large cities which are unfavorable to Mr. Seely's health. Thus Mr. Seely

has suffered direct harm though AVMA's adverse actions on Dr. Gunawardana's entry into the US veterinary field.

**Discussion and Legal Standard**

6. Article III's standing requires a plaintiff show "concrete and particularized" harm. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). For a dispute to be within the power (the subject-matter jurisdiction) of a federal court, the plaintiff must have standing—that is, the plaintiff must have alleged a sufficient interest in the dispute. This "irreducible constitutional minimum" of standing has three elements: (1) the plaintiff has suffered a concrete injury; (2) that injury is fairly traceable to actions of the defendant; and (3) it must be likely—not merely speculative—that the injury will be redressed by a favorable decision. *Id.* at 560–61.

7. Mr. Seely's injuries are twofold: Through injuries caused to his spouse Dr. Gunawardana, and directly his own. Plaintiffs did not go into detail in the complaint partly for space and brevity, partly because said injuries seemed obvious to them. Taking a second look, Plaintiffs understand the need to clarify, and apologize for not doing so adequately in the complaint.

8. The first line of injury through his wife include the time and resources Mr. Seely spent on this endeavor, and the toll it took on his health. His was not just an interest but an active participation that became a true partnership, sharing all expenses, time, effort and cooperation in order to reach a goal. Simply, Mr. Seely invested all his skills, efforts and

resources in his wife's career, for the shared goal of her entering the veterinary profession. When the Defendant AVMA barred Dr. Gunawardana from employment, and their policies & procedures violated her equal protection, civil rights and the Sherman act, they violated Mr. Seely's, in so much as the toll the process took on him.

9. The ECFVG certification procedure, including exam fees, the associated training activities to brush up on clinical skills, and travel and lodging for CPE sections [including the Anesthesia sections that received erroneous failing grades] involved considerable expense. The Plaintiffs' financial resources being pooled together, this economic damage affects Mr. Seely just as much as Dr. Gunawardana. Similarly, the future loss of earnings in the veterinary field due to unfair denial of her certification causes equal economic damage to Mr. Seely as to his spouse. *International Ass'n of Firefighters v. City of Ferguson*, 283 F.3d 969 (8th Cir. 2002) "This court held that because of the economic effect on her (a joint bank account and the level of spousal support), she was asserting her own rights and thus had standing. Id. at 973." *Alternate Fuels, Inc. V. Cabanas*, No. 06-3794/07-1462 (8th Cir. Aug 18, 2008).

10. As mentioned before, the common goal of getting the veterinary licensure was for Mr. Seely's benefit as much as for Dr. Gunawardana's. In her current profession as a medical researcher, geographic locations where she can work are limited to large cities such as St Louis, which are not conducive to Mr. Seely's health. He suffers from a plethora of health problems including asthma, and living in humid, congested areas with air pollution results in breathing difficulties and frequent migraines, forcing him to remain indoors with a

dehumidifier much of the time. As a veterinarian Dr. Gunawardana would have much greater flexibility to practice almost anywhere. Had it not been for the Defendants' actions, the Plaintiffs could have moved to a rural place with cleaner air and a dry climate, thus alleviating some of Mr. Seely's health problems.

11. As described in paragraph 3: Consequent to AVMA's denial of Dr. Gunawardana's disability accommodation request and refusal to let her reschedule the exam, Mr. Seely had to accompany her on the trip to NV on short notice and do all carrying and lifting for her, to ensure that her hand would be spared for the exam as much as possible. [Dr. Gunawardana is certain Mr. Seely's help was instrumental in her passing the first two sections of that exam, Surgery and Equine medicine.] These events caused considerable stress to Mr. Seely, being disabled himself. Among other things, Mr. Seely suffers from vasovagal syncope which causes sudden drops in blood pressure, hip and knee injuries, and migraines. These conditions were exacerbated by the said event, which required taking a long and difficult trip at very short notice. Had the ECFVG allowed candidates to reschedule without losing the fees [as the USMLE does] he would not have suffered this inconvenience and damage. Thus, AVMA violated Mr. Seely's disability rights as well.

12. The second line of injury is direct. The AVMA is the gate-keeper with sole authority on who enters the veterinary profession in the US. AVMA also consists of active market players with a personal stake in controlling the numbers entering the market, thus keeping demand and prices high [an obvious conflict of interest]. This practice has damaged Mr. Seely who has owned and rescued animals from a young age to this day. Lack of access to

affordable veterinary care has been a constant problem in poor communities such as the one he grew up in. Essential preventive services such as spay/neuter have been [and still are] unaffordable and inaccessible, resulting in the pet overpopulation problem and consequent suffering we still see today. Comments on online forums show that many clients who go to veterinarians wonder at the exorbitant prices, resulting at least partially from the market control by the AVMA.

13. There were times when Mr. Seely had to choose between food/shelter expenses for himself and veterinary services for animals in his care, a situation that would not occur in a more competitive and fair market. As a direct purchaser of companion animal veterinary services, Mr. Seely has suffered, and continues to suffer, economic damages due to antitrust violations by the AVMA. *In re Lorazepam & Clorazepate Antitrust Litig.,* 202 F.R.D. 12, 21 (D.D.C. 2001)

14. As described in the complaint, according to AVMA's policies and practices it appears that the Defendants' aim is not necessarily to license the most qualified candidates, but simply to control the numbers entering the field. By denying entry of many qualified professionals into the field, Defendants cause ongoing harm to Mr. Seely as a direct consumer of veterinary services, which are not limited to companion animal veterinary care. As a disabled person suffering from numerous health problems, Mr. Seely is a consumer of many pharmaceuticals and medical technologies, the development of which involves the skills of veterinary research professionals, and requires lab animal veterinary services. Market control by the Defendant hike up the prices of all these services used by Mr. Seely

as a patient and consumer, and deprives him of the opportunity to receive services from a wide and diverse group of qualified professionals. *Trafficante v. Metropolitan Life Ins. Co.* C-70 1754 ( N.D. Cal. ) "any person who claims to have been injured by a discriminatory housing practice," shows a congressional intention to define standing as broadly as is permitted by Article III of the Constitution, and petitioners, being tenants of the apartment complex, have standing to sue under § 810(a). Pp. 409 U. S. 208-212.

15. Plaintiffs believe that all aforementioned claims would be fully confirmed as discovery proceeds, and that the current stage of the action may be premature to make an adverse decision on standing.

16. The relief requested in the complaint will redress the damages suffered by Mr. Seely, through some monetary compensation for his antitrust claims, and facilitating betterment of his health through the injunctive reliefs sought.

**Conclusion**

As described above, Mr. Seely's injuries are concrete and particularized, they can be drawn directly back to the Defendants, and they can be redressed by the court. The major relief Plaintiffs seek is injunctive, as outlined in the complaint. Plaintiffs request Dr. Gunawardana's certification be awarded so she can enter the workforce, and the AVMA policies on certification and accreditation be revamped so they would be fair, transparent, and ethical.

Dr. Gunawardana is an individual who wishes to participate in the veterinary field as a professional, and is barred from it simply to enrich those already in the field. Mr. Seely is an

individual who consumes services and is affected by this field. Both have been directly, concretely harmed by the Defendants' actions, actions that can be redressed.

Considering the above, Plaintiffs pray the honorable court to allow the action to proceed as filed.

Respectfully Submitted,
/s/Dr. Subhadra Gunawardana, With Consent
/s/David Seely_____
Plaintiffs
4308 Marion Garden Ln
Florissant, MO 63034
615-674-8461; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

## Certificate of Service

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list from

/s/Dr. Subhadra Gunawardana, With consent
/s/David Seely_____