UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana, ) | |
| David Seely, ) | |
| ) | Case No. 19-cv-96-NJR-MAB |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| American Veterinary Medical Association ) | |
| (AVMA) and its branches: Educational ) | |
| Commission for Foreign Veterinary Graduates ) | |
| (ECFVG) and Council on Education (COE), ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, American Veterinary Medical Association ("AVMA"), by and through its attorneys of Gordon & Rees, LLP, respectfully submits the following as its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint ("Complaint") pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure:

**INTRODUCTION**

Plaintiff's Complaint must be dismissed because she has failed to plead the requisite elements for each of her causes of action. Dr. Subhadra Gunawardana ("Plaintiff") filed a five-count complaint asserting a variety of flawed legal theories against the AVMA, including violations of "contract laws," Title VII, 42 U.S.C. 1981, 42 U.S.C. 1985(3), the Sherman Antitrust Act, the Americans with Disabilities Act, and the Equal Protection Clause of the Fourteenth Amendment.

The AVMA is an Illinois non-profit organization that administers a certification program known as the Educational Commission for Foreign Veterinary Graduates ("ECFVG"), which

includes the "Clinical Proficiency Exam" ("CPE"), a hands-on, performance based exam intended to assess the practical clinical veterinary skills of the candidate. Plaintiff, a Sri Lankan national with a foreign veterinary degree, alleges that the AVMA wrongly and discriminatorily gave her a failing grade for the CPE. Further, Plaintiff contends that her CPE failure and policies and procedures the AVMA adopted in its certification process are unfair and discriminate to foreign veterinary graduates and violate the aforementioned federal laws. As discussed in more detail below, Plaintiff has failed to satisfy the elements of each individual cause of action and fails to show her entitlement to relief. As such, the Complaint should be dismissed in its entirety.

**FACTUAL BACKGROUND**

Dr. Gunawardana was born in Sri Lanka, where she received her professional veterinary degree. (Dkt. #2, Memorandum of Law in Support of Complaint, ¶ 3) She is currently employed as an Associate Professor at Washington University Medical School in St. Louis, Missouri. (*Id*.) The AVMA is a private organization that provides educational accreditation and certification programs to obtain a veterinary license to practice in the United States. (*Id*., ¶ 5) Without any support, Plaintiff concludes that the federal government has given the AVMA "absolute decision-making power" over veterinarians practicing in the United States. (*Id*., ¶ 24)

As part of the certification, an applicant is required to pass four portions: credentials verification, English language testing, a written exam, and the CPE, which includes seven sections of hands-on practical skills testing. (*Id*., ¶ 6) Plaintiff completed the first three steps of the of the certification process. (*Id*., ¶ 8). From 2015-2017, Plaintiff took tests as part of the CPE. (*Id*.) In November 2017, Plaintiff received a failing grade for the anesthesia portion of the CPE. (*Id*., ¶ 9-10). Plaintiff believes her failing grade was unwarranted. (*Id*.)

Plaintiff appealed the decision through the ECFVG appeals procedure, and the appeal was denied. (*Id.*) Plaintiff alleges that AVMA's appeals process "fail[s] to meet the substantial evidence standard, falling short of the transparency and rules of evidence customary in arbitration procedures and the industry standards in the equivalent certification programs such as the USMLE/ECFMG, not to mention ECFVG's own stated procedures of considering evidence presented by candidates." (*Id.*, ¶ 13) Plaintiff further alleges that the policies and procedures impose a greater burden on foreign veterinary graduates than United States veterinary graduates, and therefore, violates equal rights under the Constitution. (*Id.*, ¶ 17).

Specifically, Plaintiff alleges that the policies and procedures violate the Americans with Disabilities Act ("ADA"), because the guidelines require a request for an accommodation to be made 90 days or more prior to the exam date. Plaintiff made a request less than 90 days prior to her anesthesia exam, which allegedly resulted in her failure. (*Id.*, ¶ 27). Plaintiff further alleges a litany of complaints she believes are discriminatory, including the requirement to test hands-on skills, the scoring on solely the examiner's evaluation, having to repeat all sections upon failing a single section three times, and the fee. (*Id.*, ¶¶ 27-31).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While the Complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Where a complaint pleads facts

that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (internal citations and quotation marks omitted) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). In addition, "although the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Id*. Furthermore, "a party may plead itself out of court by either including factual allegations that establish an impenetrable defense to its claims or by attaching exhibits that establish the same." *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006).

## ARGUMENT

**I.     The Complaint must be dismissed in its entirety as to David Seely due to his lack of standing.**

As an initial matter, Plaintiff, David Seely, should be dismissed from this matter entirely because he has no standing through his status as Dr. Gunawardana's husband. In regards to jurisdiction and standing, the Complaint alleges only that "David Seely is Dr. Gunawardana's husband, witness and assistant through her career and the events in question." (Dkt. #2, ¶ 1). To establish standing a plaintiff must have his or her own injury. Plaintiffs must establish "(1) an injury in fact--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, that is, the injury is fairly traceable to the challenged action of the defendant, not the result of the independent action of some third party not before the court; and (3) a favorable decision likely will redress the injury." *O'Sullivan v. City of Chi.*, 396 F.3d 843, 854 (7th Cir. 2005) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "To meet this burden and to survive a challenge to standing under Rule 12(b)(1), a plaintiff must

4

plead sufficient factual allegations, taken as true, that plausibly suggest each of these elements." *Berger v. NCAA*, 843 F.3d 285, 289 (7th Cir. 2016).

Mr. Seely's status as Dr. Gunawardana's husband is insufficient to establish standing. A spouse does not have standing to sue in connection with a spouse's entering of a contract or injury. *Sinclair v. Bloom*, 1995 U.S. Dist. LEXIS 7858, at *33 (June 1, 1995) (husband dismissed for lack of standing because he was not a party to the loan agreement at issue); *Simonsen v. Bd. of Educ.*, 2001 U.S. Dist. LEXIS 16896, at *27 (N.D. Ill. Oct. 16, 2001) (dismissing wife and children of suspended teacher because "relatives do not fit this description [of standing]. That they may be indirectly suffering the consequences of his being suspended does not create standing."). Here, Mr. Seely did not contract with AVMA to take an examination and his only alleged injury is indirectly through his wife, Dr. Gunawardana. Indirect injuries are insufficient to establish standing. For these reasons, the Complaint should be dismissed in its entirety as to Plaintiff, David Seely.

## II. Plaintiff has failed to establish a "Violation of Contract" claim because she signed a waiver and failed to adhere to basic pleading requirements.

In Count I, Plaintiff asserts a claim for "violation of contract laws." (Dkt. #2, Ct. I, p. 13) Plaintiff includes only two paragraphs under this claim. On its own, "violation of contract law" is not a recognized claim and it is unclear what Plaintiff is asserting in Count I or what relief she is requesting thereunder. As a result, Count I fails the basic requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8. On this basis alone, Count I should be dismissed.

Nonetheless, even if Count I can be interpreted as a viable claim for violation of contract law, Plaintiff is still unable to state a claim in connection the contract because she signed a waiver releasing Defendants from any legal actions as recourse for poor performance on certification

examinations. (*See* Plaintiff's ECFVG Application, attached hereto as Exhibit 1 and incorporated herein by reference). The release states: "I hereby release, discharge, and exonerate the AVMA, the ECFVG… from all actions, suits, obligations, damages, claims and demands arising out of, or in connections with, this application, the grade or grades given with respect to the examinations or the failure of the ECFVG to issue me a certificate." (Ex. 1, p. 3)

Similar provisions have been enforced in the Seventh Circuit as well as courts throughout the nation. In *Sanjuan v. American Bd. of Psychiatry & Neurology*, the Seventh Circuit upheld a similar release 40 F.3d 247, 1994 U.S. App. LEXIS 32958 (7th Cir. Nov. 21, 1994). There, the plaintiffs alleged that the release each candidate signed when applying to the American Board of Psychiatry and Neurology were unconscionable contracts of adhesion. The Court disagreed, finding that they were "no more [unconscionable] than the other standards for application, including paying fees and passing tests." *Id*. at 249. The Court noted that the Board, as a private organization, is entitled to set the rules of application and membership, and may also "insist that applicants agree to a legal cease-fire." *Id*.

Similar agreements for other national certifications have been upheld in other jurisdictions. *See, e.g.*, *Whyte v. Am. Bd. of Physical Med. & Rehab.*, 393 F.Supp.2d 880, 888–90 (D. Minn. 2005); *Balaklaw v. Am. Bd. of Anesthesiology, Inc.*, 562 N.Y.S.2d 360, 361–63 (Sup. Ct. 1990); *Am. Registry of Radiologic Technologists v. McClellan*, No. 300-cv-2577, 2003 WL 22171702, at *2–3 (N.D. Tex. Mar. 5, 2003). In these cases, the courts "have upheld release provisions that bar medical professionals from suing a certifying board because of actions taken by the board during the certification process." *Whyte*, 393 F.Supp.2d at 889. As such, this action in its entirety is barred by the release in the contract.

### III.    Plaintiff cannot state a claim for violations of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. §1985(3), all alleged in Count II.

In Count II, Plaintiff asserts claims for violations of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1985(3). (Dkt. #2, Ct. II, ¶¶ 36-39). Count II contains four allegations purportedly intended to state claims under three separate federal statutes. *Id*. As an initial matter, the United States Supreme Court has explicitly clarified that claims under Title VII and Section 1981 are "separate, distinct, and independent" causes of action. *Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 461 (1975); *see also Humphries v. CBOCS West, Inc*., 474 F.3d 387, 402 (7th Cir. 2007) ("Congress has unmistakably provided for two separate regimes to redress, in many instances, identical discriminatory practices in the employment context."). Plaintiff's commingling of three separate statutory schemes in four allegations under one count violates basic pleading requirements, and as a result, Count II should be dismissed pursuant to Federal Rule of Civil Procedure 10(b). Nonetheless, Plaintiff has not, and cannot, state a claim under all three statutes warranting dismissal of Count II with prejudice.

### A. **Plaintiff cannot state a claim under Title VII because the AVMA does not constitute Plaintiff's employer.**

Plaintiff cannot state a claim against the AVMA for violation of Title VII because the AVMA is not Plaintiff's employer. Title VII prohibits certain "unlawful employment practices." *See* 42 U.S.C. § 2000e-2. Plaintiff could maintain a claim against the AVMA only if: (1) Plaintiff was an employee of Defendant; (2) Defendant committed an "unlawful employment practice" towards Plaintiff; and (3) the Equal Opportunity Commission previously dismissed, or failed to file, a civil action. See 42 U.S.C. §§ 2000e(b), 2000e(f), 2000e-2, 2000e-5(f)(1).

AVMA does not constitute Plaintiff's employer for purposes of Title VII. "To state a claim under Title VII, a plaintiff must, at the very least, allege that a defendant is his employer within the meaning of the Act." *Shields v. Property Mgmt. One Ltd*., 2003 U.S. Dist. LEXIS 13498, at *4

(N.D. Ill. Aug. 5, 2003). Plaintiff alleges that AVMA functions as an "employment agency" under Title VII because they are the gatekeeper for all veterinary graduates seeking employment in the United States. (Dkt. #2, ¶ 37). Under Title VII, an employment agency "means any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." 42 U.S. Code § 2000e(c). However, nonprofit professional certification organizations such as the AVMA do not constitute "employment agencies" under Title VII. *See, e.g.*, *Zamani v. American Dental Ass'n*, 1998 U.S. Dist. LEXIS 18510, at *10, 1998 WL 812545 (N.D. Ill. November 17, 1998) (ADA not an "employment agency" for referring patients for dental care); *Woodard v. Virginia Bd. of Bar Examiners*, 598 F.2d 1345 (4th Cir. 1979) (case dismissed because the Board of Bar Examiners is not an "employment agency" within meaning of Title VII).

Even if Plaintiff properly alleged that the AVMA is her employer to fall under the purview of Title VII, which AVMA explicitly denies, Plaintiff still cannot state a claim against AVMA because she has failed to exhaust her administrative remedies. A "person wishing to sue for unlawful discrimination under Title VII must first exhaust administrative remedies by filing a timely charge of discrimination with the EEOC." *Thomas v. City of E. St. Louis*, 2012 U.S. Dist. LEXIS 55882, at *8 (S.D. Ill. Apr. 21, 2012). The failure of a plaintiff to bring an EEOC charge, which puts the respondent on notice of the claim and allows the EEOC the opportunity to investigate and conciliate, warrants dismissal of a Title VII claim. *Id.* at *11, 14. Here, Plaintiff readily admits that she attempted to submit a complaint to the EEOC, but it declined to investigate due to lack of jurisdiction. (Dkt. #2, ¶ 16). It is undisputed that Plaintiff has failed to exhaust her administrative remedies, a mandatory prerequisite to bringing a Title VII claim, and thus, Count II must be dismissed.

### B. **Plaintiff has failed to state a Section 1981 claim because she has failed to properly allege any elements and discrimination based on birth place is not encompassed by Section 1981.**

Plaintiff cannot state a claim under 42 U.S.C. § 1981 ("Section 1981") because she has failed to allege any of the elements of such a claim. In fact, besides the inclusion of the statute in the caption, Count II is devoid of any allegations that relate specifically to a Section 1981 claim. At most, Defendant assumes that Plaintiff is attempting to assert a national origin discrimination claim under Section 1981. (Dkt. #2, ¶ 36). Due to Plaintiff's pleading deficiency, Count II must be dismissed.

Further, Plaintiff cannot maintain a claim under Section 1981 because claims for discrimination based on birth place and national origin are not covered by Section 1981. Section 1981 prohibits racial discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981 (a)-(b). "Allegations of discrimination based solely on 'the place or nation of [plaintiff's] origin' are not, however, sufficient to state a section 1981 claim." *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987). "'In the absence of an allegation of racial animus, either explicit or reasonably inferable from the pleadings,' a section 1981 claim must be dismissed." *Amani v. American Dental Association*, 1998 U.S. Dist. LEXIS 18510, at *12 (N.D. Ill. Nov. 17, 1998) *quoting Anooya v. Hilton Hotels Corp*., 733 F.2d 48, 50 (7th Cir. 1984).

Throughout her Complaint and in Count II, Plaintiff alleges that the AVMA discriminated against her due to her birth place in Sri Lanka and against all foreign graduates. (Dkt. #2, ¶¶ 3, 5, 17, 26, 28, 30, 31, 32, 33, 36). The essence of Plaintiff's entire Complaint is that the AVMA imposes greater burdens on foreign graduates to obtain their certification. Discrimination based on birth place or national origin, however, is not actionable under Section 1981. Plaintiff's Complaint

9

lacks any allegations that show the AVMA discriminated against her based on her race. As a result, Plaintiff's claim under Section 1981 must be dismissed.

### C. **Plaintiff has failed to state a claim under 42 U.S.C. 1985(3) because she has not, and cannot, allege a conspiracy.**

Plaintiff cites 42 U.S.C. ¶ 1985(3) under Count II. Section 1985(3) provides a private right of action to recover damages caused by certain conspiracies. To establish a claim, a plaintiff must allege the following: (1) two or more defendants conspired; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws or of equal privileges and immunities under the laws; (3) one or more of the conspirators acted in furtherance of the conspiracy; and (4) such an act injured the person or his property or deprived him of exercising any right or privilege of a citizen of the United States. *Gardner v. City of Waukegan*, 1999 U.S. Dist. LEXIS 9058, at *18, 1999 WL 410009 (N.D. Ill. June 2, 1999).

Plaintiff fails to plead all four elements of a Section 1985(3) claim. First, she has not alleged that two or more defendants conspired. Plaintiff brings suit against one entity, the AVMA, but a corporation cannot conspire with itself. "[I]t is clear that a corporation and its wholly owned subsidiaries are incapable of conspiring with each other. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 777 (1984). Similarly, a corporation cannot conspire with its officers, agents, or employees." *Towers Financial Corp. v. Solomon*, 1991 U.S. Dist. LEXIS 12906, at *7 (N.D. Ill. Sept. 13, 1991). As a result, Plaintiff cannot allege a conspiracy. Plaintiff has failed to allege any of the remaining elements of a Section 1985(3) claim in Count II. For these reasons, Plaintiff has failed to state a claim for violation of 42 U.S.C. § 1985(3) and Count II should be dismissed with prejudice.

### IV. **Plaintiff cannot establish a claim under the Sherman Antitrust Act.**

Plaintiff cannot state a claim for violations of the Sherman Antitrust Act because she has failed to plead the requisite elements. Plaintiff alleges she is asserting a claim under Sections 1 and 2 of the Sherman Antitrust Act. (Dkt. #2, ¶ 45). However, it is unclear exactly what claim, injury, and relief Plaintiff is asserting in Count III.

To state a claim for a Section 1 violation, Plaintiff must plead facts plausibly suggesting: (1) a contract, combination, or conspiracy (*i.e*., an agreement); (2) a resultant unreasonable restraint of trade in a relevant market; and (3) an accompanying injury. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 335 (7th Cir. 2012); *Ass'n of Am. Physicians & Surgeons, Inc. v. Am. Bd. of Med. Specialties*, No. 14-CV-02705, 2017 U.S. Dist. LEXIS 205845, at *3 (N.D. Ill. Dec. 13, 2017). Plaintiff has failed to allege any elements of a Section 1 Sherman Antitrust Act claim. Count III and Plaintiff's Complaint is devoid of allegations regarding what contract or agreement the AVMA holds, an unreasonable restraint of trade in the veterinarian field, and an injury other than her personal injury of failing the anesthesia portion of the CPE.

It is insufficient to allege generally that the AVMA's actions restrict the veterinary field. In *Association of American Physicians & Surgeons*, the plaintiff generally alleged that the defendant's actions were anticompetitive and tended to restrict competition and decrease output with respect to medical services in the relevant market. *Ass'n of Am. Physicians & Surgeons, Inc.*, 2017 U.S. Dist. LEXIS 205845, at *9-12. The court dismissed plaintiff's action, stating that the plaintiff failed to allege any type of agreement that would or did cause an unreasonable restraint of trade. *Id*. at *16. Similarly, Plaintiff in the instant matter alleges that Defendants' position as the sole authority in the veterinary market unfairly restricts entry of veterinarians in the field. (Dkt. #2, ¶¶ 44, 45). While this conclusory statement is in sufficient to plead an antitrust claim, it is also inaccurate. The Complaint fails to mention the "PAVE Certification program" as an alternative to

11

the CPE for license eligibility. "PAVE" stands for "Program for Assessment for Veterinary Education Equivalence" and is administered by the American Association of Veterinary State Boards. (See https://www.aavsb.org/licensure-assistance/international-pathway/). As a result, the AVMA is not the only outlet for a foreign graduate to obtain certification for licensure purposes.

Further, Plaintiff fails to plead an actionable injury under the Sherman Antitrust Act. "To recover under the antitrust laws, the plaintiff must show that its injury flows from that which makes the conduct an antitrust problem: higher prices and lower output." *Ass'n of Am. Physicians & Surgeons, Inc.*, 2017 U.S. Dist. LEXIS 205845, at \*15-16. The failure to allege a reduction in output of veterinary care or an increase in cost of veterinary case is fatal to Plaintiff's claim. *Id.* at \*16.

Generally, a plaintiff bringing an action under Section 2 of the Sherman Act is alleging monopolization, attempted monopolization, or conspiracy to monopolize. A Section 2 monopolization claim has two elements: (1) the possession of monopoly power, giving an entity the ability to raise prices or exclude competition in the relevant market, and (2) the willful acquisition or maintenance of that power through exclusionary conduct. *See United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966). Plaintiff has failed to allege that AVMA has any power to raise prices or exclude competition for veterinary services, or that is has indiscriminately used that power.

Plaintiff's bare conclusion that "[n]onprofits and other associations are subject to antitrust laws, whether they are aware of the violation or not" is insufficient to state a claim under the Sherman Antitrust Act. (Dkt. #2, at ¶ 46). Plaintiff has no ability to redress her individual injury through the Sherman Antitrust Act. For these reasons, Count III must be dismissed with prejudice.

**V.      Plaintiff's claim under the Americans with Disabilities Act must be dismissed because it was filed after the statute of limitations expired.**

Plaintiff cannot state a claim for violations of the Americans with Disabilities Act "(ADA)" because it is barred by the statute of limitations. While the ADA does not contain a specific statute of limitations, the Seventh Circuit has held that Illinois's two-year statute of limitations for personal injury claims applies. *See Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547 (7th Cir. 1996) ("discovery of the original act of discrimination, not future confirmation of the injury or determination that the injury is unlawful, is when the statute of limitations begins to run."); *Untermyer v. Coll. of Lake Cty.*, 284 F. App'x 328 (7th Cir. 2008).

Plaintiff claims that AVMA violated the ADA by denying her a reasonable accommodation when taking the anesthesia section of the CPE. (Dkt. #2, ¶ 47). She alleges that the policy of requesting accommodations at least 90 days before the scheduled exam violates 42 U.S.C. § 12189. (Dkt. #2, ¶48). Plaintiff was denied an accommodation request in October 2016. (Dkt. #2, ¶ 47). When AVMA denied her accommodation request in October 2016, Plaintiff became aware of and discovered the alleged discrimination based on her alleged disability and the statute of limitations began to run. Plaintiff filed suit against the AVMA on February 1, 2019, four months after the statute of limitations had expired. (*See* Dkt. #2). Further, courts have explicitly held that internal appeals do not toll the statute of limitations. *Soigner*, 92 F.3d at 553. As a result, Count IV is time barred and must be dismissed with prejudice.

### VI. **Plaintiff's claim for violation of the Equal Protection Clause must be dismissed because the AVMA is not a state actor and she has no property right in passing the CPE.**

Plaintiff cannot state a claim against the AVMA for violation of the Equal Protection Clause because she failed to include allegations that show the AVMA is a state actor and she has a property interest. The Fourteenth Amendment prohibits the states from denying federal constitutional rights and guarantees due process of law. However, the requirements of the

Fourteenth Amendment apply only to acts of the state, and do not offer protection against private conduct. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982); *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) ("[t]he action inhibited by … the Fourteenth Amendment is only such action as may fairly be said to be that of the States. [Thus,] the Amendment erects no shield against merely private conduct."). "State action" has two components: (1) the deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state; and (2) the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 925 (1982).

### A. **The Complaint does not allege a state right, privilege, or rule of conduct that AVMA exercised.**

Plaintiff fails to sufficiently allege what state right, privilege, or rule the AVMA exercised to deprive her of her federal rights. Plaintiff erroneously alleges that the AVMA is "working for all state licensing boards to ensure candidates have the proper qualifications" and denied her certification, which is a "pre-requisite for foreign graduates as accepted by the federal government and all state regulatory boards." In essence, Plaintiff argues that the AVMA is preventing her from obtaining her license to practice veterinary medicine. However, only the states – not the federal government - issue veterinary medicine licenses. Even if Plaintiff were to pass the CPE, to obtain her license in Missouri, she still would need to apply to and pass the North American Veterinary Licensing Examination or its successor and the State Board Examination. *See* 4 CSR 270-2.031.

Because passing the CPE is only one of several licensing criteria, the AVMA has not exercised any state right, privilege, or rule of conduct. *See Staudinger v. Educational Comm. for Foreign Medical Graduates*, No. 92-civ-8071-LJF, 1993 U.S. Dist. LEXIS 5576, at *5-16 (S.D.N.Y. Apr. 27, 1993) (holding that the "work performed by ECFMG – testing and otherwise certifying that foreign medical school graduates are qualified to practice medicine" – was not

14

performed under color of state law because a certificate did not equal licensure). As a result, Plaintiff cannot establish the first prong of state action.

### B. The AVMA is not a "state actor" as required to establish liability under the Fourteenth Amendment.

The AVMA is not a state actor, and Plaintiff has not pled sufficient facts that would establish it as a state actor. Plaintiff makes a blanket statement that the AVMA is "entrusted by the federal government with sole authority for accreditation of veterinary education programs," and therefore "is essentially an arm of the government for this purpose, and is subject to the equal protection clause." (Dkt. #2, ¶ 49). The AVMA is a private entity, not a "quasi-government entity" as Plaintiff contends.

Courts across the country have reached the same conclusion where a private entity creates and administers an examination that is required for state licensure. *Thomas v. NBME—Nat'l Bd. of Med. Exam'rs*, No. 13-CV-3946, 2015 U.S. Dist. LEXIS 18738, 2015 WL 667077, at *4 (E.D. Pa. Feb. 13, 2015) (holding that the National Board of Medical Examiners, which offered an examination through which international medical graduates could obtain medical licensure in the United States, was not a state actor); *Jallali v. Nat'l Bd. of Osteopathic Med. Exam'rs, Inc*., No. 12-CV-60548, 2012 U.S. Dist. LEXIS 107999, 2012 WL 3151553, at *3-5 (S.D. Fla. Aug. 2, 2012) (holding that the National Board of Osteopathic Medical Examiners, Inc., was not a state actor even though the test it administered was allegedly necessary for medical licensure in all 50 states); *Mahmood v. Nat'l Bd. of Med. Exam'rs*, No. 12-CV-1544, 2012 U.S. Dist. LEXIS 86837, 2012 WL 2368462, at *2-3 (E.D. Pa. June 21, 2012) (holding that the National Board of Medical Examiners was not a state actor even though it "provid[ed] testing services and exam results that states may choose to use"); *Metzger v. Nat'l Comm'n on Certification of Physician Assistants*, No. 00-CV-4823, 2001 U.S. Dist. LEXIS 658, 2001 WL 76331, at *2-4 (E.D. Pa. Jan. 26, 2001)

15

(holding that the National Commission on Certification of Physician Assistants, Inc., which administered certification exams for physician assistants, was not a state actor because it 'merely provide[d] a mechanism by which a candidate [could] meet the state [certification] requirements'); *Sammons v. Nat'l Comm'n on Certification of Physician Assistants*, 104 F. Supp. 2d 1379, 1382-83 (N.D. Ga. 2000) (holding that the National Commission on the Certification of Physician Assistants, Inc., was not a state actor); *Zamani v. Am. Dental Ass'n*, No. 98-CV-1022, 1998 U.S. Dist. LEXIS 18510, 1998 WL 812545, at *5-6 (N.D. Ill. Nov. 18, 1998) (holding that the American Dental Association was not a state actor where the plaintiff alleged that the examinations it administered were "a prerequisite to receiving a license to practice dentistry in New York" (internal quotation marks omitted)).

As such, Plaintiff's conclusory and unsupported statement that the AVMA "is essentially and arm of the government" is inaccurate and in violation of established federal law. Because the AVMA is not a state actor, it cannot be subject to actions under the Equal Protection clause. Therefore, Count V must be dismissed.

### C. **Plaintiff has no protective property interest in a CPE passing grade.**

Finally, Plaintiff cannot maintain a claim for violation of the Equal Protection Clause because she has no property interest in obtaining certification of her veterinary education, a step to obtain her license to practice veterinary medicine. Courts have held that the expectation of a professional license is not a property interest protected by the 14th Amendment. *Elias v. Educ. Comm'n for Foreign Med. Graduates*, 2010 N.J. Super. Unpub. LEXIS 2663, 2010 WL 4340640 (N.J. App. Nov. 4, 2010); *Metzger v. Nat'l Comm'n on Certif. of Physicians Assistant*s, 2001 U.S. Dist. LEXIS 658, at *13; *Lim v. Central Du Page Hospital*, 1988 U.S. Dist. LEXIS 399, at *6, 1988 WL 4931 (N.D. Ill. Jan. 15, 1988). Even less, the mere expectation of receiving a passing

grade on an examination that is prerequisite to obtaining a professional license does not constitute a property interest. *Id*. "To have a property interest . . . a person . . . must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

The *Elias* case is instructive of this issue. In that case, a Mexican medical school graduate applied to take a medical licensing exam administered by the ECFMG, a private organization. *Elias*, 210 N.J. Super. Unpub. LEXIS 2663, at *4-5. ECFMG rejected plaintiff's application because he failed to produce a copy of his medical diploma. *Id*. at *5-6. Plaintiff sued ECFMG for denying his opportunity to take the exam in violation of his procedural and substantive due process and equal protection rights. *Id*. at *6. The court affirmed summary judgment in favor of the ECFMG holding that there is no protective liberty or property right to take a licensing examination or to a medical license. *Id*. at *7-9. Instead, "a protected right in a professional license comes into existence only after a license has been obtained" and an "application for a license has merely an expectation of obtaining a property interest…[which is] not afforded the same protection under the Fourteenth Amendment as a property right itself." *Id*. at *9.

As in *Elias*, Dr. Gunawardana does not allege that the AVMA is depriving her of a veterinary license she already obtained. Her allegations that she is being prevented from obtaining certification and a license are insufficient to establish a protectable property interest under the Fourteenth Amendment. For these reasons, Count V must be dismissed.

## **CONCLUSION**

WHEREFORE, Defendant, American Veterinary Medical Association, respectfully requests that this Honorable Court dismiss Plaintiff's Complaint against it in its entirety, and for such further relief as this Court deems equitable and just.

17

June 4, 2019                                     Respectfully submitted,

                                                            GORDON & REES, LLP

                                      By:  /s/ J. Hayes Ryan
                                              *Attorney for Defendant*
                                              *American Veterinary Medical Association*

                                              J. Hayes Ryan
                                              Gordon & Rees LLP
                                              One North Franklin, Suite 800
                                              Chicago, Illinois 60606
                                              (312) 565-1400 (Telephone)
                                              (312) 565-6511 (Facsimile)
                                              hayesryan@grsm.com