# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

Subhadra Gunawardana and David Seely, pro se

Plaintiffs,

v.

American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE)

Defendants.

Case No. 3:19-cv-00096-NJR-MAB

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

In response to the Defendants' Motion to Dismiss, the Plaintiffs hereby state the following, supported by the Memorandum of Law and exhibit attached.

1. Plaintiffs have complied with basic pleading requirements pursuant to Rules 8(a) and 10.

2. Plaintiff David Seely has suffered direct and indirect injury caused by Defendants' actions, as described in the Plaintiffs' Response to the Court's Order to Show Cause.

3. Count I was plain enough for Defendants to understand and rebut with a waiver (with personal information un-redacted), thus satisfying Rule 8(a).

4. Waivers (exculpatory clauses), like contracts, are construed heavily against the party enforcing them, and Plaintiffs believe it is against public policy to enforce said waiver.

5. AVMA's widespread professional membership, and its multiple functions promoting the veterinary profession, including but not limited to maintaining a career website to assist

veterinarians with employment; acting as a liaison between potential employers and employees; lobbying congress for the field and market; selling liability insurance, securing grant funding for veterinarians, etc. satisfy the definition of a labor union or employment agency under Title VII.

6. Dr. Gunawardana exhausted all administrative remedies under Title VII, as proven by the Right to Sue letter, which also shows that her claim is not time barred [Exhibit 1].

7. Plaintiffs did not allege national origin discrimination under 42 U.S.C. § 1981. they alleged race discrimination with evidence, as stated in paragraphs 36 and 39 of the Complaint memorandum.

8. As it suits their convenience, AVMA claims to be separate from the COE and ECVFG in some situations, and to be the same entity in other situations. It cannot be both.

9. AVMA is unlike the typical corporation or non-profit. Its widespread membership that includes almost every veterinarian, its performance of many functions which sometimes conflict with each other and with their stated goals, and its affiliations with many organizations including state and federal entities, makes conspiracies more than plausible. Such a conspiracy could occur within AVMA members, within its committees, or between AVMA and outside entities.

10. The AVMA should not be shielded by the intracorporate conspiracy doctrine. With many members who have aims that conflict with AVMA's stated principles, they are acting outside of their scope of employment.

11. In the complaint Plaintiffs showed evidence of such a conspiracy to limit the number of veterinarians entering the market and of economic protectionism. It injured Dr. Gunawardana as a professional, and Mr. Seely as a participant in her career advancement as well as a purchaser of goods and services in the market.

12. Plaintiffs have shown ample evidence of AVMA's monopoly in the veterinary field, and of contract[s] and conspiracy sustainable under the Sherman Act. Their injuries are evident.

13. Defendants' ADA violations are etched in their policies, and ongoing. Therefore, the Plaintiffs' ADA claims are not time barred.

14. The USDE recognizes AVMA COE as the sole accrediting authority for veterinary education, and tapped them for additional responsibilities held by a USDE subcommittee. AVMA is a Title IV gatekeeper, and administers grants issued by the Department of Health and Human Services. AVMA is pervasively intertwined with state agencies from the accrediting of veterinary institutions to the licensing process throughout the US and Canada. These facts make them a state actor.

15. All aforementioned points are clarified and described in detail in the Memorandum of Law attached.

Plaintiffs respectfully request this Honorable Court to deny the Defendants' Motion in its entirety.

    Respectfully Submitted,
    /s/Dr. Subhadra Gunawardana
    /s/David Seely, With Consent
    Plaintiffs,
    4308 Marion Garden Ln
    Florissant, MO 63034
    615-674-8461; 615-423-8851
    subhadra.gunawardana@wustl.edu
    david-seely@live.com

**Certificate of Service**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list from 4308 Marion Garden Ln, Florissant, MO 63034, on July 3, 2019.

/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent
