# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

Subhadra Gunawardana and David Seely )
)
    Plaintiffs, )
)
vs. )
              ) Case No. 3:19-cv-00096-NJR-MAB
American Veterinary Medical Association )
(AVMA), Educational Commission for Foreign )
Veterinary Graduates (ECFVG) and Council on )
Education (COE) )
)
)
    Defendants. )
)

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS

Pursuant to Rules 26(b) and 36 of the Federal Rules of Civil Procedure, Plaintiffs hereby submit the following Requests for Admission.

## GENERAL DEFINITIONS

The words "Plaintiff," "Plaintiffs," "Dr. Gunawardana", "Mr. Seely" and/or "we" mean Plaintiffs, Subhadra Gunawardana and David Seely.

The words "Defendant," "Defendants", "you," and/or "your" include the AVMA and its branches ECFVG and COE, their agents, representatives, employees, subsidiaries, subcontractors or other entities acting, or purporting to act, on the AVMA's behalf.

The words "veterinary education institution", "veterinary school" and/or "veterinary college" mean any institution providing professional education leading to a professional degree in veterinary medicine.

The words "medical education institution", "medical school" and/or "medical college" mean any institution providing professional education leading to a professional degree in medicine.

The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; the term "including" shall mean "including without limitation."

Abbreviations used in these requests are defined as follows:

AVMA: American Veterinary Medical Association

AVMA COE: AVMA Council on Education

ECFVG: Educational Commission for Foreign Veterinary Graduates.

USDE: United States Department of Education

CPE: Clinical Proficiency Examination, the final step of the ECFVG certification

USMLE: United States Medical Licensing Examination

PAVE: Program for the Assessment of Veterinary Education Equivalence

## INSTRUCTIONS

Each matter is admitted unless, within thirty (30) days after service of the Requests, Defendants serve a written answer or objection addressed to the matter, signed by Defendants or their attorney.

If objection is made, the reasons therefore shall be stated.

Any denial shall set forth in detail the reasons why Defendants cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendants qualify an answer or deny only a part of the matter of which an admission is requested, they shall specify so much of it as is true and qualify or deny the remainder.

If Defendants do not admit an item, they shall: (a) Produce to Plaintiffs all documents concerning the requested admission in their possession, custody or control; (b) State, with

particularity, the factual basis upon which their response is based; and (c) Identify each and every person with knowledge of the requested admission.

These requests for admissions are continuing. Defendants shall promptly supply by way of supplemental responses any and all additional information that may become known prior to any hearing in or trial of this action.

## REQUESTS FOR ADMISSION

1.   Admit that the AVMA is the nation's leading advocate for the veterinary profession, representing over 93,000 dues-paying members.

2.   Admit that the AVMA's stated functions include protecting, promoting and advancing the needs of all veterinarians, and representing the interests of veterinarians on federal legislative and regulatory issues.

3.   Admit that the AVMA COE is the sole accreditor of veterinary education institutions in the USA.

4.   Admit that the AVMA COE was selected by the USDE as the sole accreditor for domestic veterinary schools in the 1950's.

5.    Admit that the AVMA COE was authorized by the USDE to accredit foreign veterinary schools in 2015.

6.    Admit that the function of accrediting foreign veterinary institutions was previously performed by the National Committee on Foreign Medical Education and Accreditation (NCFMEA), a committee of the USDE.

7.    Admit that the AVMA COE is a gate-keeper for eligibility of Title IV and Title VII federal funding.

8.    Admit that all state veterinary regulatory boards in the US require applicants for licensure to: either have graduated from an AVMA-accredited institution; or have completed clinical rotations and evaluations in an AVMA-accredited institution through the PAVE program; or have completed the ECVFG certification administered by the AVMA.

9.    Admit that, based on the answer to # 8 above, any individual wishing to practice veterinary medicine in the USA must first meet specific requirements set by the AVMA.

10.   Admit that, based on the answers to # 8 and 9 above, the AVMA holds sole decision-making authority regarding who can and who cannot enter the veterinary profession in the US.

11.   Admit that, based on the available statistics, more than 92% of the US veterinary market is comprised of white individuals.

12.   Admit that less than 5% of the US veterinary market is comprised of foreign veterinary graduates from AVMA non-accredited institutions.

13.   Admit that, based on the available statistics, 25% or more of physicians in the US are comprised of foreign medical graduates.

14.   Admit that the ECFVG certification administered by the AVMA is accepted by all state veterinary regulatory boards and the federal government as meeting, either in part or full, the educational prerequisite for licensure or certain types of employment, respectively.

15.   Admit that some state regulatory boards, including MO, do not accept the PAVE program, and require all candidates from non-accredited institutions to complete the ECFVG certification.

16.   Admit that the ECFVG certification includes the CPE, a three-day seven-section clinical skills assessment involving hands-on performance of clinical exams, surgery, anesthesia, radiology etc. on live patients, and other tasks such as necropsy and laboratory tests.

17.   Admit that the CPE currently costs $7415 for the full exam or full re-take, which will increase to $7630 in January 2020; and $1450 per each section re-take.

18.   Admit that the fees for the CPE are non-refundable, even in the event of sudden illness, injury or emergency.

19.   Admit that, per the ECFVG policies, disability accommodation requests made by candidates within 90 days from the exam date are refused without investigation or consideration.

20.  Admit that, per the policy mentioned in # 19 above, candidates who develop a disability within 90 days of their exam are forced to either take the exam without the necessary accommodations, or forfeit the exam fees.

21.  Admit that graduates from AVMA-accredited institutions are not required to take the CPE or any equivalent clinical skills assessment as a pre-requisite to applying for licensure.

22.  Admit that, based on the responses to #16-21 above, foreign veterinary graduates are held to a more stringent standard than domestic veterinary graduates.

23.  Admit that the policy of holding foreign veterinary graduates to a different standard was made without visiting the non-accredited veterinary schools in question, and without a comprehensive evaluation of the educational programs in those schools.

24.  Admit that all medical graduates who wish to practice in the USA are required to take the same licensing exam, USMLE, regardless of whether they graduated from an accredited or non-accredited medical education institution.

25.   Admit that the USMLE evaluates the written and practical skills of all candidates equally, through multiple written exams of several days duration, and a one-day clinical skills assessment session involving 12 patient encounters.

26.   Admit that the clinical skills assessment session in the USMLE does not involve hands-on performance of surgery, anesthesia, autopsy, radiology etc. as is required in the ECFVG CPE.

27.   Admit that the current fees for the clinical skills assessment session in the USMLE range from $1290-$1580, roughly 16-20% of the fee for the ECFVG CPE.

28.   Admit that the USMLE allows flexible rescheduling, with little or no forfeiture of exam fees.

29.   Admit that, in the event of illness, the USMLE instructions specifically encourage candidates to reschedule rather than perform poorly in the exam.

30.   Admit that the USMLE has no time restrictions on disability accommodation requests.

31.  Admit that, based on the answers to #24-30 above, foreign veterinary graduates in the US are held to a more stringent standard than medical graduates in the US, either foreign or domestic.

32.  Admit that evaluation of candidates in the CPE is based solely on the examiners' opinions.

33.  Admit that the examiners' functions during the CPE are not subject to direct oversight by an independent authority in real time, i.e. while the exam is being conducted.

34.  Admit that, in the event a candidate disputes an examiner's position regarding a CPE section, there is no independent mechanism in place to verify whose position is correct.

35.  Admit that ECFVG policies specifically prohibit candidates from obtaining any records from their CPE sections, including the candidates' reports, examiners reports, videotapes etc.

36. Admit that, when a candidate wishes to appeal a CPE decision, such prohibition referred to in #35 makes it impossible for them to obtain or provide evidence on the actual events during the exam in question.

37. Admit that, even when the ECFVG has videotapes of CPE sections available to them, ECFVG policies specifically prohibit using or reviewing such videotapes when considering candidates' appeals.

38. Admit that the aforementioned policies make it impossible for the appeal review panels to properly investigate disputes regarding CPE decisions.

39. Admit that the aforementioned policies make it impossible for candidates to prevail in their appeals regarding CPE decisions.

40. Admit that all review panel members for both steps of the appeal process are selected at the sole discretion of the AVMA.

41. Admit that candidates are not allowed legal representation during the appeal process.

42.  Admit that the CPE exam process is not subject to direct oversight or regulation by any government agency or other regulatory authority beyond the AVMA.

43.  Admit that the CPE appeals process is not subject to direct oversight or regulation by any government agency or other regulatory authority beyond the AVMA.

44. Admit that the Liaison Committee on Medical Education which accredits medical education institutions, the USMLE which assesses skills of all medical graduates wishing to practice in the US, and the Educational Commission for Foreign Medical Graduates which verifies credentials of foreign medical graduates wishing to practice in the US, are separate entities distinct from each other.

45.  Admit that the COE which accredits veterinary education institutions, and the ECFVG which performs credential verification and skills assessment of foreign veterinary graduates wishing to practice in the US are both part of the AVMA, a single entity.

46.  Admit that the AVMA has voting members in every state, province and territory in North America [USA and Canada].

47.  Admit that the AVMA has members in most state veterinary regulatory boards.

48.  Admit that some or all members of the American Association of Veterinary State Boards are also members of the AVMA.

49.  Admit that some or all members of the Association of American Veterinary Medical Colleges are also members of the AVMA.

50.  Admit that some or all members of the International Council for Veterinary Assessment are also members of the AVMA.

51.  Admit that the AVMA has members employed in government agencies.

52.  Admit that the AVMA has members employed in veterinary education institutions as deans, chancellors, department chairs, and/or other faculty.

53.  Admit that some or all examiners in the CPE are members of the AVMA.

54.  Admit that some or all members of appeal review panels in ECFVG petitions for reconsideration are members of the AVMA.

55.  Admit that some or all members of appeal review panels in ECFVG petitions for review are members of the AVMA.

56.  Admit that, for continuing recognition of the AVMA COE as the accrediting body for veterinary education institutions, the USDE requires the COE policies and practices to be widely accepted in the united states [by educators, education institutions, licensing bodies, practitioners, and employers in the professional and vocational fields for which the institutions/programs within the agency's jurisdiction prepare their students].

57.  Admit that, in the past 13 years, a number of veterinary professionals in the US have not accepted COE's practices of accreditation.

58.  Admit that one concern brought by professionals in the field was regarding COE's accreditation of veterinary schools of the distributive model as opposed to the traditional research model.

59.  Admit that the COE's criteria for accreditation include 11 specific requirements to be fulfilled by the institution to be accredited.

60.  Admit that distributive model veterinary colleges do not meet the #7.3 of the aforementioned requirements: "An accredited college must maintain an on-campus veterinary teaching hospital(s), or have formal affiliation with one or more off-campus veterinary hospitals used for teaching."

61.  Admit that the AVMA COE accredited a number of distributive model veterinary schools including but not limited to: Western University CVM, Pomona, CA; Lincoln Memorial University CVM, Harrogate, TN and Ross University CVM, St. Kitts, West Indies.

62.  Admit that some of the recently accredited veterinary schools fail to meet upto eight of the eleven requirements specified in COE's criteria for accreditation, such as being a major academic division in a traditional university; having a veterinary teaching hospital, adequate student resources and faculty resources; comprehensive curriculum which promotes lifelong learning; high quality research; and assessment of outcomes; as encompassed in # 1,3,4,6,8,9,10, and 11 of the list of requirements.

63.  Admit that the aforementioned accreditation decisions directly conflict with the written policies of the AVMA COE.

64.  Admit that the AVMA has received monetary contributions from Banfield Pet Hospital owned by Mars Inc.

65.  Admit that many graduates of the recently accredited distributive model veterinary schools are employed in the Banfield Pet Hospital system.

66.  Admit that the some of the recently accredited veterinary schools have received financial support from Banfield Pet Hospital.

67. Admit that some deans of veterinary colleges who have served on the COE have also served on the board of directors of Banfield Pet Hospital.

68. Admit that the ECFVG program requires demonstration of English language proficiency through TOFEL or IELTS.

69. Admit that the English language requirement in ECFVG is not waived for candidates who have completed their professional veterinary degree program in English.

70. Admit that the English language requirement in ECFVG is not waived for candidates who can demonstrate their proficiency by other means, such as TOEFL/IELTS scores from several years ago; or having lived and worked in the US for many years; or demonstrated presentation/publication records in English.

71. Admit that the USMLE does not have an English language requirement.

72.  Admit that the COE has accredited certain foreign veterinary schools whose professional education is not conducted in English, such as Universidad Nacional Autonoma de México Facultad de Medicina Veterinaria y Zootecnia.

73.  Admit that graduates from AVMA-accredited veterinary colleges, including non-English speaking colleges, are eligible for US licensure without demonstration of English proficiency.

74.  Admit that the AVMA maintains a career center which, among other things, helps match potential employees with employers, and provides job-seeker assistance through tools such as career coaching, resume writing, reference checking, and career learning presentations.

September 21st, 2019

Respectfully Submitted,
/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent
Plaintiffs,
4308 Marion Garden Ln
Florissant, MO 63034
615-674-8461; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

**Certificate of Service**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list from 4308 Marion Garden Ln, Florissant, MO 63034, on September 21st, 2019.

<u>/s/Dr. Subhadra Gunawardana</u>
<u>/s/David Seely, With Consent</u>