# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana and David Seely, pro se<br><br>Plaintiffs,<br><br>v.<br><br>American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE)<br><br>Defendants. | Case No. 3:19-cv-00096-NJR-MAB |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Plaintiffs respectfully request the Court to deny this motion, in consideration of the following:

1. The subject matter of the complaint is much broader than a mere failing grade in a CPE section. It pertains to how and why the CPE is conducted; its existence in the first place; and violations of civil rights, equal protection and antitrust laws.

2. The adverse actions suffered by Dr. Gunawardana are a direct result of AVMA's policies and procedures, which are discriminatory [Dkts #2-2, 28]. While much of the evidence for these allegations is available on public sites, complete and accurate answers to Plaintiffs' discovery requests are necessary to resolve issues of factual dispute.

3. Plaintiffs served discovery requests on the Defendants on 9/21/19. These included 7 interrogatories, 9 requests for production, and 74 requests for admission.

1

4. Defendants submitted incomplete responses on 10/21/19, producing no documents, and objecting to all but one of the interrogatories [Exhibit 1].

5. Defendants did not confer with Plaintiffs prior to filing this motion, nor provide a certification, in violation of the Discovery Order [Dkts. #37 & #37-1] that states: "10. The parties are reminded that, prior to filing any motions concerning discovery, they must first meet and confer relating to any discovery disputes and then contact the Court to arrange a telephone discovery dispute conference if they are unable to resolve their dispute. If the dispute cannot then be resolved in the first telephonic conference, the Court will establish, with the input of the parties, the mechanism for submitting written positions to the Court on an expedited basis;", and in violation of the Federal Rule 26(c)(1) that states "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action".

6. In the current motion Defendants object to Plaintiffs' request for specific documents regarding the anesthesia examinations taken by Dr. Gunawardana, citing "unfair advantage to Plaintiff and to other candidates", "confidentiality and test security", and "undue time and expense". These reasons are incorrect as explained below, and withholding these documents will be prejudicial to Plaintiffs.

7. The requested information is critical to resolve a key factual dispute in the complaint. Plaintiff's position is that she passed this section and the failing grade was erroneous. Defendant has not proven she failed it. Since Defendant claims there is no videotape, the listed documents are the only evidence that could shed any light on the matter.

2

8. Defendants' contention that "Dr. Gunawardana will have to retake and pass the anesthesia exam. It is impossible for Defendant to merely grant Dr. Gunawardana a passing grade." is erroneous. Defendants should either provide solid unbiased proof that Dr. Gunawardana failed the section, or they should grant her a passing grade. [Furthermore, Plaintiffs contend that the exam shouldn't exist in the first place, due to violation of equal rights of all its candidates.]

9. Dr. Gunawardana requested these documents to prove her position in her previous appeals to the AVMA. Defendant denied the requests, citing ECFVG policy [Complaint Exhibit 1; pages 7-8]. However, in response to RFA #35: "Admit that ECFVG policies specifically prohibit candidates from obtaining any records from their CPE sections, including the candidates' reports, examiners reports, videotapes etc." Defendant answered "Deny" with no qualification; implying that candidates *can* receive all this documentation on request [Exhibit 2]. Thus, going by Defendants' own responses, there should be no need for a protective order.

10. Defendants repeatedly mention and object to producing "grading keys and answers", which Plaintiffs did not request. There are no such things here, since this is a practical exam testing hands-on skills, with detailed instructions on exactly what the candidate is expected to do, including a list of all errors that would result in failure/dismissal [Exhibit 3: CPE manual of administration- Anesthesia]. Candidates know every step of the exam before they come in, and either perform the tasks correctly and in time, or not. There are no mysterious "answer keys" that can give any candidate an unfair advantage. This applies to any practical section in the CPE with pass/fail grades only, such as surgery or anesthesia.

11. If the exam is conducted fairly, nothing in the exam records can be harmful to the CPE program if disclosed. The only possible reason the disclosure of these records and instructions can harm the AVMA is if they contain unethical material that confirm Plaintiffs' allegations on civil rights violations [such as instructions to fail specific candidates/groups, or to conduct the exam differently from how it is described in the MOA; records showing adverse actions taken for reasons other than those specified in the MOA].

12. Defendants cite *Adams v. City of Chicago*, 1995 U.S. Dist. LEXIS 9913, at *2 (N.D. Ill. July 13, 1995). "The court granted the protective order, allowing only plaintiffs' attorneys and consultants to view the materials. *Id*. at *8. The court reasoned that disclosure of the materials to plaintiffs and the public would result in substantial expense to the defendant and potential unfairness for future applicants. *Id*. at *8-9." Stating that, "As in *Adams*, here, the AVMA cannot produce examination questions, answer key, grading criteria, examiners' instructions, and Dr. Gunawardana's examination documentation without harming the integrity and security of the examination."

13. This seems to be an intentional attempt to mislead, considering that the AVMA should be well aware of the nature of their own exams. The Anesthesia section of the CPE is nothing like the officers' test in *Adams*. Unlike the officers' exam described as "Part I contained multiple-choice questions covering the law, department procedures, and other regulations sergeants needed to know. Part II (also multiple-choice) tested the administrative functions performed by sergeants, including reviewing reports and determining crime patterns. Candidates who did well on Parts I and II were presumed to know the fundamentals and were then given the opportunity to take the third part of the test, an oral examination based on a written briefing.", the CPE

Anesthesia exam is an on-site evaluation of hands-on practical skills, as explained in paragraphs 10 and 11. Such an exam should have no "answers and grading keys" that can compromise test security, and nothing in the examiners' notes or instructions could possibly give an advantage to a candidate. If it could, that is further proof of bias.

14. Unlike with *Adams* or other standard multiple-choice exams, the CPE sections are graded solely at the examiners' discretion, with no transparency or direct oversight. There is no mechanism to prevent erroneous grades based on mistake, incompetence or active bias on the examiners' part. If a candidate disputes an examiner's assessment, there is no independent mechanism to verify whose position is correct. Plaintiffs' complaint challenges these policies. The documents requested could either confirm or disprove these allegations.

15. Unlike in *Adams*, the Defendants have provided no specific evidence on how or why the disclosure of this information would cause undue expense, or harm the integrity of the exam.

16. Defendant repeatedly mentions unfair advantage to "Plaintiff when she retakes the exam" and to "unlimited numbers of candidates who may gain access to these materials". Both implications are incorrect, as explained below.

17. Plaintiff does not intend to retake the exam under the current conditions, which is the whole point of this lawsuit. AVMA currently administers this exam with no transparency, fairness or oversight, in a way that is heavily biased against its candidates. The suit intends to shed light on these problems and correct them for the benefit of the whole profession. Re-taking the exam under the same conditions would not only defeat that purpose, but would make the Plaintiff an easy target for retaliation.

18. The complaint challenges the constitutionality of AVMA policies, and the mere existence of the ECFVG exams which treat foreign graduates unequally to their domestic counterparts [Dkts #2-2, 28]. Notably, the ECFMG eliminated their equivalent exam decades ago, and now foreign and domestic medical graduates take the same exam. Thus, plaintiffs contend that Dr. Gunawardana should not have had to take the CPE in the first place. Furthermore, if they cannot prove she actually failed this section, they should award her the certificate.

19. The injunctive relief sought in the complaint includes revamping the whole program in such a way that the equal rights of all veterinary graduates, both foreign and domestic, are protected. Unless Defendants can prove that the ECFVG program in its current form does not violate equal rights, they will be required to overhaul it anyway. Thus, the need to maintain their current secretive nature is not a valid reason to withhold these documents and thereby prejudice the Plaintiffs' ability to prove their claims.

20. Plaintiffs have no intention of sharing the discovery responses with anyone, and the discovery requests specifically stated that Plaintiffs would take all precautions to protect personal/confidential information when applicable [Defendants' Motion Exhibit 1].

21. Defendants also mention undue time and expense in having to re-write the anesthesia exam. First, such re-writing is unnecessary as explained earlier. Second, expenses for the ECFVG program are borne not by the AVMA but by the candidates themselves, as evidenced by the ECFVG fees that are over 5 times greater than the ECFMG/USMLE, and keep increasing each year. Finally, eliminating the ECFVG exams [and requiring *all* graduates, foreign and domestic, to take the same exams] would save them the time/expense of doing it at all.

22. Plaintiffs' pro se status should not be a reason to deprive them of vital evidence that would prove their claims. Moreover, the reasons Defendants presented do not apply to Mr. Seely who would never take this exam, and should not prevent the release of the documents to him.

23. In summary, the documents requested are critical to resolve key factual disputes in the complaint, and would either confirm or disprove some of Plaintiffs' allegations. Release of these documents would not harm the Defendants, but would actually help them if there are no legal or ethical violations in their exam practice.

Wherefore, Plaintiffs pray this Honorable Court to deny the Motion for Protective Order and tax the expenses to Defendants.

October 29, 2019

Respectfully Submitted,
/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent
Plaintiffs,
4308 Marion Garden Ln
Florissant, MO 63034
615-674-8461; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

**Certificate of Service**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list from 4308 Marion Garden Ln, Florissant, MO 63034, on October 29th, 2019.

/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent