Case 3:19-cv-00096-NJR   Document 49-2   Filed 10/29/19   Page 1 of 17   PageID #252



# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana and David Seely, <br><br> Plaintiffs, <br><br> v. <br><br> American Veterinary Medical Association (AVMA), and its branches: Educational Commission of Foreign Veterinary Graduates (ECFVG), and Council on Education (COE), <br><br> Defendant. | Case No.: 3:19-cv-00096-NJR-MAB <br><br> Judge Nancy Rosenstengel <br><br> Magistrate Judge Mark A. Beatty |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR ADMISSION**

Defendant, American Veterinary Medical Association, by and through the undersigned counsel, responds to Plaintiffs' First Set of Requests for Admission as follows:

**PRELIMINARY STATEMENT**

Each of the following Responses is made solely for the purpose of this action. Each Response is subject to any and all objections to competency, relevance, materiality, proprietary, and admissibility. In addition, each Response is subject to any and all objections and/or grounds that would require the exclusion of any statement or material provided, or any part thereof, to any Requests for Admissions which were asked of, or any statement or material provided by, witnesses present and testifying in court. All objections are reserved and may be asserted at the time of trial. The Responses are based upon information presently available to Defendant. The fact that Defendant has responded to or objected to any Requests for Admissions should not be taken as an admission that the Requests for Admissions or Responses thereto constitute admissible evidence. The mere fact that Defendant has responded to part of or all of any Requests for Admissions is not

intended to be, and shall not constitute a waiver by Defendant of any objections to the Requests for Admissions.

Discovery of the matters at issue in this action and these Responses are based upon Defendant's knowledge, information, and beliefs as of this date.  Defendant reserves the right to make further responses if it appears that any omission or error has been made in connection with these Responses or in the event future or more accurate information is available.  These Responses are made without prejudice to the right to present at trial such additional evidence as may be later discovered or evaluated.

## **GENERAL OBJECTIONS**

1. Defendant objects to these Requests for Admissions to the extent they purport to require disclosure of information beyond the permissible scope of discovery required under the applicable rules.  Neither Defendant's responses nor any identification of documents included in those responses shall waive or prejudice any objections Defendant may later assert, including, but not limited to, objections to the admissibility of any of the responses hereto, or to the admissibility of documents or categories of documents at trial.

2. Defendant objects to these Requests for Admissions to the extent they purport to require the disclosure of information prepared in anticipation of litigation, subject to a claim of privilege, protected from discovery under the attorney/client privilege and/or work product doctrine or by any other applicable privilege or protection.  Any inadvertent identification or production of documents subject to such privilege shall not waive those privileges.

3. Defendant objects to these Requests for Admissions as vague, ambiguous, and unlimited in time, scope or subject, overly broad, unduly burdensome, oppressive, and calling for unbounded discovery.

4. Defendant objects to these Requests for Admissions to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to these Requests for Admissions to the extent they seek information not material or necessary to the prosecution or defense of this action.

6. By supplying information contained herein, Defendant does not waive any objection to the admissibility, competency, relevancy, materiality, confidentiality or privilege attaching to any document, communication or information, or the right to object to additional discovery relating to the subject matter of the Requests for Admissions herein.

## REQUESTS FOR ADMISSION

1. Admit that the AVMA is the nation's leading advocate for the veterinary profession, representing over 93,000 dues-paying members.

   **Answer:** **Admit.**

2. Admit that the AVMA's stated functions include protecting, promoting and advancing the needs of all veterinarians, and representing the interests of veterinarians on federal legislative and regulatory issues.

   **Answer:** **Admit.**

3. Admit that the AVMA COE is the sole accreditor of veterinary education institutions in the USA.

   **Answer:** **Deny.**

4. Admit that the AVMA COE was selected by the USDE as the sole accreditor for domestic veterinary schools in the 1950's.

   **Answer:** **Deny.**

5. Admit that the AVMA COE was authorized by the USDE to accredit foreign

veterinary schools in 2015.

    **Answer:**    **Deny.**

6. Admit that the function of accrediting foreign veterinary institutions was previously performed by the National Committee on Foreign Medical Education and Accreditation (NCFMEA), a committee of the USDE.

    **Answer:**    **Defendant objects to this request as it seeks information outside its knowledge and control and is not reasonably calculated to lead to the discovery of admissible evidence.**

7. Admit that the AVMA COE is a gate-keeper for eligibility of Title IV and Title VII federal funding.

    **Answer:**    **Deny.**

8. Admit that all state veterinary regulatory boards in the US require applicants for licensure to: either have graduated from an AVMA-accredited institution; or have completed clinical rotations and evaluations in an AVMA-accredited institution through the PAVE program; or have completed the ECVFG certification administered by the AVMA.

    **Answer:**    **Defendant objects to this request on the basis that is seeks a legal conclusion.**

9. Admit that, based on the answer to # 8 above, any individual wishing to practice veterinary medicine in the USA must first meet specific requirements set by the AVMA.

    **Answer:**    **Deny.**

10. Admit that, based on the answers to # 8 and 9 above, the AVMA holds sole decision-making authority regarding who can and who cannot enter the veterinary profession in the US.

**Answer:** Deny.

11. Admit that, based on the available statistics, more than 92% of the US veterinary market is comprised of white individuals.

**Answer:** **Defendant objects to this request as it seeks information outside its knowledge and control.**

12. Admit that less than 5% of the US veterinary market is comprised of foreign veterinary graduates from AVMA non-accredited institutions.

**Answer:** **Defendant objects to this request as it seeks information outside its knowledge and control.**

13. Admit that, based on the available statistics, 25% or more of physicians in the US are comprised of foreign medical graduates.

**Answer:** **Defendant objects to this request as it seeks information outside its knowledge and control.**

14. Admit that the ECFVG certification administered by the AVMA is accepted by all state veterinary regulatory boards and the federal government as meeting, either in part or full, the educational prerequisite for licensure or certain types of employment, respectively.

**Answer:** **Defendant objects to this request as vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as it seeks a legal conclusion.**

15. Admit that some state regulatory boards, including MO, do not accept the PAVE program, and require all candidates from non-accredited institutions to complete the ECFVG certification.

**Answer:** **Defendant objects to this request as it seeks a legal conclusion.**

16. Admit that the ECFVG certification includes the CPE, a three-day seven-section clinical skills assessment involving hands-on performance of clinical exams, surgery, anesthesia, radiology etc. on live patients, and other tasks such as necropsy and laboratory tests.

**Answer:     Admit.**

17. Admit that the CPE currently costs $7415 for the full exam or full re-take, which will increase to $7630 in January 2020; and $1450 per each section re-take.

**Answer:     Admit.**

18. Admit that the fees for the CPE are non-refundable, even in the event of sudden illness, injury or emergency.

**Answer:     Admit.**

19. Admit that, per the ECFVG policies, disability accommodation requests made by candidates within 90 days from the exam date are refused without investigation or consideration.

**Answer:     Deny.**

20. Admit that, per the policy mentioned in # 19 above, candidates who develop a disability within 90 days of their exam are forced to either take the exam without the necessary accommodations, or forfeit the exam fees.

**Answer:     Deny.**

21. Admit that graduates from AVMA-accredited institutions are not required to take the CPE or any equivalent clinical skills assessment as a pre-requisite to applying for licensure.

**Answer:     Defendant objects to this request as it seeks a legal conclusion.**

22. Admit that, based on the responses to #16-21 above, foreign veterinary graduates are held to a more stringent standard than domestic veterinary graduates.

**Answer:     Deny.**

23.     Admit that the policy of holding foreign veterinary graduates to a different standard was made without visiting the non-accredited veterinary schools in question, and without a comprehensive evaluation of the educational programs in those schools.

**Answer:** **Deny.**

24.     Admit that all medical graduates who wish to practice in the USA are required to take the same licensing exam, USMLE, regardless of whether they graduated from an accredited or non-accredited medical education institution.

**Answer:     Defendant objects to this request as it seeks information outside its knowledge and control.**

25.     Admit that the USMLE evaluates the written and practical skills of all candidates equally, through multiple written exams of several days duration, and a one-day clinical skills assessment session involving 12 patient encounters.

**Answer:     Defendant objects to this request as it seeks information outside its knowledge and control.**

26.     Admit that the clinical skills assessment session in the USMLE does not involve hands-on performance of surgery, anesthesia, autopsy, radiology etc. as is required in the ECFVG CPE.

**Answer:     Defendant objects to this request as it seeks information outside its knowledge and control.**

27.     Admit that the current fees for the clinical skills assessment session in the USMLE range from $1290-$1580, roughly 16-20% of the fee for the ECFVG CPE.

**Answer:     Defendant objects to this request as it seeks information outside its knowledge and control.**

28. Admit that the USMLE allows flexible rescheduling, with little or no forfeiture of exam fees.

**Answer:** **Defendant objects to this request as it seeks information outside its knowledge and control.**

29. Admit that, in the event of illness, the USMLE instructions specifically encourage candidates to reschedule rather than perform poorly in the exam.

**Answer:** **Defendant objects to this request as it seeks information outside its knowledge and control.**

30. Admit that the USMLE has no time restrictions on disability accommodation requests.

**Answer:** **Defendant objects to this request as it seeks information outside its knowledge and control.**

31. Admit that, based on the answers to #24-30 above, foreign veterinary graduates in the US are held to a more stringent standard than medical graduates in the US, either foreign or domestic.

**Answer:** **Defendant objects to this request as it seeks information outside its knowledge and control.**

32. Admit that evaluation of candidates in the CPE is based solely on the examiners' opinions.

**Answer:** **Deny.**

33. Admit that the examiners' functions during the CPE are not subject to direct oversight by an independent authority in real time, i.e. while the exam is being conducted.

**Answer:** **Defendant objects to this request as "direct oversight by an**

**independent authority" is vague, ambiguous, and undefined. As a result, AVMA cannot answer the request as written.**

34. Admit that, in the event a candidate disputes an examiner's position regarding a CPE section, there is no independent mechanism in place to verify whose position is correct.

**Answer:** Deny.

35. Admit that ECFVG policies specifically prohibit candidates from obtaining any records from their CPE sections, including the candidates' reports, examiners reports, videotapes etc.

**Answer:** Deny.

36. Admit that, when a candidate wishes to appeal a CPE decision, such prohibition referred to in #35 makes it impossible for them to obtain or provide evidence on the actual events during the exam in question.

**Answer:** Deny.

37. Admit that, even when the ECFVG has videotapes of CPE sections available to them, ECFVG policies specifically prohibit using or reviewing such videotapes when considering candidates' appeals.

**Answer:** Deny.

38. Admit that the aforementioned policies make it impossible for the appeal review panels to properly investigate disputes regarding CPE decisions.

**Answer:** Deny.

39. Admit that the aforementioned policies make it impossible for candidates to prevail in their appeals regarding CPE decisions.

**Answer:** Deny.

40. Admit that all review panel members for both steps of the appeal process are selected at the sole discretion of the AVMA.

**Answer:     Admit.**

41. Admit that candidates are not allowed legal representation during the appeal process.

**Answer:     Deny.**

42. Admit that the CPE exam process is not subject to direct oversight or regulation by any government agency or other regulatory authority beyond the AVMA.

**Answer:     Deny.**

43. Admit that the CPE appeals process is not subject to direct oversight or regulation by any government agency or other regulatory authority beyond the AVMA.

**Answer:     Deny.**

44. Admit that the Liaison Committee on Medical Education which accredits medical education institutions, the USMLE which assesses skills of all medical graduates wishing to practice in the US, and the Educational Commission for Foreign Medical Graduates which verifies credentials of foreign medical graduates wishing to practice in the US, are separate entities distinct from each other.

**Answer:     Defendant objects to this request as it seeks information outside its knowledge and control.**

45. Admit that the COE which accredits veterinary education institutions, and the ECFVG which performs credential verification and skills assessment of foreign veterinary graduates wishing to practice in the US are both part of the AVMA, a single entity.

**Answer:     Defendant denies that the COE accredits veterinary education**

institutions. **Defendant admits that the ECFVG performs credential verification and skills assessment of foreign veterinary graduates and admits the the ECFVG and COE are entities of the AVMA.**

46. Admit that the AVMA has voting members in every state, province and territory in North America [USA and Canada].

    Answer:    **Admit.**

47. Admit that the AVMA has members in most state veterinary regulatory boards.

    Answer:    **Defendant objects to this request as it seeks information outside its knowledge and control and not reasonably calculated to lead to the discovery of admissible evidence.**

48. Admit that some or all members of the American Association of Veterinary State Boards are also members of the AVMA.

    Answer:    **Defendant objects to this request as it seeks information outside its knowledge and control and not reasonably calculated to lead to the discovery of admissible evidence.**

49. Admit that some or all members of the Association of American Veterinary Medical Colleges are also members of the AVMA.

    Answer:    **Defendant objects to this request as it seeks information outside its knowledge and control and not reasonably calculated to lead to the discovery of admissible evidence.**

50. Admit that some or all members of the International Council for Veterinary Assessment are also members of the AVMA.

    Answer:    **Defendant objects to this request as it seeks information outside its**

**knowledge and control and not reasonably calculated to lead to the discovery of admissible evidence.**

51. Admit that the AVMA has members employed in government agencies.

**Answer: Defendant objects to this request as it seeks information outside its knowledge and control and not reasonably calculated to lead to the discovery of admissible evidence.**

52. Admit that the AVMA has members employed in veterinary education institutions as deans, chancellors, department chairs, and/or other faculty.

**Answer: Defendant objects to this request as it seeks information outside its knowledge and control and not reasonably calculated to lead to the discovery of admissible evidence.**

53. Admit that some or all examiners in the CPE are members of the AVMA.

**Answer: Defendant admits only that some examiners of the CPE are members of the AVMA. Defendant denies that all CPE examiners are members of the AVMA.**

54. Admit that some or all members of appeal review panels in ECFVG petitions for reconsideration are members of the AVMA.

**Answer: Admit.**

55. Admit that some or all members of appeal review panels in ECFVG petitions for review are members of the AVMA.

**Answer: Admit.**

56. Admit that, for continuing recognition of the AVMA COE as the accrediting body for veterinary education institutions, the USDE requires the COE policies and practices to be widely accepted in the united states [by educators, education institutions, licensing bodies,

practitioners, and employers in the professional and vocational fields for which the institutions/programs within the agency's jurisdiction prepare their students].

**Answer:** **Defendant denies that the COE is an accrediting body for veterinary education institutions. Defendant admits the remaining allegations in this request.**

57. Admit that, in the past 13 years, a number of veterinary professionals in the US have not accepted COE's practices of accreditation.

**Answer:** **Defendant objects to this request as it seeks information outside its knowledge and control and not reasonably calculated to lead to the discovery of admissible evidence.**

58. Admit that one concern brought by professionals in the field was regarding COE's accreditation of veterinary schools of the distributive model as opposed to the traditional research model.

**Answer:** **Defendant objects to this request as it seeks information outside its knowledge and control and not reasonably calculated to lead to the discovery of admissible evidence.**

59. Admit that the COE's criteria for accreditation include 11 specific requirements to be fulfilled by the institution to be accredited.

**Answer:** **Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waving said objection, Defendant admits only that the COE maintains Accreditation Policies and Procedures: Requirements 7.1-7.11, available on the AVMA website. Answering further, Defendant states that the aforementioned Policies and Procedures speaks for itself, and denies any inconsistencies with the request to admit in Paragraph 59.**

60. Admit that distributive model veterinary colleges do not meet the #7.3 of the aforementioned requirements: "An accredited college must maintain an on-campus veterinary teaching hospital(s), or have formal affiliation with one or more off-campus veterinary hospitals used for teaching."

**Answer:    Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.**

61. Admit that the AVMA COE accredited a number of distributive model veterinary schools including but not limited to: Western University CVM, Pomona, CA; Lincoln Memorial University CVM, Harrogate, TN and Ross University CVM, St. Kitts, West Indies.

**Answer:    Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.**

62. Admit that some of the recently accredited veterinary schools fail to meet up to eight of the eleven requirements specified in COE's criteria for accreditation, such as being a major academic division in a traditional university; having a veterinary teaching hospital, adequate student resources and faculty resources; comprehensive curriculum which promotes lifelong learning; high quality research; and assessment of outcomes; as encompassed in # 1,3,4,6,8,9,10, and 11 of the list of requirements.

**Answer:    Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.**

63. Admit that the aforementioned accreditation decisions directly conflict with the written policies of the AVMA COE.

**Answer:    Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.**

64. Admit that the AVMA has received monetary contributions from Banfield Pet Hospital owned by Mars Inc.

**Answer:** **Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.**

65. Admit that many graduates of the recently accredited distributive model veterinary schools are employed in the Banfield Pet Hospital system.

**Answer:** **Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.**

66. Admit that the some of the recently accredited veterinary schools have received financial support from Banfield Pet Hospital.

**Answer:** **Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.**

67. Admit that some deans of veterinary colleges who have served on the COE have also served on the board of directors of Banfield Pet Hospital.

**Answer:** **Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.**

68. Admit that the ECFVG program requires demonstration of English language proficiency through TOFEL or IELTS.

**Answer:** **Admit.**

69. Admit that the English language requirement in ECFVG is not waived for candidates who have completed their professional veterinary degree program in English.

**Answer:** **Admit.**

70. Admit that the English language requirement in ECFVG is not waived for

candidates who can demonstrate their proficiency by other means, such as TOEFL/IELTS scores from several years ago; or having lived and worked in the US for many years; or demonstrated presentation/publication records in English.

  **Answer: Admit.**

71. Admit that the USMLE does not have an English language requirement.

  **Answer: Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.**

72. Admit that the COE has accredited certain foreign veterinary schools whose professional education is not conducted in English, such as Universidad Nacional Autonoma de México Facultad de Medicina Veterinaria y Zootecnia.

  **Answer: Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.**

73. Admit that graduates from AVMA-accredited veterinary colleges, including non-English speaking colleges, are eligible for US licensure without demonstration of English proficiency.

  **Answer: Defendant objects to this request as it is a legal conclusion.**

74. Admit that the AVMA maintains a career center which, among other things, helps match potential employees with employers, and provides job-seeker assistance through tools such as career coaching, resume writing, reference checking, and career learning presentations.

  **Answer: Admit.**

Dated: October 21, 2019

Respectfully submitted,
By: /s/ J. Hayes Ryan
J. Hayes Ryan, 6274197
Marissa Dellacroce, 6320523
Gordon Rees Scully Mansukhani, LLP

>One North Franklin, Suite 800
>Chicago, IL 60606
>Ph: 312-619-4923
>Fax: 312-565-6511
>hayesryan@grsm.com
>mdellacroce@grsm.com
>*Attorneys for Defendant, American Veterinary Medical Association*