# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana, ) | |
| David Seely, ) | |
| ) | Case No. 19-cv-96-NJR-MAB |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| American Veterinary Medical Association ) | |
| (AVMA) and its branches: Educational ) | |
| Commission for Foreign Veterinary Graduates ) | |
| (ECFVG) and Council on Education (COE), ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

American Veterinary Medical Association ("AVMA"), by and through its attorneys of Gordon & Rees Scully Mansukhani, LLP, respectfully requests that the Court grant this motion and enter a protective order in this matter. In support thereof, Defendant states as follows:

1. Plaintiffs bring suit in connection with the failing grade Plaintiff, Dr. Subhadra Gunawardana ("Dr. Gunawardana") received on the anesthesia portion of the clinical proficiency exam ("CPE") and her subsequent appeal of her grade. *See generally*, *Plaintiffs' Complaint* (Dkt. #1).

2. Plaintiffs issued written discovery to Defendant. In their document production requests, Plaintiffs request the instructions provided to examiners of the anesthesia portion of the CPE, candidate's records, examiner's records for Dr. Gunawardana's anesthesia exam, and all documents regarding Dr. Gunawardana's examination. *Please see Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, attached hereto as Exhibit 1*.

3. Despite Dr. Gunawardana's objection to her failing grade, in order for Dr. Gunawardana to ultimately obtain her certification, Dr. Gunawardana will have to retake and pass

the anesthesia exam. It is impossible for Defendant to merely grant Dr. Gunawardana a passing grade.

4. As a result, Defendant is unable to produce certain candidate and examination records that contain answers and other information regarding the examination. If produced to Dr. Gunawardana, she would receive an unfair advantage when she retakes the anesthesia exam.

5. The documentation related to the examination is confidential and cannot be shared with Dr. Gunawardana and other candidates to ensure test security.

6. Providing Plaintiffs the examination, grading key, answers, and examiner's instructions and manual would require the AVMA to create an entirely new anesthesia examination, causing substantial and undue time and expense.

7. Under Rule 26(c), a court may for good cause shown, enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." FED. R. CIV. P. 26(c). For a protective order to issue, the Court must independently find that "good cause" exists. *Adams v. City of Chicago*, 1995 U.S. Dist. LEXIS 9913, at *2 (N.D. Ill. July 13, 1995).

8. *Adams v. City of Chicago* is instructive on this issue. There, a group of African American and Hispanic police officers sued their employer, alleging the Sergeant Promotional Test had a disparate and negative impact on African American and Hispanic officers. *Id*. at *1. In discovery, plaintiffs requested production of the test questions, answer key, and test development material. *Id*. The court granted the protective order, allowing only plaintiffs' attorneys and consultants to view the materials. *Id*. at *8. The court reasoned that disclosure of the materials to plaintiffs and the public would result in substantial expense to the defendant and potential unfairness for future applicants. *Id*. at *8-9.

9. As in *Adams*, here, the AVMA cannot produce examination questions, answer key, grading criteria, examiners' instructions, and Dr. Gunawardana's examination documentation without harming the integrity and security of the examination.

10. Disclosure of this material would provide not only Plaintiff an unfair advantage on the retake of her examination, but also potentially an unlimited amount of other candidates who may gain access to the documents. As a result, the AVMA would be forced to rewrite the examination and corresponding documents, resulting in a substantial expense. Finally, as Plaintiffs are proceeding *pro se*, no alternative option exists.

11. For these reasons, Defendant respectfully requests that the Court grant this motion and enter a Protective Order mandating that the AVMA does not need to disclose the examination questions, answer key, grading criteria, examiners' instructions, and Dr. Gunawardana's examination documents to Plaintiffs.

12. On November 20, 2019, counsel for Defendant conferred with the Plaintiffs via telephone. During that conversation, Plaintiffs and Defendant were unable to come to an agreement regarding the confidential documents. Counsel for Defendant indicated that she would offer the option to AVMA to produce redacted documents. However, upon further review of the documents, due to reasons detailed above, AVMA cannot produce any form of the confidential documents. As a result, AVMA has in good faith conferred with Plaintiffs in an effort to resolve the dispute without court action.

13. These confidential documents can be made available for an *in camera* review upon request.

WHEREFORE, the American Veterinary Association, requests that this Honorable Court grant this motion and prohibit the disclosure of the examination questions, answer key, grading criteria, examiners' instructions, and Dr. Gunawardana's examination documents.

Dated:  January 13, 2020

Respectfully submitted,
By:  /s/ J. Hayes Ryan_____
J. Hayes Ryan, 6274197
Marissa Dellacroce, 6320523
Gordon Rees Scully Mansukhani, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Ph:  312-619-4923
Fax:  312-565-6511
hayesryan@grsm.com
mdellacroce@grsm.com
*Attorneys for Defendant, American Veterinary Medical Association*