

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana and David Seely, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> American Veterinary Medical Association (AVMA), ) <br> and its branches: Educational Commission of ) <br> Foreign Veterinary Graduates (ECFVG), and Council ) <br> on Education (COE), ) <br> ) <br> Defendant. ) | Case No.: 3:19-cv-00096-NJR-MAB <br><br> Judge Nancy Rosenstengel <br><br> Magistrate Judge Mark A. Beatty |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST
## SET OF INTERROGATORIES NAD REQUESTS FOR PRODUCTION

Defendant, American Veterinary Medical Association, by and through the undersigned counsel, responds to Plaintiffs' First Set of Interrogatories and Requests for Production as follows:

## GENERAL OBJECTIONS TO INTERROGATORIES

Defendant makes the following General Objections, which apply to, and are hereby incorporated by this specific reference, into each of the responses below. These General Objections may be specifically referenced in response to certain Interrogatories for the purpose of clarity; however, to avoid the necessity of restating in full each objection, the General Objections are incorporated within each specific response where applicable. Any omission to refer specifically to a General Objection, however, should not be construed as a waiver of the General Objection. Similarly, the assertion of responses or specific objections to any of the Interrogatories shall not be construed as a waiver by Defendant of any applicable General Objection.

Defendant's responses to the Interrogatories are made solely for the purposes of this action. By making the accompanying responses and objections to these Interrogatories, Defendant does not waive, and hereby expressly reserves, its right to challenge the relevance, competence, materiality, privilege and admissibility of the information or documents provided, or to object to the use of the information or documents in any subsequent proceeding, trial, or hearing in this action, or in any other proceeding. Any and all objections and grounds which would require the exclusion of any document or information at the time of trial are expressly reserved and may be asserted at the time of trial.

1. Defendant objects to each Interrogatory insofar as it seeks documents or information beyond the scope of permissible discovery and to the extent it attempts to impose obligations in excess of those authorized by the Federal Rules of Civil Procedure, the Local Rules of this Court, the Federal Rules of Evidence, or any other applicable law.

2. Defendant objects to each Interrogatory to the extent it seeks discovery of documents or information protected from disclosure by, without limitation, the attorney-client privilege, attorney work product privilege, the consulting expert or any other applicable privilege or immunity recognized by statute, at common law, or by the Federal Rules of Civil Procedure, the Local Rules of this Court, the Federal Rules of Evidence, or any other applicable law. Such privileged information or documents will not be produced and any inadvertent disclosure or production thereof will not be deemed a waiver of any privilege or protection. By accepting documents or information in response to these Interrogatories, Plaintiffs expressly accept this non-waiver. To the extent any documents produced or information provided by Defendant is the subject of any of the protections described above, none of the protections are intended to be waived thereby

and all originals and copies of such documents and/or information should be returned by Plaintiffs immediately to counsel for Defendant.

3. Defendant objects to each Interrogatory to the extent it is overly broad and/or unreasonable in that it seeks information and/or the identification and production of documents not related in scope or time to the time-period at issue in this litigation.

4. Defendant objects to each Interrogatory to the extent that compliance would be unduly burdensome, impose an extreme or undue hardship on Defendant or would result in the expenditure of unnecessary time and resources.

5. Defendant objects to each Interrogatory to the extent it seeks documents or information obtainable from a more convenient or appropriate source, including public sources and/or Plaintiffs' own documents and knowledge.

6. Defendants object to these Interrogatories to the extent they are compound and constitute an impermissible effort to circumvent the 25 interrogatory limit set by Rule 33 of the Federal Rules of Civil Procedure.

7. These objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other documents and information at trial.

8. Defendant reserves the right to revise, supplement, clarify and/or amend its objections, responses and production at any time prior to trial if further factual developments or analysis warrants modification or if additional documents are located that are properly called for by the requests.

## ANSWERS TO INTERROGATORIES

1. Identify the person or persons who served as Chair of the AVMA COE for the period from January 1 2015 through the present.

**ANSWER:**

2015-2016 – John R. Pascoe, BVSc, PhD, DACVS

2016-2017 – John R. Scamahorn, DVM

2017-2018 – Patrick Farrell, DVM, MS

2018-2019 – Caroline Zeiss, BVSc, PhD

2019-2020 – Spencer A. Johnston, VMD, DACVS

2. Identify all witnesses the Defendant expects to depose and/or call in support of their defense to the allegations in the Plaintiffs' complaint, and the general scope of the testimony expected of each witness.

   **ANSWER:** **Defendant objects to this Interrogatory on the basis that the instant Interrogatory is premature and calls for speculation. Subject to and without waiving the foregoing objection, please see Defendant's Rule 26(a) Initial Disclosures.**

3. Identify all documents and/or exhibits the Defendant expects to present in support of their defense to the allegations in the Plaintiffs' complaint.

   **ANSWER:** **Defendant objects to this Interrogatory on the basis that the instant Interrogatory is premature and calls for speculation. Subject to and without waiving the foregoing objection, please see Defendant's Rule 26(a) Initial Disclosures.**

4. State, with evidence, the number of candidates enrolled in the ECFVG program since its inception to the present time.

   **ANSWER:** **Defendant objects to this Interrogatory on the basis that it is overbroad, not narrowed in time or scope, imposes an undue burden on Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.**

5. State, with evidence, the number of ECFVG certificates issued since the inception of the program to the present time.

4

**ANSWER:** **Defendant objects to this Interrogatory on the basis that it is overbroad, not narrowed in time or scope, imposes an undue burden on Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.**

6. State, with evidence, the number of candidates who registered for the CPE in the period from January 01, 2012 to the present.

    **ANSWER:** **Defendant objects to this Interrogatory on the basis that it is overbroad, not narrowed in time or scope, imposes an undue burden on Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.**

7. State, with evidence, the number of candidates who had to re-take the full CPE during the period from January 01, 2012 to the present. Please distinguish the number of candidates who had to re-take the full CPE more than once during that period.

    **ANSWER:** **Defendant objects to this Interrogatory on the basis that it is overbroad, not narrowed in time or scope, imposes an undue burden on Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.**

## RESPONSES TO REQUESTS FOR PRODUCTION

1. For the period from January 01, 2012 through December 31, 2018: Produce all Petitions for Reconsideration submitted by CPE candidates, and the decisions issued by the ECFVG regarding each petition.

    **ANSWER:** **Defendant objects to this Interrogatory on the basis that it is overbroad, not narrowed in time or scope, imposes an undue burden on Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as it violates attorney-client privilege, the work**

**product doctrine, and inappropriately requests the disclosure of other candidates' personal information.**

2. For the period from January 01, 2012 through December 31, 2018: Produce all Petitions for Review submitted by CPE candidates; the recommendations from the COE review panels regarding each petition; and the final decisions issued by the ECFVG regarding each petition.

    **ANSWER:** **Defendant objects to this Interrogatory on the basis that it is overbroad, not narrowed in time or scope, imposes an undue burden on Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as it violates attorney-client privilege, the work product doctrine, and inappropriately requests the disclosure of other candidates' personal information.**

3. Produce all lawsuits filed by ECFVG candidates against the AVMA/COE/ECFVG, from the inception of the ECFVG program to the present.

    **ANSWER:** **Defendant objects to this Interrogatory on the basis that it is overbroad, not narrowed in time or scope, imposes an undue burden on Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as it violates attorney-client privilege, the work product doctrine, and is equally accessible to Plaintiff as it is to Defendant.**

4. Produce all instructions provided to examiners in the Anesthesia sections of the CPEs conducted in MS State University CVM, September 2015; WVC October 2016; and WVC November 2017; by AVMA, COE and/or ECFVG, in the form of emails, other communications, examiners handbooks, etc.

**ANSWER:** **Defendant objects to this Request as it seeks confidential and proprietary information and is subject to Defendant's pending motion for a protective order.**

5. Produce any documents, emails, notes and/or logs regarding Dr. Gunawardana's application for the CPE, including but not limited to: correspondence within and between the COE, ECVFG, AVMA, and examiners.

    **ANSWER:** **Please see Plaintiff's Initial 26(a) Disclosures.**

6. Produce any documents, emails, notes and/or logs regarding Dr. Gunawardana's attendance of the CPE, including but not limited to: correspondence within and between the COE, ECVFG, AVMA, and examiners.

    **ANSWER:** **Defendant objects to this Request as it seeks confidential and proprietary information and is subject to Defendant's pending motion for a protective order.**

7. Produce Candidate's records from the CPE Anesthesia exam sections taken by Dr. Gunawardana.

    **ANSWER:** **Defendant objects to this Request as it seeks confidential and proprietary information and is subject to Defendant's pending motion for a protective order.**

8. Produce Examiner's records [including assessment score sheets] from the CPE Anesthesia exam sections taken by Dr. Gunawardana.

    **ANSWER:** **Defendant objects to this Request as it seeks confidential and proprietary information and is subject to Defendant's pending motion for a protective order.**

9. Produce any audio and/or video recordings of the Anesthesia exam section taken by Dr. Gunawardana in November 2017 at WVC Las Vegas NV.

   **ANSWER:**   None.

Dated:  October 21, 2019

Respectfully submitted,
By:  /s/ J. Hayes Ryan
J. Hayes Ryan, 6274197
Marissa Dellacroce, 6320523
Gordon Rees Scully Mansukhani, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Ph:  312-619-4923
Fax:  312-565-6511
hayesryan@grsm.com
mdellacroce@grsm.com
*Attorneys for Defendant, American Veterinary Medical Association*