# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana and David Seely | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:19-cv-00096-NJR |
| | ) |
| American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE) | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' SECOND MOTION FOR THE COURT'S INTERVENTION ON DISCOVERY

Pursuant to the Scheduling and Discovery Order dated 09/10/2019 [Dkts #37; 37-1], the Plaintiffs hereby request further intervention from the Court to facilitate discovery in this case.

1. Following the Court's order on the Plaintiffs' first motion for discovery [Dkt # 56], Defendants produced some of the documents previously negotiated, pertaining specifically to Plaintiffs' RFPs # 4 through 8. There is still some dispute over the completeness of said documents, as described in Defendants' motion for protective order [Dkt # 64] and Plaintiffs' response to said order [Dkt # 66].

2. Importantly, RFPs 4-8 are *not* the only discovery requests Defendants have not answered. The vast majority of the requests Plaintiffs served on 9/21/19 remain unanswered.

3.  Plaintiffs' initial discovery requests included 7 interrogatories, 9 requests for production, and 74 requests for admission.

4.  In their responses submitted on 10/21/19, Defendants stated generalized boilerplate objections to all of Plaintiffs' discovery requests, in violation of Federal Rules 33(b)(3), 33(b)(4), 34(b)(2)(B), 34(b)(2)(C), 36(a)(4) and 36(a)(5).  [Dkts # 66-1, 66-3]

5.  In addition, Defendants stated direct objections to 6 out of 7 of the interrogatories, 7 out of 9 of the RFPs, and 41 out of 74 of the RFAs, while denying 20 of the remaining RFAs without qualification. Notably, many of these objections are broad, and not specific or customized to each request.

6.  When the parties conferred about discovery, Defendants have consistently stated that they stand by their objections.

7.  Plaintiffs have specific and detailed reasoning on why each of the aforementioned objections is invalid. For example: Defendants repeatedly object to different RFPs on the basis that "it is overbroad, not narrowed in time or scope, imposes an undue burden on Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence." when in fact each RFP states a specific date range; the records requested are part of Defendants' day-to-day business; and the information contained therein will prove or disprove specific allegations in the complaint. They also repeatedly cite attorney-client privilege and the work product doctrine, when all requested documents/information pertain to events that occurred prior to the filing of this lawsuit. Defendants object to some RFPs stating "inappropriately requests the disclosure of other

candidates' personal information", when Plaintiffs never requested such personal information; any personal information in relevant documents can always be redacted; and Plaintiffs had stated they would protect any and all confidential information. Regarding the RFAs, Defendants have denied without qualification many statements published on their own websites/policies/documents. Regarding easily accessible publicly available material, Defendants repeatedly object on the basis "it seeks information outside its knowledge and control" in violation of Federal Rule 36(a)(4). [Dkts # 66-1& 66-3].

8. Such objections cause undue delay in discovery, and Courts have repeatedly admonished against them. "[g]eneral objections should rarely be used after December 1, 2015 unless each such objection applies to each document request." *Fischer v. Forrest,* 2017 U.S. Dist. LEXIS 28102. "It is well established that such generalized boilerplate objections have no effect. Courts have repeatedly warned litigants who oppose discovery that their "burden cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *In re Peregrine Fin. Grp. Customer Litig.*, No. 12 C 5546, 2015 U.S. Dist. LEXIS 34829, *10 (N.D. Ill. Mar. 20, 2015) citing *Burkybile v. Mitshubishi Motors Corp*., 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006).

9. All of Plaintiffs' discovery requests are relevant to the case, and expected to resolve specific factual allegations in their complaint. For instance: A complete production in response to RFPs 1 and 2 would either confirm or disprove the specific allegation that the ECFVG appeals process is designed in such a way that candidates cannot prevail. Likewise, complete responses to interrogatories 4 through 7 would verify the allegation of discriminatory practices in the ECFVG

program that extend beyond their written policies. Similar relevance can be shown for each and every request. Complete and accurate responses will serve the interests of all parties, by minimizing issues of factual dispute.

10. Since it has been over 5 months since the Defendants received the discovery requests, and the responses are far from complete, Plaintiffs need the Court's help to get discovery completed in time to meet the remaining deadlines.

Wherefore, the Plaintiffs respectfully request this Honorable Court to either arrange a Discovery Dispute Conference, or grant them leave to file a Motion to Compel without such conference.

March 5, 2020

        Respectfully Submitted,
        /s/Dr. Subhadra Gunawardana
        /s/David Seely, With Consent
        Plaintiffs,
        4308 Marion Garden Ln
        Florissant, MO 63034
        615-674-8461; 615-423-8851
        subhadra.gunawardana@wustl.edu
        david-seely@live.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list on March 5, 2020.

        /s/Dr. Subhadra Gunawardana
        /s/David Seely, With Consent