IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUBHADRA GUNAWARDANA and DAVID SEELY,<br><br>      Plaintiffs,<br><br>v.<br><br>AMERICAN VETERINARY MEDICAL ASSOCIATION (AVMA) AND ITS BRANCHES: EDUCATIONAL COMMISSION FOR FOREIGN VETERINARY GRADUATES (ECFVG) AND COUNCIL ON EDUCATION (COE),<br><br>      Defendants. | Case No. 3:19-CV-96-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for a Protective Order (Doc. 64) filed by Defendant American Veterinary Medical Association ("AVMA"). For the reasons set forth below, the Court denies the motion.

This action stems from a failing grade that Dr. Subhadra Gunawardana ("Gunawardana") received in the anesthesia section of a clinical proficiency exam ("CPE") administered by AVMA as part of the certification process required by the Educational Commission on Foreign Veterinary Graduates for foreign veterinarians to practice veterinary medicine in the United States (Doc. 63). Gunawardana alleges a number of violations of federal and state law related to the defendants' administration of

Gunawardana's exam and has sought discovery of certain materials related to the exam. AVMA now objects to certain of Gunawardana's interrogatories, seeking a protective order on the grounds that the information sought would result in undue burden and expense.

Under Federal Rule of Civil Procedure 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." Such an order must be based on the Court's independent finding that there is "good cause" to assume that such a burden would result, absent the Court's protection. Fed. R. Civ. P. 26(c); see also *Jepson, Inc. v. Makita Elec. Works*, 30 F.3d 854 (7th Cir. 1994).

Here, AVMA asserts that there is good cause for a protective order because "[p]roviding Plaintiffs the examination, grading key, answers, and examiner's instructions and manual" would give Gunawardana an unfair advantage were she to retake the test, endanger test security and "require the AVMA to create an entirely new anesthesia examination" (Doc. 64 at 2). However, the interrogatories to which Defendants object appear to be Requests for Production 4, 6, 7, and 8 from Defendant's Responses to Plaintiffs' First Set of Interrogatories (Doc. 66-1). Those interrogatories request instructions provided to examiners of the Anesthesia section of the CPE as well as certain records specifically related to Gunawardana's exam performance. While these materials would include certain criteria used in grading the exam, the grading criteria are already publicly available in the form of the Manual of Administration, and the Court does not see how these interrogatories would reveal non-public information that would aid future

test-takers. Similarly, much of the correspondence related to Gunawardana's exam has already been produced, and the Court does not see how producing further such documentation would be unduly burdensome (*E.g.*, Doc. 66-2). Accordingly, the Court does not find good cause to grant a protective order.

For these reasons, the Court **DENIES** AVMA's Motion for a Protective Order.

**IT IS SO ORDERED.**

DATED:   April 9, 2020

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**