## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana, ) | |
| David Seely, ) | |
| ) | Case No. 19-cv-96-NJR-MAB |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| American Veterinary Medical Association ) | |
| (AVMA) and its branches: Educational ) | |
| Commission for Foreign Veterinary Graduates ) | |
| (ECFVG) and Council on Education (COE), ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant, American Veterinary Medical Association ("AVMA"), by and through its attorneys of Gordon & Rees, LLP, and for its Motion to Dismiss Plaintiffs' First Amended Complaint ("Complaint") pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

1. Plaintiffs' Complaint fails to comply with basic pleading requirements to put the American Veterinary Medical Association ("AVMA") on notice of the claims being asserted against it and the request Plaintiffs request therein.

2. Plaintiffs attempt to assert a wide variety of legal claims against the AVMA, including Uniform Commercial Code, Title VII, 42 U.S.C. 1981, 42 U.S.C. 1985(3), the Sherman Antitrust Act, the Americans with Disabilities Act, and the Equal Protection Clause of the Fourteenth Amendment.

3. As an initial matter, Plaintiff, David Seely, should be dismissed from this action for lack of standing because he has no personal direct injury and his status as Dr. Gunawardana's husband is insufficient to establish his own standing.

4. On her application, Plaintiff signed a waiver releasing the AVMA from liability for all claims resulting from her application and testing, and as a result, the Complaint should be dismissed.

5. Further, Plaintiff's claim for violation of contract laws under the Illinois Uniform Commercial Code should be dismissed because this matter does not involve a contract or sale of goods.

6. Plaintiff's Complaint fails to allege any allegations other than conclusory statements to show that the AVMA constitutes her "employer" or an "employment agency," or that she exhausted her administrative remedies to establish a claim under Title VII.

7. Under 42 U.S.C. § 1981, Plaintiff cannot establish a claim because she not properly allege any elements and discrimination based on birth place is not actionable under Section 1981.

8. Plaintiff has failed to state a claim under 42 U.S.C. § 1985(3) because she has not, and cannot, allege a conspiracy because the AVMA is only one entity and it cannot conspire with itself.

9. Plaintiffs' separate claims under the Sherman Antitrust Act similarly must be dismissed because they have not alleged a contract or conspiracy or an actionable injury. An allegation that the quality of veterinary care has decreased in insufficient to establish a claim under the Sherman Antitrust Act.

10. Dr. Gunawardana's claim under the ADA is time-barred, and therefore, must be dismissed. Further, Mr. Seely has no standing to bring an ADA claim against the AVMA because the AVMA has not denied him an accommodation.

11. Finally, Plaintiff cannot establish a claim under the Equal Protection Clause because the AVMA is not a state actor and Plaintiff does not have a protectable property interest in passing the Clinical Proficiency Exam.

12. For these reasons, and as more fully discussed in AVMA's Memorandum of Law in Support of this Motion, Plaintiffs' Amended Complaint should be dismissed in its entirety.

WHEREFORE, Defendant, American Veterinary Medical Association, respectfully requests that this Honorable Court dismiss Plaintiffs' First Amended Complaint against it in its entirety, and for such further relief as this Court deems equitable and just.

June 22, 2020

Respectfully submitted,

GORDON & REES, LLP

By: /s/ J. Hayes Ryan
*Attorney for Defendant*
*American Veterinary Medical Association*

J. Hayes Ryan
Gordon & Rees LLP
One North Franklin, Suite 800
Chicago, Illinois 60606
(312) 565-1400 (Telephone)
(312) 565-6511 (Facsimile)
hayesryan@grsm.com