## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Subhadra Gunawardana, | ) | |
| David Seely, | ) | |
| | ) | Case No. 19-cv-96-NJR-MAB |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| American Veterinary Medical Association | ) | |
| (AVMA) and its branches: Educational | ) | |
| Commission for Foreign Veterinary Graduates | ) | |
| (ECFVG) and Council on Education (COE), | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S<br>MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

Defendant, American Veterinary Medical Association ("AVMA"), by and through its attorneys of Gordon & Rees, LLP, respectfully submits the following as its Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint ("Complaint") pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure:

## <u>INTRODUCTION</u>

Plaintiffs' First Amended Complaint must be dismissed because they have failed to plead the requisite elements for each cause of action. Dr. Subhadra Gunawardana and her husband, David Seely ("Plaintiffs") filed a nine-count complaint asserting a variety of flawed legal theories against the AVMA, including violations of the Uniform Commercial Code, Title VII, 42 U.S.C. 1981, 42 U.S.C. 1985(3), the Sherman Antitrust Act, the Americans with Disabilities Act, and the Equal Protection Clause of the Fourteenth Amendment.

The AVMA is an Illinois non-profit organization that administers a certification program known as the Educational Commission for Foreign Veterinary Graduates ("ECFVG"), which

includes the "Clinical Proficiency Exam" ("CPE"), a hands-on, performance based exam intended to assess the practical clinical veterinary skills of the candidate. Dr. Gunawardana, a Sri Lankan national with a foreign veterinary degree, alleges that the AVMA wrongly and discriminatorily gave her a failing grade for the CPE. Further, Plaintiff contends that her CPE failure and policies and procedures the AVMA adopted in its certification process are unfair and discriminate to foreign veterinary graduates and violate the aforementioned federal laws. Finally, Mr. Seely – who did not take the CPE and has no other connection to AVMA beside his status as Dr. Gunawardana's husband - asserts claims on his own behalf. As discussed in more detail below, Plaintiffs have failed to satisfy the elements of each individual cause of action and fail to show any entitlement to relief from this Court. As such, the First Amended Complaint should be dismissed in its entirety.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs filed their original Complaint on February 1, 2019. Defendant moved to dismiss the original Complaint. However, in December 2019, this Court granted Plaintiffs leave to file their First Amended Complaint, and as a result, denied Defendant's motion as moot without addressing the merits. Subsequently, the parties agreed to attend a settlement conference in February - prior to the shutdown due to COVID-19 - with Magistrate Judge Mark Beatty, which was unsuccessful.

In the First Amended Complaint, Plaintiffs add additional allegations, but fail to remedy the legal deficits in pleading their causes of action. The majority of Plaintiffs' new allegations pertain to the differences between the medical and veterinary fields and foreign graduate requirements, which have no bearing on the merits of this matter. (See Amended Complaint, Dkt. #63, "Comparison of Medical and Veterinary Fields", p. 14-17).

Dr. Gunawardana was born in Sri Lanka, where she received her professional veterinary degree. (*Id*., ¶ 8) She is currently employed as an Associate Professor at Washington University Medical School in St. Louis, Missouri. (*Id*.) The AVMA is a private organization that provides educational accreditation and certification programs to obtain a veterinary license to practice in the United States. (*Id*., ¶ 9-10)

As part of the certification, an applicant is required to pass four portions: credentials verification, English language testing, a written exam, and the CPE, which includes seven sections of hands-on practical skills testing. (*Id*., ¶ 11) Plaintiff completed the first three steps of the of the certification process. (*Id*., ¶ 13) From 2015-2017, Plaintiff took tests as part of the CPE. (*Id*.) In November 2017, Plaintiff received a failing grade for the anesthesia portion of the CPE. (*Id*., ¶ 14-16) Plaintiff believes her failing grade was unwarranted. (*Id*.)

Plaintiff appealed the decision through the ECFVG appeals procedure, and the appeal was denied. (*Id*., ¶ 17) Plaintiff alleges that AVMA's appeals process "fail[s] to meet the substantial evidence standard, falling short of the transparency and rules of evidence customary in arbitration procedures and the industry standards in the equivalent certification programs such as the USMLE/ECFMG [United States Medical Licensing Examination/Educational Commission for Foreign Medical Graduates], not to mention ECFVG's own stated procedures of considering evidence presented by candidates." (*Id*., ¶ 18)

Specifically, Plaintiff alleges that the policies and procedures violate the Americans with Disabilities Act ("ADA"), because the guidelines require a request for an accommodation to be made 90 days or more prior to the exam date. Plaintiff made a request less than 90 days prior to her anesthesia exam, which allegedly resulted in her failure. (*Id*., ¶ 34). Plaintiff further alleges a litany of complaints she believes are discriminatory, including the requirement to test hands-on

3

skills, the scoring on solely the examiner's evaluation, having to repeat all sections upon failing a single section three times, and the fee. (*Id.*, ¶¶ 34-41).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While the Complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (internal citations and quotation marks omitted) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). In addition, "although the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Id.* Furthermore, "a party may plead itself out of court by either including factual allegations that establish an impenetrable defense to its claims or by attaching exhibits that establish the same." *Massey v. Merrill Lynch & C*o., 464 F.3d 642, 650 (7th Cir. 2006).

## ARGUMENT

**I.**     **Plaintiffs' claims are barred because Dr. Gunawardana signed a waiver.**

Plaintiff is unable to assert claims against AVMA because she signed a waiver releasing Defendants from any legal actions as recourse for poor performance on certification examinations. (*See* Plaintiff's ECFVG Application, attached hereto as Exhibit 1 and incorporated herein by

4

reference). The release states: "I hereby release, discharge, and exonerate the AVMA, the ECFVG… from all actions, suits, obligations, damages, claims and demands arising out of, or in connections with, this application, the grade or grades given with respect to the examinations or the failure of the ECFVG to issue me a certificate." (Ex. 1, p. 3)

Similar provisions have been enforced in the Seventh Circuit as well as courts throughout the nation. In *Sanjuan v. American Bd. of Psychiatry & Neurology*, the Seventh Circuit upheld a similar release 40 F.3d 247, 1994 U.S. App. LEXIS 32958 (7th Cir. Nov. 21, 1994). There, the plaintiffs alleged that the release each candidate signed when applying to the American Board of Psychiatry and Neurology were unconscionable contracts of adhesion. The Court disagreed, finding that they were "no more [unconscionable] than the other standards for application, including paying fees and passing tests." *Id*. at 249. The Court noted that the Board, as a private organization, is entitled to set the rules of application and membership, and may also "insist that applicants agree to a legal cease-fire." *Id*.

Similar agreements for other national certifications have been upheld in other jurisdictions. *See, e.g.*, *Whyte v. Am. Bd. of Physical Med. & Rehab.*, 393 F.Supp.2d 880, 888–90 (D. Minn. 2005); *Balaklaw v. Am. Bd. of Anesthesiology, Inc.*, 562 N.Y.S.2d 360, 361–63 (Sup. Ct. 1990); *Am. Registry of Radiologic Technologists v. McClellan*, No. 300-cv-2577, 2003 WL 22171702, at *2–3 (N.D. Tex. Mar. 5, 2003). In these cases, the courts "have upheld release provisions that bar medical professionals from suing a certifying board because of actions taken by the board during the certification process." *Whyte*, 393 F.Supp.2d at 889. As such, this action in its entirety is barred by the release in the contract.

## II.   Plaintiff has failed to establish an "Unconscionable Contract or Clause" claim because this matter does not involve a sale of goods.

In Count I, Dr. Gunawardana asserts a claim for "unconscionable contract or clause" under 810 ILCS 5/2-302 of the Illinois Uniform Commercial Code. Under that statute, "[i]f the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." 810 ILCS 5/2-302. However, the Uniform Commercial Code "applies to transactions in goods." 810 ILCS 5/2-102. The Uniform Commercial Code does not apply to contracts for services. *Illinois Power Co. v. Figgie Int'l, Inc*., 1989 U.S. Dist. LEXIS 13983, at *16 (N.D. Ill. Nov. 17, 1989). Here, Plaintiffs allege, "ECFVG engages in a contract with each candidate *for a service* in exchange for money, to evaluate their professional knowledge and skills for a certificate making them eligible to apply for US licensure." (Dkt. #63, ¶ 54) (emphasis added). As a result, 810 ILCS 5/2-302 does not govern Plaintiffs' claims and Count I must be dismissed.

**III.    Plaintiff cannot state a claim under Title VII because the AVMA does not constitute Plaintiff's employer and Plaintiff failed to attach the notice of right to sue letter.**

Plaintiff cannot state a claim against the AVMA for violation of Title VII because the AVMA is not Plaintiff's employer. Title VII prohibits certain "unlawful employment practices." *See* 42 U.S.C. § 2000e-2. Plaintiff could maintain a claim against the AVMA only if: (1) Plaintiff was an employee of Defendant; (2) Defendant committed an "unlawful employment practice" towards Plaintiff; and (3) the Equal Opportunity Commission previously dismissed, or failed to file, a civil action. See 42 U.S.C. §§ 2000e(b), 2000e(f), 2000e-2, 2000e-5(f)(1).

AVMA does not constitute Plaintiff's employer or an employment agency for purposes of Title VII. "To state a claim under Title VII, a plaintiff must, at the very least, allege that a defendant is his employer within the meaning of the Act." *Shields v. Property Mgmt. One Ltd*., 2003 U.S.

6

Dist. LEXIS 13498, at *4 (N.D. Ill. Aug. 5, 2003). Plaintiff alleges that AVMA functions as an "employment agency" under Title VII because they are the gatekeeper for all veterinary graduates seeking employment in the United States and advocate for its members. (Dkt. #63, ¶¶ 59-60). Under Title VII, an employment agency "means any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." 42 U.S. Code § 2000e(c). However, nonprofit professional certification organizations such as the AVMA do not constitute "employment agencies" under Title VII. *See, e.g.*, *Zamani v. American Dental Ass'n*, 1998 U.S. Dist. LEXIS 18510, at *10, 1998 WL 812545 (N.D. Ill. November 17, 1998) (ADA not an "employment agency" for referring patients for dental care); *Woodard v. Virginia Bd. of Bar Examiners*, 598 F.2d 1345 (4th Cir. 1979) (case dismissed because the Board of Bar Examiners is not an "employment agency" within meaning of Title VII).

Even if Plaintiff properly alleged that the AVMA is her employer to fall under the purview of Title VII, which AVMA explicitly denies, Plaintiff still cannot state a claim against AVMA because she has failed to establish that she exhausted her administrative remedies and timely filed her Complaint. A "person wishing to sue for unlawful discrimination under Title VII must first exhaust administrative remedies by filing a timely charge of discrimination with the EEOC." *Thomas v. City of E. St. Louis*, 2012 U.S. Dist. LEXIS 55882, at *8 (S.D. Ill. Apr. 21, 2012). A suit under Title VII or the ADA must be filed within 90 days of receipt of the right-to-sue letter. *See* 42 U.S.C. §§ 2000e-5(f)(1) & 12117(a). A court may dismiss a complaint for failure to attach a notice of right to sue letter as an exhibit. *See Harris v. Kinseth Hosp. Home 2 Suites*, 2019 U.S. Dist. LEXIS 161572, at *11 (E.D. Wis. Sept. 23, 2019).

Plaintiff alleges that she submitted a complaint to the EEOC and the EEOC issued a Right to Sue letter on November 7, 2018. (Dkt. #63, ¶ 21). However, Plaintiff failed to attach the Notice of Right to Sue Letter to the Amended Complaint. Failure to do so prohibits AVMA from determining whether Plaintiff timely filed her Complaint within 90 days of receiving a Notice of Right to Sue letter. This concern is especially important considering Plaintiff filed her original Complaint on February 1, 2019, just within the alleged 90-day timeframe. As a result, AVMA respectfully requests that the Court dismiss Count II.

**IV.** **Plaintiff has failed to state a Section 1981 claim because she has failed to properly allege any elements and discrimination based on birth place is not encompassed by Section 1981.**

Plaintiff cannot state a claim under 42 U.S.C. § 1981 ("Section 1981") because she has failed to allege any of the elements of such a claim. To establish a claim under § 1981, the plaintiffs must show that (1) they are members of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract). *Morris v. Office Max*, 89 F.3d 411, 413 (7th Cir. Ct. App. July 12, 1996). Litigation involving Section 1981 claims most commonly involves the right to make and enforce contracts of employment, and rarely but occasionally involves contracts for refusal of services. *Id*. The present case involves neither.

Here, Plaintiff fails to allege that AVMA intended to discriminate against her on the basis of race, a requisite element of a Section 1981 claim. On the contrary, Plaintiff admits that the "ECFVG policies are generally discriminatory to all its candidates" not against her on the basis of her race. (Dkt. #63, ¶ 68) Additionally, Plaintiff has not, and cannot, allege that AVMA deprived her of a right to make or enforce a contract or refusal of service. On the contrary, Plaintiff admits that the AVMA and Dr. Gunawardana entered into a contract for certification. (*Id*., ¶ 54). Plaintiff

8

also has not alleged that the AVMA deprived her of a contract or services. As a result, Plaintiff has failed to state a claim under Section 1981.

Further, Plaintiff cannot maintain a claim under Section 1981 because claims for discrimination based on birth place and national origin are not covered by Section 1981. Section 1981 prohibits racial discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981 (a)-(b). "Allegations of discrimination based solely on 'the place or nation of [plaintiff's] origin' are not, however, sufficient to state a section 1981 claim." *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987). "'In the absence of an allegation of racial animus, either explicit or reasonably inferable from the pleadings,' a section 1981 claim must be dismissed." *Amani v. American Dental Association*, 1998 U.S. Dist. LEXIS 18510, at *12 (N.D. Ill. Nov. 17, 1998) *quoting Anooya v. Hilton Hotels Corp*., 733 F.2d 48, 50 (7th Cir. 1984).

Throughout her Complaint and in Count III, Plaintiff alleges that the AVMA discriminated against her due to her birth place in Sri Lanka and against all foreign graduates. (Dkt. #62, ¶¶ 67, 68). The essence of Plaintiff's entire Complaint is that the AVMA imposes greater burdens on foreign graduates generally to obtain their certification. Discrimination based on birth place or national origin, however, is not actionable under Section 1981. Plaintiff's Complaint lacks any allegations that show the AVMA discriminated against her based on her race. As a result, Plaintiff's claim under Section 1981 must be dismissed.

**V.**     **Plaintiff's claim for violation of the Equal Protection Clause must be dismissed because the AVMA is not a state actor and she has no property right in passing the CPE.**

Plaintiff cannot state a claim against the AVMA for violation of the Equal Protection Clause because the AVMA is a state actor and she has no property interest. The Fourteenth

Amendment prohibits the states from denying federal constitutional rights and guarantees due process of law. However, the requirements of the Fourteenth Amendment apply only to acts of the state, and do not offer protection against private conduct. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982); *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) ("[t]he action inhibited by … the Fourteenth Amendment is only such action as may fairly be said to be that of the States. [Thus,] the Amendment erects no shield against merely private conduct."). "State action" has two components: (1) the deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state; and (2) the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 925 (1982).

### A. <u>The Complaint does not properly allege a state right, privilege, or rule of conduct that AVMA exercised.</u>

Plaintiff fails to sufficiently allege what state right, privilege, or rule the AVMA exercised to deprive her of her federal rights. Plaintiff alleges only that the "'ECFVG certification program is accepted by all state veterinary regular boards and the federal government as meeting, either in part of full, the education prerequisite for licensure for certain types of employment, respectively." (Dkt. #63, ¶ 75). In essence, Plaintiff argues that the AVMA is preventing her from obtaining her license to practice veterinary medicine. However, only the states – not the federal government - issue veterinary medicine licenses. Even if Plaintiff were to pass the CPE, to obtain her license in Missouri, she still would need to apply to and pass the North American Veterinary Licensing Examination or its successor and the State Board Examination. *See* 4 CSR 270-2.031.

Because passing the CPE is only one of several licensing criteria, the AVMA has not exercised any state right, privilege, or rule of conduct. *See Staudinger v. Educational Comm. for Foreign Medical Graduates*, No. 92-civ-8071-LJF, 1993 U.S. Dist. LEXIS 5576, at *5-16

(S.D.N.Y. Apr. 27, 1993) (holding that the "work performed by ECFMG – testing and otherwise certifying that foreign medical school graduates are qualified to practice medicine" – was not performed under color of state law because a certificate did not equal licensure). As a result, Plaintiff cannot establish the first prong of state action.

### B. The AVMA is not a "state actor" as required to establish liability under the Fourteenth Amendment.

The AVMA is not a state actor, and Plaintiff has not pled sufficient facts that would establish it as a state actor. Plaintiff makes an unsupported conclusion that the AVMA is a state actor because state regulatory boards require applicants to complete AVMA programs as a prerequisite for license. (Dkt. #63, ¶ 71). The AVMA is a private entity, not a "quasi-government entity" as Plaintiff contends. (*Id*., ¶ 74). Further, the allegation that the AVMA receives federal funding is insufficient to make AVMA a state actor. *Covington v. Nat'l Univ*., 2015 U.S. Dist. LEXIS 159138, at *3 (N.D. Ill. Nov. 25, 2015).

Courts across the country have reached the same conclusion where a private entity creates and administers an examination that is required for state licensure. *Thomas v. NBME—Nat'l Bd. of Med. Exam'rs*, No. 13-CV-3946, 2015 U.S. Dist. LEXIS 18738, 2015 WL 667077, at *4 (E.D. Pa. Feb. 13, 2015) (holding that the National Board of Medical Examiners, which offered an examination through which international medical graduates could obtain medical licensure in the United States, was not a state actor); *Jallali v. Nat'l Bd. of Osteopathic Med. Exam'rs, Inc*., No. 12-CV-60548, 2012 U.S. Dist. LEXIS 107999, 2012 WL 3151553, at *3-5 (S.D. Fla. Aug. 2, 2012) (holding that the National Board of Osteopathic Medical Examiners, Inc., was not a state actor even though the test it administered was allegedly necessary for medical licensure in all 50 states); *Mahmood v. Nat'l Bd. of Med. Exam'rs*, No. 12-CV-1544, 2012 U.S. Dist. LEXIS 86837, 2012 WL 2368462, at *2-3 (E.D. Pa. June 21, 2012) (holding that the National Board of Medical

Examiners was not a state actor even though it "provid[ed] testing services and exam results that states may choose to use"); *Metzger v. Nat'l Comm'n on Certification of Physician Assistants*, No. 00-CV-4823, 2001 U.S. Dist. LEXIS 658, 2001 WL 76331, at *2-4 (E.D. Pa. Jan. 26, 2001) (holding that the National Commission on Certification of Physician Assistants, Inc., which administered certification exams for physician assistants, was not a state actor because it 'merely provide[d] a mechanism by which a candidate [could] meet the state [certification] requirements'); *Sammons v. Nat'l Comm'n on Certification of Physician Assistants*, 104 F. Supp. 2d 1379, 1382-83 (N.D. Ga. 2000) (holding that the National Commission on the Certification of Physician Assistants, Inc., was not a state actor); *Zamani v. Am. Dental Ass'n*, No. 98-CV-1022, 1998 U.S. Dist. LEXIS 18510, 1998 WL 812545, at *5-6 (N.D. Ill. Nov. 18, 1998) (holding that the American Dental Association was not a state actor where the plaintiff alleged that the examinations it administered were "a prerequisite to receiving a license to practice dentistry in New York" (internal quotation marks omitted)).

As such, Plaintiff's conclusory and unsupported statement that the AVMA is a state actor is inaccurate and in violation of established federal law. Because the AVMA is not a state actor, it cannot be subject to actions under the Equal Protection clause.

### C.  <u>Plaintiff has no protective property interest in a CPE passing grade.</u>

Finally, Plaintiff cannot maintain a claim for violation of the Equal Protection Clause because she has no property interest in obtaining certification of her veterinary education, a step to obtain her license to practice veterinary medicine. Courts have held that the expectation of a professional license is not a property interest protected by the 14th Amendment. *Elias v. Educ. Comm'n for Foreign Med. Graduates*, 2010 N.J. Super. Unpub. LEXIS 2663, 2010 WL 4340640 (N.J. App. Nov. 4, 2010); *Metzger v. Nat'l Comm'n on Certif. of Physicians Assistant*s, 2001 U.S.

Dist. LEXIS 658, at *13; *Lim v. Central Du Page Hospital*, 1988 U.S. Dist. LEXIS 399, at *6, 1988 WL 4931 (N.D. Ill. Jan. 15, 1988). Even less, the mere expectation of receiving a passing grade on an examination that is prerequisite to obtaining a professional license does not constitute a property interest. *Id*. "To have a property interest . . . a person . . . must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

The *Elias* case is instructive of this issue. In that case, a Mexican medical school graduate applied to take a medical licensing exam administered by the ECFMG, a private organization. *Elias*, 210 N.J. Super. Unpub. LEXIS 2663, at *4-5. ECFMG rejected plaintiff's application because he failed to produce a copy of his medical diploma. *Id*. at *5-6. Plaintiff sued ECFMG for denying his opportunity to take the exam in violation of his procedural and substantive due process and equal protection rights. *Id*. at *6. The court affirmed summary judgment in favor of the ECFMG holding that there is no protective liberty or property right to take a licensing examination or to a medical license. *Id*. at *7-9. Instead, "a protected right in a professional license comes into existence only after a license has been obtained" and an "application for a license has merely an expectation of obtaining a property interest…[which is] not afforded the same protection under the Fourteenth Amendment as a property right itself." *Id*. at *9.

As in *Elias*, Dr. Gunawardana does not allege that the AVMA is depriving her of a veterinary license she already obtained. Her allegations that she is being prevented from obtaining certification and a license are insufficient to establish a protectable property interest under the Fourteenth Amendment. For these reasons, Count V must be dismissed.

## VI.     **Plaintiffs cannot establish claims under the Sherman Antitrust Act.**

Both Dr. Gunawardana and Mr. Seely assert individual claims for violation of the Sherman Antitrust Act in Counts V and IX, respectively. Plaintiffs cannot state a claim for violations of the Sherman Antitrust Act because they have failed to plead the requisite elements. Plaintiffs allege they are asserting a claim under Sections 1 and 2 of the Sherman Antitrust Act. (Dkt. #2, ¶ 87). However, it is unclear exactly what claim, injury, and relief Plaintiffs are alleging.

To state a claim for a Section 1 violation, Plaintiffs must plead facts plausibly suggesting: (1) a contract, combination, or conspiracy (*i.e.*, an agreement); (2) a resultant unreasonable restraint of trade in a relevant market; and (3) an accompanying injury. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 335 (7th Cir. 2012); *Ass'n of Am. Physicians & Surgeons, Inc. v. Am. Bd. of Med. Specialties*, No. 14-CV-02705, 2017 U.S. Dist. LEXIS 205845, at *3 (N.D. Ill. Dec. 13, 2017).  Plaintiffs allege only that the AVMA purportedly is flooding the market with graduates from distributive model schools, thereby restricting foreigners, minorities, and graduates from traditional research-model institutions from practicing as veterinarians and resulting in a "decrease in the overall quality of the veterinary profession". (Dkt. #63, ¶ 89, 92, 107, 108). However, Plaintiffs' subjective opinion that the AVMA is causing a decrease in the <u>quality</u> of the veterinary profession is insufficient to establish an antitrust claim. Plaintiff does not allege that consumers have been restrained from receiving veterinary care – only restrained from receiving veterinary care from what they deem quality veterinarians. Counts V and IX are devoid of allegations regarding what contract or agreement the AVMA holds, an unreasonable restraint of trade in the veterinarian field, and a concrete injury.

It is insufficient to allege generally that the AVMA's actions restrict the veterinary field. In *Association of American Physicians & Surgeons*, the plaintiff generally alleged that the defendant's actions were anticompetitive and tended to restrict competition and decrease output

14

with respect to medical services in the relevant market. *Ass'n of Am. Physicians & Surgeons, Inc.*, 2017 U.S. Dist. LEXIS 205845, at *9-12. The court dismissed plaintiff's action, stating that the plaintiff failed to allege any type of agreement that would or did cause an unreasonable restraint of trade. *Id*. at *16. Similarly, Plaintiff in the instant matter alleges that Defendants' position as the sole authority in the veterinary market unfairly restricts entry of veterinarians in the field. (Dkt. #63, ¶¶ 89, 94). While this conclusory statement is in sufficient to plead an antitrust claim, it is also inaccurate. The Complaint acknowledges that the "PAVE Certification program" exists as an alternative to the CPE for license eligibility. (*Id*., ¶ 47). "PAVE" stands for "Program for Assessment for Veterinary Education Equivalence" and is administered by the American Association of Veterinary State Boards. (See https://www.aavsb.org/licensure-assistance/international-pathway/). As a result, the AVMA is not the only outlet for a foreign graduate to obtain certification for licensure purposes.

Further, Plaintiffs fail to plead an actionable injury under the Sherman Antitrust Act. "To recover under the antitrust laws, the plaintiff must show that its injury flows from that which makes the conduct an antitrust problem: higher prices and lower output." *Ass'n of Am. Physicians & Surgeons, Inc.*, 2017 U.S. Dist. LEXIS 205845, at *15-16. The failure to allege a reduction in output of veterinary care or an increase in cost of veterinary case is fatal to Plaintiffs' claims. *Id*. at *16.

Generally, a plaintiff bringing an action under Section 2 of the Sherman Act is alleging monopolization, attempted monopolization, or conspiracy to monopolize. A Section 2 monopolization claim has two elements: (1) the possession of monopoly power, giving an entity the ability to raise prices or exclude competition in the relevant market, and (2) the willful acquisition or maintenance of that power through exclusionary conduct. *See United States v.*

*Grinnell Corp.*, 384 U.S. 563, 570-71 (1966). Plaintiffs have failed to properly allege that AVMA has the power to set or raise prices, or exclude competition for veterinary services, or that it has indiscriminately used that power.

Plaintiffs' bare conclusion that "[n]onprofits and other associations are subject to antitrust laws, whether they are aware of the violation or not" is insufficient to state a claim under the Sherman Antitrust Act. (Dkt. #63, at ¶ 87). Simply, the Sherman Antitrust Act is not intended to remedy Plaintiffs' unsupported and outlandish allegations that veterinary care is suffering due to the AVMA keeping qualified foreign veterinarians from practicing. For these reasons, Counts V and IX must be dismissed with prejudice.

**VII.    Plaintiff has failed to state a claim under 42 U.S.C. 1985(3) because she has not, and cannot, allege a conspiracy.**

Plaintiff cites 42 U.S.C. ¶ 1985(3) under Count II. Section 1985(3) provides a private right of action to recover damages caused by certain conspiracies. To establish a claim, a plaintiff must allege the following: (1) two or more defendants conspired; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws or of equal privileges and immunities under the laws; (3) one or more of the conspirators acted in furtherance of the conspiracy; and (4) such an act injured the person or his property or deprived him of exercising any right or privilege of a citizen of the United States. *Gardner v. City of Waukega*n, 1999 U.S. Dist. LEXIS 9058, at *18, 1999 WL 410009 (N.D. Ill. June 2, 1999).

Plaintiff fails to plead all four elements of a Section 1985(3) claim. First, she has not alleged that two or more defendants conspired. Plaintiff brings suit against one entity, the AVMA, but a corporation cannot conspire with itself. "[I]t is clear that a corporation and its wholly owned subsidiaries are incapable of conspiring with each other. *Copperweld Corp. v. Independence Tube Corp*., 467 U.S. 752, 777 (1984). Similarly, a corporation cannot conspire with its officers, agents,

or employees." *Towers Financial Corp. v. Solomon*, 1991 U.S. Dist. LEXIS 12906, at *7 (N.D.

Ill. Sept. 13, 1991). Further, it is insufficient for Plaintiff to blindly conclude that "the AVMA

should not be shielded by the intracorporate conspiracy doctrine" and "[c]onsidering the AVMA's

membership is widespread….a conspiracy within AVMA members, within its committee, and/or

between AVMA and outside entities, is more than plausible." (Dkt. #63, ¶¶ 97-98). As such,

Plaintiff has failed to allege the elements of a violation of Section 1985(3) claim and Count VI

must be dismissed.

**VII.    Plaintiff's claim under the Americans with Disabilities Act must be dismissed because it was filed after the statute of limitations expired.**

Plaintiff cannot state a claim for violations of the Americans with Disabilities Act "(ADA")

because it is barred by the statute of limitations. While the ADA does not contain a specific statute

of limitations, the Seventh Circuit has held that Illinois's two-year statute of limitations for

personal injury claims applies. *See Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547 (7th Cir.

1996) ("discovery of the original act of discrimination, not future confirmation of the injury or

determination that the injury is unlawful, is when the statute of limitations begins to run.");

*Untermyer v. Coll. of Lake Cty.*, 284 F. App'x 328 (7th Cir. 2008).

Plaintiff claims that AVMA violated the ADA by denying her a reasonable accommodation

when taking the anesthesia section of the CPE. (Dkt. #63, ¶¶ 100, 102 ). Plaintiff was denied an

accommodation request in October 2016. (*Id.*).  When AVMA denied her accommodation request

in October 2016, Plaintiff became aware of and discovered the alleged discrimination based on her

alleged disability and the statute of limitations began to run. Plaintiff filed suit against the AVMA

on February 1, 2019, four months after the statute of limitations had expired. (*See* Dkt. #2). Further,

courts have explicitly held that internal appeals do not toll the statute of limitations. *Soigner*, 92

F.3d at 553.  Finally, Plaintiff's allegation that this is a "continued violation" does not toll the

statute of limitations. Plaintiff herself has acknowledged that she has no intention of retaking the examination and has not alleged that she has applied for an accommodation since October 2016. (Dkt. #63, ¶ 113).  As a result, Count VII is time barred and must be dismissed with prejudice.

**VII.**   **The First Amended Complaint must be dismissed in its entirety as to David Seely due to his lack of standing.**

Plaintiff, David Seely, should be dismissed from this matter entirely because he has no standing through his status as Dr. Gunawardana's husband. In regards to jurisdiction and standing, the Complaint alleges that "David Seely is Dr. Gunawardana's husband, witness and assistant through her career and the events in question." (Dkt. #63, ¶ 6). Plaintiffs further allege that Mr. Seely suffered "direct, concrete and particularized harm" through the "violation of his disability rights" and "lack of access to services from a diverse group of qualified professionals." (*Id.*) These allegations are insufficient to establish Mr. Seely's standing.

To establish standing a plaintiff must have his or her own injury. Plaintiffs must establish "(1) an injury in fact--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, that is, the injury is fairly traceable to the challenged action of the defendant, not the result of the independent action of some third party not before the court; and (3) a favorable decision likely will redress the injury." *O'Sullivan v. City of Chi.*, 396 F.3d 843, 854 (7th Cir. 2005) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "To meet this burden and to survive a challenge to standing under Rule 12(b)(1), a plaintiff must plead sufficient factual allegations, taken as true, that plausibly suggest each of these elements." *Berger v. NCAA*, 843 F.3d 285, 289 (7th Cir. 2016).

Mr. Seely's status as Dr. Gunawardana's husband is insufficient to establish standing. A spouse does not have standing to sue in connection with a spouse's entering of a contract or injury.

*Sinclair v. Bloom*, 1995 U.S. Dist. LEXIS 7858, at *33 (June 1, 1995) (husband dismissed for lack of standing because he was not a party to the loan agreement at issue); *Simonsen v. Bd. of Educ.*, 2001 U.S. Dist. LEXIS 16896, at *27 (N.D. Ill. Oct. 16, 2001) (dismissing wife and children of suspended teacher because "relatives do not fit this description [of standing]. That they may be indirectly suffering the consequences of his being suspended does not create standing."). Here, Mr. Seely did not contract with AVMA to take an examination and his only alleged injury is indirectly through his wife, Dr. Gunawardana. Indirect injuries are insufficient to establish standing.

**VIII.   <u>Mr. Seely cannot maintain a claim under the ADA.</u>**

In addition to Mr. Seely's complete lack of standing, the single allegation under Count VIII is insufficient to establish his claim for violation of the ADA. To allege a violation of the ADA's testing provision, petitioner must allege that he is disabled and that he requested and was denied a reasonable accommodation. *Scheibe v. Nat'l Bd. of Med. Exam'rs*, 2005 U.S. Dist. LEXIS 8725, at *8 (E.D. Wis. May 10, 2005). Mr. Seely alleges only that his wife submitted an accommodation request and the subsequent events caused him stress. This is insufficient as a matter of law. As a result, AVMA requests that this Court dismiss Count VIII with prejudice.

<u>CONCLUSION</u>

WHEREFORE, Defendant, American Veterinary Medical Association, respectfully requests that this Honorable Court dismiss Plaintiffs' First Amended Complaint against it in its entirety, and for such further relief as this Court deems equitable and just.

June 22, 2020                              Respectfully submitted,

GORDON & REES, LLP

By: /s/ J. Hayes Ryan
      *Attorney for Defendant*
      *American Veterinary Medical Association*

       J. Hayes Ryan
       Gordon & Rees LLP
       One North Franklin, Suite 800
       Chicago, Illinois 60606
       (312) 565-1400 (Telephone)
       (312) 565-6511 (Facsimile)
       hayesryan@grsm.com

# EXHIBIT 1

*Appendix 1—ECFVG Application*



**FOR OFFICE USE ONLY**
☐ Payment Received (Check)
☑ Payment Received (Credit)

Forwarded to Business: *9-16-09*

EDUCATIONAL COMMISSION FOR FOREIGN VETERINARY GRADUATES®
(ECFVG®)

**AMERICAN VETERINARY MEDICAL ASSOCIATION**
1931 North Meacham Road, Suite 100
Schaumburg, IL 60173-4360

EDUCATION & RESEARCH
DIVISION
SEP 14 2009

**APPLICATION FORM FOR CERTIFICATION PROGRAM ONLY**
*Submission of this form does not register you for the BCSE or CPE; exam applications require separate forms*

**PROGRAM REGISTRATION FEE: $1,000.00 \*\*\*\***

Note: All applicable spaces must be filled out completely. Use typewriter or block print in ink. *11747*

1. FULL NAME: Print out all portions of your name completely, even if you customarily use only initials for part of the name. Underline surname/last name, e.g., John James George <u>Jones</u>. Leave a blank square after each name.

   S U B H A D R A   C H A N D A N I E
   G U N A W A R D A N A

2. ADDRESS: Print street address, city and country. Include Zip Code if in USA. Leave a blank square after each word in your address.

   Street Address  ████████████████████████████

   City, State, Zip  ████████████████████████████
   Country  U S A

3. MAIDEN NAME:

   Full Name
   Before Marriage

4. Veterinary Degree     Title of Degree **BV Sc**   Date Conferred Month: *12*
   (Conferred or Expected)     (D.V.M., V.M.D., etc.)   Year: *1990*

   ████████████████
   Passport or Green Card Number

   ████████████████
   Social Security Number

   *SUBHADRA.GUNAWARDANA@VANDERBILT.EDU*
   E mail address

   *615- 876- 0752*
   Telephone

| 5. VETERINARY COLLEGE | Schools Attended | Location | Dates Attended | No. School Years |
|---|---|---|---|---|
| | UNIVERSITY OF PERADENIYA | SRI LANKA | 1984 - 1990 | 5 |
| | | | | |
| | | | | |
| 6. OTHER COLLEGE OR UNIVERSITY (Specify Degrees) Rcvd | IOWA STATE UNI | AMES, IA | 1992 - 1996 | 4 |
| | CORNELL UNIVERSITY | ITHACA, NY | 1996 - 2001 | 5 |
| | | | | |
| | | | | |
| | | | | |
| 7. SECONDARY SCHOOL (High School) | VISAKHA VIDYALAYA | SRI LANKA | 1980 - 1983 | 3 |
| | | | | |

8.    DATE OF BIRTH        Day __30__    Month __JUNE__    Year __1965__

9.    PLACE OF BIRTH
      (City, State or Province, Country) __AVISSAVELLA,   SRI   LANKA__

10. SEX    Female ☑ Male ☐    11.    HEIGHT __62__ Inches    12.    WEIGHT __125__ lbs.

13.    COLOR OF HAIR __BLACK__    14. COLOR OF EYES __BROWN__

15.    NATIVE LANGUAGE
       (Mother Tongue) __SINHALESE__

16.    CITIZENSHIP

      A.    At time of birth                          USA (Other) (Specify) __SRI   LANKAN__
      B.    At time of entering veterinary college    USA (Other) (Specify) __SRI   LANKAN__
      C.    Now                                        (USA) Other (Specify) _____

## 17. CERTIFICATION

I hereby certify that the information given in this application is true and accurate to the best of my knowledge, and that the photographs enclosed are recent photographs of me.

I understand that (1) falsification of this application, or (2) the submission of any falsified educational documents to ECFVG, or (3) the submission of any falsified ECFVG documents to other agencies, or (4) the giving or receiving of aid in an examination as evidenced either by observation at the time of the examination or by statistical analysis of my incorrect answers and those of one or more other participants in that examination, may be sufficient cause to bar me from the examination, to terminated my participation in the examination, to invalidate the results of my examination, to withhold a certificate, to revoke a certificate, or for ECFVG to take other appropriate action.

I understand that the ECFVG certificate and any and all copies thereof remain the property of ECFVG and must be returned to ECFVG if ECFVG determines that the holder of the Certificate was not eligible to receive it or that it was otherwise issued in error.

I hereby authorize the Educational Commission for Foreign Veterinary Graduates to transmit any information contained in this application, or information that may otherwise become available to ECFVG to any Federal, State, or local governmental department or agency, to any hospital, or to any other organization or individual who, in the judgment of ECFVG, has a legitimate interest in such information.

I hereby release, discharge and exonerate the AVMA, the ECFVG, the veterinary colleges, and their directors, officers, members, testing sites, examiners, representatives and agents, from all actions, suits, obligations, damages, claims and demands arising out of, or in connections with, this application, the grade or grades given with respect to the examinations or the failure of ECFVG to issue to me a certificate. It is understood that the decision as to whether my examinations quality me for a certificate vests solely and exclusively in the ECFVG and its decision is final.

I release from liability any organization or individual that provides information to the ECFVG for the purpose of establishing my professional qualifications, credentials, clinical or professional competence, character, moral behavior or any matter having bearing on my consideration for being accepted as a candidate.

I hereby declare under penalty that the information given in this application is true and correct to the best of my knowledge and belief. I intend to be legally bound by the foregoing.



Seal

DUSTIN COX
STATE OF TENNESSEE
NOTARY PUBLIC
COUNTY OF DAVIDSON

APPLICANT'S MUST SIGN HIS FULL NAME on the first line, below, but ONLY IN THE PRESENCE of a Notary Public, a Veterinary College Official, or a Consular Official, who must complete the last two lines of the affidavit. The photograph MUST BE INCLUDED UNDER A PORTION OF THE NOTARIAL SEAL or the STAMP OF THE VETERINARY COLLEGE OR CONSULATE.

Signature of Applicant _____ SUBHADRA GUNAWARDANA

Subscribed and sworn to (or affirmed) before me this ____9th____ day of ___September___, 20__09__

Name _____   Title __Financial Services Representative__
(Notary Public, or Veterinary College Official, or Consular Official)