# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

Subhadra Gunawardana and David Seely )
)
Plaintiffs, )
)
v. ) Case No. 3:19-cv-00096-NJR
)
American Veterinary Medical Association )
(AVMA), Educational Commission for Foreign )
Veterinary Graduates (ECFVG) and Council on )
Education (COE) )
)
Defendants. )

## PLAINTIFFS' MOTION AND MEMORANDUM FOR EXTENSION OF TIME

Pursuant to the Federal Rule of Civil Procedure 6(b), and for good cause as stated below, Plaintiffs respectfully request the Court for a 30-day extension of the deadline to file a response to the Defendant's motion to dismiss [Dkt. #80], and for a six-month extension of certain deadlines set forth in the original Scheduling and Discovery order entered on 09/10/2019 [Dkts #37;37-1]. They state the following in support of each request.

### Extension of discovery and trial deadlines

1. Plaintiffs served their initial discovery requests on the Defendants on 09/21/2019, and moved to amend the complaint on 11/30/2019, thus meeting some of the deadlines set in the Scheduling and Discovery order.  Plaintiffs could not meet the remaining discovery deadlines due to circumstances beyond their control, as described below.

2. Plaintiffs' initial discovery requests included 7 interrogatories, 9 requests for production, and 74 requests for admission. Answers to these are critical to confirm or disprove specific factual

1

allegations in the complaint, and to determine the Defense witnesses to be deposed by Plaintiffs and what questions to ask them.

3. Defendant submitted incomplete responses on 10/21/2019, producing no documents, objecting to all but one of the interrogatories, and moving for a protective order on the Requests for Production #4,6,7&8 [Dkt. #46].

4. Following the Court's denial of said motion without prejudice [Dkt. #50], the parties conferred on 11/20/2019, where the Counsel for Defense agreed to produce a redacted version of the documents for which they had requested the protective order.

5. Not having received these or any of the other documents expected as of 12/20/2019, Plaintiffs moved for the Court's intervention on 12/23/2019 [Dkt. #56]. Defendant responded on 12/30/2019, requesting an extension of time to produce the documents [Dkt. #60].

6. Following the Court's order granting Defendants' request for time [Dkt. #61], Defendants produced part of the documents responsive to RFPs #4,6,7&8. This production was not complete.

7. Defendant re-filed the motion for protective order on 01/13/2020 [Dkt. #64]. Plaintiffs responded to said motion on 01/20/2020 [Dkt. #66].

8. The documents subject to the motion for protective order, i.e. RFPs #4,6,7&8, were not the only discovery requests Defendants had not answered. The vast majority of the requests

Plaintiffs served on 9/21/2019 remained unanswered. On the several occasions the parties conferred, including preparations for the settlement conference that occurred on 02/20/2020, Defendants consistently stated that they stand by their objections.

9. Therefore, Plaintiffs filed a second motion for Discovery on 03/05/2020, requesting the Court's leave to file a motion to compel [Dkt. #74].  This Court granted said motion on 05/04/2020 [Dkt. #76].

10. Defendant's motion for protective order was denied by this Court on 04/09/2020 [Dkt. #75], following which Plaintiffs waited two months to receive either the withheld documents or a notice of appeal. They received neither. Upon inquiry on 06/09/2020, Defendant expressly stated that they would not produce the documents.

11. On 06/19/2020 Plaintiffs filed a motion to compel encompassing all the discovery requests that were not answered, including those subject to the motion for protective order. This motion is currently pending [Dkt. #77].

12. Therefore, written discovery is far from complete despite Plaintiffs' best efforts, and without this information they cannot move forward with subsequent steps towards the trial. For example:

a. A complete production in response to RFPs #4,6&8 is critical to determine which AVMA officials to depose and the specific questions to ask them.  RFPs #1-3 would provide additional information for the same purpose.

b. The limited amount of evidence discovered so far corroborates Plaintiffs' version on a key factual dispute, i.e. whether the failing grade in question was erroneous and non-compliant with the CPE Manual of Administration. Documents in response to RFPs #4,6,7&8 would be decisive on this matter.  In addition, these documents may reveal discriminatory practices extending beyond AVMA's written policies that are publicly accessible. Information responsive to RFPs #1-3 and interrogatories #4-7 would provide additional verification for other allegations in the complaint including racial discrimination, unconscionable contract, and violation of equal protections.  Plaintiffs believe that receipt of these documents could enable them to move for summary judgment.

c. To obtain a comprehensive and unbiased opinion from any expert witness, they should be presented with both sides of the issues in question. Since Defendant has not filed an answer to the complaint or the amended complaint, these discovery responses would be the only insight into their position on key issues.


13. According to the scheduling and discovery order combined with the 60-day extension mandated for all civil cases by the Court's administrative orders due to the COVID-19 pandemic, the deadline for completion of discovery and for filing dispositive motions are now set for 07/08/2020 and 07/22/2020 respectively, to the best of Plaintiffs' knowledge.  The presumptive trial month is now set for November 2020.


14. Plaintiffs cannot meet these deadlines due to the aforementioned circumstances, and request a six-month extension, during which time they expect to receive and review the remaining discovery responses; serve supplemental discovery requests as necessary; depose the Defendants;

move for summary judgement if appropriate; secure expert witnesses if possible; and prepare for trial.

15. Wherefore, Plaintiffs respectfully propose the deadlines be re-set as follows:

a. Expert witnesses to be disclosed by: 12/06/2020

b. All discovery, including depositions, to be completed by: 01/06/2021

c. All dispositive motions to be filed by: 01/21/2021

d. Presumptive trial month: May 2021

16. Plaintiffs foresee no prejudice to the Defendant. If the Defendant's motion to dismiss is granted, then the extended time would be made irrelevant. If the case continues after the motion, this extension of time could be beneficial in developing a defense.

**Extension of time to respond to the Motion to Dismiss**

17. According to FRCP 15(a)(3), the deadline for responsive pleadings to the amended complaint was 01/28/2020, which passed before the start of the lockdown, and well before the Court-ordered extensions due to the pandemic. Defendant's motion to dismiss [Dkt. #80] was filed on 06/22/2020, almost 5 months later.

18. A response to the motion to dismiss is currently due on July 27, 2020.  This is a particularly difficult time for Plaintiffs due to the following reasons: Dr. Gunawardana has a number of work deadlines that were rescheduled due to the lockdown from March through April 2020.  She also has extra duties as an essential employee during the onsite work ramp-up process at Washington University Medical School. Mr. Seely has several medical appointments that were

rescheduled from March and April due to the lockdown, including physical therapy and diagnostic imaging in preparation for surgery.

19. Had the motion to dismiss been filed at the correct time in January 2020, Plaintiffs would not have been hindered by the aforementioned obstacles resulting from the pandemic.

20. Plaintiffs filed the amended complaint on 01/12/2020, having moved to amend the complaint on 11/30/2019. Thus, Defendant had nearly 7 months to prepare this motion. Having only 30 days to respond to said motion under the current circumstances would be prejudicial to Plaintiffs.

21. Therefore, Plaintiffs respectfully request a 30-day extension to file their response, until 08/26/2020.

## Legal Standard

22. Rules 6(b)(1)(A) and 16(b)(4) both allow courts to extend deadlines that have not yet passed for good cause. *Woods v. Allied Concord Fin. Corp. (Del.), 373 F.2d 733, 734 (5th Cir. 1967).* An application for the enlargement of time under Rule 6(b)(1)[(A)] normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party. *Federal Practice & Procedure § 1165. Bridgeport Pain Control Center, Ltd. v. Cutera, Inc., No. 08 C 1116 (N.D. Ill. Feb. 26, 2009).*

23. As stated before, Plaintiffs have made every effort to adhere to the scheduling order but cannot do so due to circumstances beyond their control, within this case, personal, and global.

Notably, most of the deadlines have not passed.  Those that have passed, for depositions and expert witnesses, were tangibly affected by discovery and Defendant's responses. Plaintiffs need the Court's guidance and a revised plan in light of these circumstances.

Wherefore, Plaintiffs pray the Court to grant the extensions requested herein.

July 5, 2020

Respectfully Submitted,
/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent
Plaintiffs,
4308 Marion Garden Ln
Florissant, MO 63034
615-674-8461; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list on July 5, 2020.

/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent