# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana and David Seely, <br><br> Plaintiffs, <br><br> v. <br><br> American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE) <br><br> Defendants. | Case No. 3:19-cv-00096-NJR |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs hereby state the following in opposition to Defendants' Motion, supported by the Memorandum of Law attached.

## PROCEDURAL ISSUES

1. The instant dispositive motion was filed almost 5 months past the deadline, without good cause for delay, and without the Court's leave.

2. A dispositive motion cannot substitute for an answer, unless such motion is filed timely.

3. Defendant failed to timely answer or otherwise plead in response to the First Amended Complaint [hereafter "FAC"; Dkt. #63] despite having it in their possession since November 30, 2019, and despite receiving several reminders since its filing.

4. As of the date of this filing, 19 months since the initiation of this case, both the original complaint and the FAC remain unanswered.

5. This Court first reviewed the FAC before denying Defendants' original motion to dismiss as moot. It logically follows that the Court deemed any deficiencies in the original complaint to be corrected.

6. Defendants' instant motion largely repeats the same arguments presented in their original motion to dismiss [Dkts. #22 and 23], with many identical paragraphs. It does not rebut the points presented in the FAC or in Plaintiffs' response to the original motion [Dkts. #27 and 28].

7. Instead of a bona fide objection to the adequacy of the complaint, this motion appears to be a frivolous attempt to obstruct the progression of the case. First, Defendants have been steadfastly uncooperative with discovery, and Plaintiffs had to request the Court's intervention on two occasions [Dkts. #56 and 74], followed by filing a motion to compel [Dkt. #77]. Defendant filed this motion three days after Plaintiffs filed their motion to compel. Then, Defendant inundated Plaintiffs with written discovery requests and notices of deposition, the deadlines for which fall within the same time-frame as that for Plaintiffs' response to the instant motion to dismiss. Considering that Defendants had over 1.5 years to conduct discovery, their choice to conduct discovery at this particular time seems to be an intentional attempt to vex and harass.

8. Notably, all evidence received in discovery so far corroborates Plaintiffs' allegations, including the critical issue of dispute regarding the anesthesia exam.

9. Due to the aforementioned reasons, supported by authority as described in the memorandum attached, Plaintiffs respectfully request this motion be struck and a default judgment granted.

## SUBSTANTIVE ISSUES

10. The FAC complies with all pleading requirements pursuant to Rules 8(a) and 10, and clarifies all claims to meet the *Twombly* standard.

11. Plaintiff David Seely has suffered direct and indirect injury due to Defendants' actions, as described in the FAC [Dkt. #63] and Plaintiffs' Response to the Court's Order to Show Cause [Dkt. #17].

12. Waivers, like contracts, are construed heavily against the party enforcing them. The waiver in question is unconscionable, and enforcing it would go against public policy.

13. The factual allegations under Count I are actionable under both common law and statute. Furthermore, the ECVFG certificate is a tangible "good" that falls under UCC.

14. Discovery received after the filing of the FAC shows clear evidence of breach of contract. In the event the Court chooses not to grant default judgment as requested, Plaintiffs respectfully request leave to amend Count I to include the claim of breach of contract.

15. Defendant does not dispute that they function as a labor organization, or provide valid evidence to show they are not an employment agency. AVMA's mission statement is to protect the professional interests of *all* veterinarians. Thus AVMA has an implied duty to Dr. Gunawardana to protect her professional interests as a veterinarian.

16. Contrary to AVMA's stated and implied duties, they take active steps to exclude certain groups from entering the profession based on their race and national origin, as shown with evidence in the FAC. In addition to such discrimination etched in AVMA's policies and practices, recently discovered evidence shows direct discriminatory actions taken against Dr. Gunawardana, which violate AVMA's own stated procedures.

17. Dr. Gunawardana exhausted all administrative remedies under Title VII, as proven by the Right to Sue letter Defendant received from the EEOC in November 2018. A copy of the same letter was also included in Plaintiffs' response to Defendants' previous motion to dismiss [Dkt. #27-1]. Defendant does not dispute the fact they had said letter in their possession since 2018.

18. Plaintiffs did not allege national origin discrimination under 42 U.S.C. § 1981. They alleged race discrimination with evidence. The FAC includes all elements for a claim under 42 U.S.C. § 1981.

19. The FAC clearly alleges, with evidence, a conspiracy *between AVMA and several other organizations* to limit the number of veterinarians entering the market and of economic protectionism. Said conspiracy gives rise to claims under both 42 U.S.C. § 1985(3) and Sherman Antitrust Act, as described in detail under counts V and VI of the FAC.

20. The FAC shows ample evidence of AVMA's monopoly in the veterinary field, and of contract[s] and conspiracy sustainable under the Sherman Act. Plaintiffs' injuries encompass much more than a decrease in the quality of veterinary care. Such injuries include Dr. Gunawardana being barred from entering the profession, and Mr. Seely being denied both affordable veterinary care as well as access to services from a diverse group of qualified professionals.

21. Defendants' ADA violations are etched in their policies, and ongoing. Therefore, the Plaintiffs' ADA claims are not time barred.

22. The FAC describes in detail how the Defendant is a state actor and how Dr. Gunawardana has a property interest. All arguments Defendant presented in the previous motion were addressed in detail in Plaintiffs' response [Dkts. # 27 and 28] and the FAC. Not having addressed these points in their instant motion or memorandum, Defendant admits these allegations.

23. All aforementioned points are clarified and described in detail in the Memorandum of Law attached.

**RELIEF**

24. Plaintiffs respectfully request the Honorable Court to strike this motion, followed by either a default judgment, or leave to file a motion for default judgment. In the alternative, Plaintiffs pray the Court to deny this motion in its entirety, and grant leave to amend Count I to include Breach of Contract and to correct any other deficiencies as the Court deems fit.

August 31, 2020

Respectfully Submitted,
/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent
Plaintiffs,
4308 Marion Garden Ln
Florissant, MO 63034
615-674-8461; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice, on August 31, 2020.

/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent

5