# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana and David Seely<br><br>Plaintiffs,<br><br>vs.<br><br>American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE)<br><br>Defendants. | Case No. 3:19-cv-00096-NJR |

## PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

**PRELIMINARY STATEMENT**

Each of the following Responses is made solely for the purpose of this action. Each Response is subject to any and all objections to competency, relevance, materiality, propriety, admissibility, and any and all other objections on any grounds that would require the exclusion of the response or information if such were offered in evidence, all of which objections and grounds are expressly reserved and may be interposed later. All objections are reserved and may be asserted at the time of trial. These Responses are based upon information presently available, without prejudice to the rights to amend or supplement these responses based on additional evidence as may be later discovered or evaluated, and to present at trial such additional evidence as may be later discovered or evaluated.

**GENERAL OBJECTIONS**

1.  Plaintiffs object to the requests that impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules.

2.  Plaintiffs object to the requests to the extent they seek disclosure of information protected under the attorney-client privilege, work product doctrine, proprietary privilege, or any other applicable privilege or immunity. Should any such disclosure by Plaintiffs occur, it is inadvertent and shall not constitute a waiver of any privilege or immunity.

3.  Plaintiffs objects to these requests to the extent they are vague, ambiguous, and unlimited in time, scope or subject, overly broad, unduly burdensome, oppressive, and calling for unbounded discovery.

4.  Plaintiffs objects to these requests to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

5.  Plaintiffs objects to these requests to the extent they seek information not material or necessary to the defense of this action.

**DEFINITIONS**

"We" means the Plaintiffs, Subhadra Gunawardana and David Seely. "I" means the Plaintiff to whom a given request was directed. "And" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

## REQUESTS FOR ADMISSION TO SUBHADRA GUNAWARDANA

1. Admit that you signed the Application Form for Certification Program Only on September 9, 2009.

    **ANSWER:** Admit

2. Admit that you received a failing grade for the anesthesia portion of the Clinical Proficiency Examination on September 16, 2015.

    **ANSWER:** Admit

3. Admit that you received a failing grade for the anesthesia portion of the Clinical Proficiency Examination on October 17-19, 2016.

    **ANSWER:** Admit with qualification. As stated in the complaint, I dispute this failing grade.

4. Admit that you received a failing grade for the anesthesia portion of the Clinical Proficiency Examination on November 13-15, 2017.

    **ANSWER:** Admit with qualification. As stated in the complaint, I dispute this failing grade.

5. Admit that you received a failing grade for the Basic and Clinical Skills Examination ("BCSE") on November 29, 2010.

    **ANSWER:** Admit

6. Admit that you have never entered into a contract with the AVMA for a sale of goods.

**ANSWER:** Deny.  The ECFVG certificate is a "good" under the Uniform Commercial Code. As stated in the AVMA website, "Once earned, an ECFVG certificate, like the veterinary diploma itself, is valid for life." While the ECFVG program contract includes a number of services that ultimately lead to the certificate, the major element of this contract is the certificate, without which the services would be meaningless.

7. Admit you have never been an employee of the AVMA.

**ANSWER:** Admit

8. Admit that the AVMA never referred you to any employment opportunity.

**ANSWER:** Admit with qualification.  AVMA's employment referral service is among the services and benefits I was denied, through being barred from the profession in a discriminatory manner.

9. Admit that the AVMA has never prevented you from entering a contract.

**ANSWER:** Deny. The AVMA prevented me from applying for, and obtaining, my license to practice veterinary medicine in the US, which is the most important contract in this profession. AVMA's actions prevent me from entering numerous other contracts, including but not limited to: any employment contract as a licensed veterinarian in the US, certain positions which accept the ECFVG certification in place of licensure, and educational/training programs and volunteer opportunities limited to ECFVG certificate holders or licensed veterinarians in the US.

10. Admit that the AVMA has never prevented you from enforcing a contract.

**ANSWER:** Deny. The AVMA prevented me from enforcing the contract that existed between myself and the ECFVG. They first breached this contract by granting and upholding an erroneous failing grade in violation of their own stated procedures. I attempted to enforce the contract through the ECFVG appeal process. AVMA prevented me from enforcing the contract first by withholding evidence [once again in violation of stated procedures], then by denying my appeals without a fair and unbiased evaluation. In addition, the unconscionability of the contract, including but not limited to its violations of the ADA, also prevented me from enforcing said contract.

11. Admit that even if you pass the Clinical Proficiency Examination, to obtain a license to practice veterinary medicine in Missouri, you need to apply to and pass the North American Veterinary Licensing Examination or its successor and the State Board Examination.

**ANSWER:** I object to this request on the basis that it is ambiguous, impressibly compound, leading, and seeking a legal conclusion.

Subject to and without waiving the foregoing objections, I generally admit, and clarify as follows: A failing grade in the CPE and denial of the ECFVG certification essentially *prevents* me from obtaining a license to practice veterinary medicine in Missouri. The ECFVG certification is required before I can apply for such licensure.

12. Admit that individual states issue licenses to practice veterinary medicine.

**ANSWER:** Admit

13. Admit that you are currently employed as an Associate Professor at Washington University School of Medicine.

    **ANSWER:** Admit

14. Admit that you last submitted an accommodation request to the AVMA on October 12, 2016.

    **ANSWER:** Deny as stated. I hereby clarify that I submitted an accommodation request to the AVMA on October 11, 2016.

15. Admit that you submitted an accommodation request on October 12, 2016, five (5) days prior to the beginning of your Clinical Proficiency Examination on October 17, 2016.

    **ANSWER:** Deny as stated. I hereby clarify that I submitted an accommodation request on October 11, 2016, six days prior to the beginning of the CPE examination in question.

16. Admit that in some states, the "PAVE Certification program" exists as an alternative to the Clinical Proficiency Exam for license eligibility.

    **ANSWER:** I object to this request to the extent it is ambiguous, impressibly compound, leading, and seeking a legal conclusion.

    Subject to and without waiving the foregoing objections, I answer as follows: Deny. To the best of my knowledge, the PAVE certification is not a viable or practical alternative to the ECFVG certification. From the limited information available, it appears that the PAVE program is exorbitantly expensive with very limited admission. There is no data on its enrollment rates or completion rates, and no information available to verify the existence of any PAVE certificate-holders.

17. Admit that the ECFVG plays no role in the certification or testing of persons who receive veterinary medicine degrees in the United States.

**ANSWER:** I object to this request on the basis it is ambiguous, impressibly compound, leading, and seeking a legal conclusion.

## REQUESTS FOR ADMISSION TO DAVID SEELY

18. Admit that you never applied for certification with the AVMA.

   **Answer:** Admit

19. Admit that you never took the Clinical Proficiency Examination.

   **Answer:** Admit

20. Admit that you never requested an accommodation from the AVMA.

   **Answer:** Admit with qualification. AVMA does not provide accommodations to family members of CPE candidates. If their policy allowed such accommodations, I would have requested one.

21. Admit that the AVMA never denied you an accommodation.

   **Answer:** Deny. Providing *no opportunity to request an accommodation* is equivalent to a denial of an accommodation.

7

September 6, 2020

Respectfully Submitted,
/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent
Plaintiffs,
4308 Marion Garden Ln
Florissant, MO 63034
615-674-8461; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list, on September 6th, 2020.

/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent