# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana and David Seely<br><br>Plaintiffs,<br><br>v.<br><br>American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE)<br><br>Defendants. | Case No. 3:19-cv-00096-NJR |

## PLAINTIFFS' MOTION AND MEMORANDUM TO EXTEND TRIAL DEADLINES AND TO COMPEL DEFENDANTS' DEPOSITION

Pursuant to the Federal Rule of Civil Procedure 6(b) and 16(b), and for good cause as stated below, Plaintiffs respectfully request the Court to extend the remaining deadlines set forth in the Court's order entered on August 12, 2020 [Dkt #88], in order to resolve an urgent scheduling dispute regarding Defendants' deposition. Pursuant to Rule 37(a), Plaintiffs further request to compel Defendant to produce a specific witness for deposition under Rule 30(b)(1). They state the following in support of each request.

### EXTENSION OF DISCOVERY AND TRIAL DEADLINES

**The dispute at issue**

1. On December 6, 2020, Plaintiffs properly noticed Defendants' deposition to occur on January 4, 2021 [Exhibit 1], asking to produce either a specific named witness under Rule 30(b)(1), or a witness with personal knowledge on ten listed topics under Rule 30(b)(6).

1

2. After eight days of discussion, Defendant agreed to produce a Rule 30(b)(6) witness. [Exhibit 2]

3. Two days later, Defendant unilaterally decided to produce the witness on January 6, 2021, the day of Discovery deadline. Plaintiffs disagreed. Defendant then issued their own deposition notice for the same Rule 30(b)(6) witness. [Exhibit 3].

4. After lengthy discussions, parties were unable to agree on a date. [Exhibit 4]

5. As the correspondence shows, Plaintiffs have more than met the notice and conferring requirements under Rule 30. Defendant would neither produce the witness on the noticed date, nor agree to a joint motion to extend deadlines.

6. Therefore, Plaintiffs have no choice but to move for an extension on their own, so the depositions can be conducted properly.

**Background**

7. According to the revised scheduling order entered on August 12, 2020, current Discovery deadline is January 6, 2021; Dispositive motion deadline is January 21, 2021; Pretrial conference is April 20, 2021 and the presumptive trial month is May 2021.

8. In order to plan the Defendants' deposition, Plaintiffs needed responses to their written discovery requests, which were served on September 21, 2019. A complete production in response to RFPs #4,6 & 8 were critical to determine which AVMA officials to depose and what questions to ask them, while RFPs #1-3 were to provide additional information for the same purpose.

9. For many months Defendants obstructed discovery, by filing two motions for protective orders [Dkts. #46,64], failing to produce pre-negotiated documents, and disregarding the Court's orders to produce documents.

10. After two motions for the Court's intervention on discovery [Dkt. #56,74], Plaintiffs filed a motion to compel discovery with Court's leave [Dkt. #77]. Pursuant to the Court's Order on July 22, 2020 [Dkt. #86], Defendant produced the withheld documents on August 27, 2020 [Joint report on discovery; September 15, 2020]. Thus, it took eleven months to receive critical information Plaintiffs had first requested in September 2019.

11. Plaintiffs reviewed the documents and served a second set of discovery on September 30, 2020, to which Defendant responded on October 30, 2020.

12. Based on the information discovered so far, the main Defense witness Plaintiffs wish to depose is Dr. Andrew Claude, the examiner in the Clinical Proficiency Exam [CPE] anesthesia sections taken by Dr. Gunawardana in 2015 and 2017.

13. For many months Defendant had refused to disclose this examiner's identity and other pertinent information. Defendant finally disclosed it in August 2020, 11 months after the initial request. On October 30, 2020, Plaintiffs received additional information regarding Dr. Claude's role as a CPE anesthesia examiner, and decided to depose him.

14. On November 19, 2020, Plaintiffs emailed Dr. Claude regarding the deposition with copies to Defense Counsel, offering six potential dates: December 14, 15, 16 or 21, 2020; January 4 or 5, 2021. [Exhibit 5]

15. Not having heard back from anyone, on November 26, 2020 Plaintiffs noticed Dr. Claude's deposition to occur on January 4, 2021. [Exhibit 5]

16. On November 29, 2020, Dr. Claude emailed back and asked about the deposition. Plaintiff responded with requested information. On November 30, 2020, Dr. Claude declined to appear for the deposition. [Exhibit 5].

17. On December 6, 2020, Plaintiffs served the Amended Notice of Deposition to Defendant for the same date, January 4, 2021, asking to produce either Dr. Claude or someone with equal personal knowledge on the matters specified therein [Exhibit 1]. Parties conferred at length following said notice, and ended up with the instant scheduling dispute.

**The circumstances are beyond Plaintiffs' control**

18. Defendant had ample notice, considering that Plaintiffs first emailed Counsel regarding this deposition on November 19, served the original notice of deposition on November 26, and the amended notice on December 6. [Both notices for the same deposition date of January 4, 2021]. Being aware of the discovery deadlines, Defendant could have, and should have, discussed scheduling issues earlier than December 17. [When Defendant noticed Plaintiffs' depositions on July 29, 2020, Plaintiffs responded on the same day to discuss dates.]

19. Despite their best efforts, Plaintiffs could not have arranged the Defendant's depositions any earlier, since they did not receive the relevant discovery responses until October 30, 2020. Furthermore, from July through November 2020, Plaintiffs also had to respond to Defendants' motion to dismiss [which was filed five months late and without Court's leave]; appear for Plaintiffs' depositions; confer with Defense Counsel on various issues; and move to amend the Complaint based on additional evidence discovered from August through October 2020.

20. Had Defendants complied with written discovery in time, Plaintiffs could have conducted this deposition a long time ago. For example, had Defendants produced complete responses to Plaintiffs' first set of discovery requests at least by December 2019, Plaintiffs could have served the second set and received responses by March 2020, and completed the depositions by June or July 2020.

21. Given the circumstances, Plaintiffs did their best to accommodate all parties by providing ample notice and six potential dates. Counsel's email dated December 14, 2020 [18 days after the original notice and 8 days after the amended notice; Exhibit 2] indicates acceptance of the noticed terms. Plaintiffs relied on that to arrange their schedule. Defendants' current proposal to change the date to January 6 is unacceptable.

**An extension is necessary to conduct the depositions properly**

22. Plaintiffs noticed the deposition to start at 10 am on January 4, so they could cover all topics in 7 hours if possible, and to allow more time for additional Rule 30(b)(6) witnesses were it to become necessary. Starting on the day of discovery deadline defeats that purpose.

23. Dr. Judy Coman, the witness Defendant has designated, does not have personal knowledge on many of the topics listed on the notice. Dr. Coman is not a CPE examiner, and she was not present during any of the CPE sections specified in topics #8-10. Dr. Coman is a research veterinarian specializing in laboratory animal medicine, with employment history in industry. She is not an anesthesiologist nor an educator in a veterinary college, therefore unlikely to have the specific technical knowledge to cover the topics #5 and 6. To Plaintiffs' knowledge, Dr. Coman is not actively involved in the design or administration of the CPE. Therefore, Plaintiffs anticipate the need for additional or alternative Rule 30(b)(6) witnesses.

24. Regardless of who the witness is, Plaintiffs anticipate problems with conducting the deposition. This is based on the behavior of Defense Counsel Mr. Hayes Ryan during previous discovery conflicts throughout the year, Plaintiff's deposition on September 24, 2020, and the recent conference regarding Defendant's deposition. [One example: In an attempt to change the noticed date, Mr. Ryan issued a new notice of deposition for the same witness for January 6, 2021

5

[Exhibit 3]. According to said notice, Counsel would be deposing his own witness. When Plaintiff mentioned this, Mr. Ryan responded "please stop playing games" [Exhibit 4, pages 1-2].] Due to this and other unpredictable experiences, Plaintiffs are not comfortable conducting the deposition after January 4, since that would leave no time to resolve potential problems.

25. Since parties are currently at an impasse regarding dates, the deposition is unlikely to proceed as scheduled. Plaintiffs need enough time to re-notice and conduct the deposition, and to depose additional witnesses if it becomes necessary.

**COMPEL PRODUCTION OF DR. ANDREW CLAUDE AS A RULE 30(B)(1) WITNESS**

26. A critical issue of dispute in the instant action is the failing grade Plaintiff Gunawardana received in the CPE anesthesia section in November 2017, and the denial of her appeals of said failing grade by the AVMA.

27. The sole basis for AVMA's denial of said appeals is the written opinion of Dr. Andrew Claude on the CPE anesthesia assessment sheet. Thus, Dr. Claude is a managing agent of the AVMA regarding specific matters in dispute in this case.

28. Dr. Gunawardana has disputed the examiner's position from the beginning. Evidence produced in discovery corroborate her position [Dkts. #66,96; Proposed second amended complaint]. During written discovery Plaintiffs had indicated their intent to depose the examiner.

29. Dr. Claude is the only person with firsthand knowledge on the specific topics #8-10 stated in the notice of deposition. Any other 30(b)(6) witness designated by Defendant cannot fulfill this requirement, since they were not present during the anesthesia exams in question. As described earlier, Dr. Judy Coman, the 30(b)(6) witness Defendant has named, does not have personal knowledge on many of the topics listed on the notice.

30. The only single witness with personal knowledge of all listed topics is Dr. Andrew Claude, who is a managing agent of the AVMA for the purpose of specific issues in dispute in the instant action. He fulfills each requirement for managing agent, as follows.

    a. General powers to exercise judgment and discretion in corporate matters: Dr. Claude's notes were the sole basis for AVMA's adverse actions against Plaintiff. CPE examiners have the first and final word on candidates' grades in the final step of the ECFVG program. As evidenced by confidential documents produced in discovery, the ECFVG routinely denies candidates' appeals without rebutting the points presented, and never overturns examiners' decisions. Therefore, CPE examiners make the final decisions on behalf of the ECFVG and AVMA, making them managing agents.

    b. With the common goal of evaluating foreign veterinary graduates, AVMA directs CPE examiners' functions through the examiner training manual and CPE master manual. AVMA directs the performance of CPE test centers through written policies and site visits. Therefore, examiners' interests conform to those of the AVMA.

    c. While AVMA may have persons of higher authority than the examiners, the information sought in the instant situation is possessed only by Dr. Claude.

    d. Dr. Claude is the only person with firsthand personal knowledge on all topics listed in the notice of deposition.

31. In conclusion, Dr. Claude is Defendant's expert on the matter in dispute, since his written opinion is the sole basis for all adverse actions taken against Dr. Gunawardana by the AVMA. Plaintiff should have the opportunity to directly question this expert. If not, Defendants should not be allowed to use his unopposed opinion to uphold said adverse actions.

**LEGAL STANDARD**

32. Rules 6(b)(1)(A) and 16(b)(4) both allow courts to extend deadlines that have not yet passed for good cause. *Woods v. Allied Concord Fin. Corp. (Del.)*, 373 F.2d 733, 734 (5th Cir. 1967). When the request is made before the time has expired, only good cause need be shown. Under Rule 6, "good cause" is not a high standard. *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010) (good cause is a non-rigorous standard). "[a] schedule may be modified only for good cause and with the judge's consent." The proper method to seek an extension of discovery deadlines is to file a motion under Rule 16(b)(4) before the deadline has passed. See *Naud v. City of Rockford*, No. 09 CV 50074, 2013 WL 4447028, at *5 (N.D. Ill. Aug. 16, 2013).

33. Defendant's claim that "the witness is unavailable on that date" is not a valid reason for non-compliance. "The court appreciates the fact that defendant's current employment limits his availability. However, defendant must understand that he is required to appear for deposition, and that he cannot unilaterally control the discovery schedule." *Strode v. City of Venice, Ill*., Civil No. 06-228-GPM (S.D. Ill. May 3, 2007). "Thus, pursuant to the clear language of Rule 37, Defendants' failure to appear for their properly noticed depositions, to quote Rule 37, "is not excused." *Slabaugh v. LG Elecs. U.S., Inc*., No. 1:12-cv-01020-RLY-MJD (S.D. Ind. Feb. 3, 2015). Thus, in the instant action, Defendant's refusal to appear for properly noticed deposition should not be excused.

34. "Just as it is clear that a deponent need not have a formal association with the corporation, and need not be associated with the corporation at the time of his deposition, to be deemed its managing agent, see Dubai Islamic Bank v. Citibank, N.A., No. 99 Civ. 1930 (RMB) (THK), 2002 WL 1159699, at *3 (S.D.N.Y. May 31, 2002) (internal citations omitted), those characterized as independent contractors can also be managing agents for purposes of Rule 30. See Afram Lines, 159 F.R.D. at 413 (stating that the five-step analysis is "fully applicable to cases like

8

this where the agent is a corporate entity rather than an individual and an independent contractor rather than an employee"); see also *Calgene, Inc. v. Enzo Biochem, Inc.*, No. Civ. S93-0195, 1993 WL 645999, at *8 (E. D. Cal. Aug. 23, 1993) (holding that consultant and advisory board member who identified with interests of company and who had "power regarding the subject matter of the litigation" was managing agent). Indeed, in the independent contractor scenario, "the existence of an agency relationship . . . is clear," and "the focus of the [managing agent] analysis is accordingly on the scope of the agent's authority, and the nature of his role in the matters at stake in the litigation." *United States v. Fid. Guar. Co. v. Braspetro Oil Services Co.*, No. 97 Civ. 6124 (JGK) (THK), 2001 WL 43607, at *3 (S.D.N.Y. Jan. 17, 2001)."… "In other words, he has power regarding the subject matter of the instant litigation." *Schindler Elevator Corp. v. Otis Elevator Company*, 06 Civ. 5377 (CM) (THK) (S.D.N.Y. June 15, 2007).

**RELIEF**

35. Wherefore, Plaintiffs pray the Honorable Court to grant a three-month extension of the remaining deadlines [discovery, dispositive motions, and trial] so that Plaintiffs may properly conduct the Defendants' deposition. Considering that the only 30(b)(6) witness Defendant is willing to produce, Dr. Judy Coman, lacks specific knowledge to satisfy the notice requirements, Plaintiffs further request the Court to compel Defendant to produce Dr. Andrew Claude as a corporate witness under Rule 30(b)(1).

36. In the alternative, considering that Defendant's actions deprived Plaintiffs of conducting this deposition, Plaintiffs request that Defendant be barred from using any information that stands unopposed due to lack of deposition.

December 21, 2020

Respectfully Submitted,
/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent
Plaintiffs,
4308 Marion Garden Ln
Florissant, MO 63034
314-764-1520; 615-423-8851
subhadra.gunawardana@wustl.edu
david-seely@live.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list on December 21, 2020.

/s/Dr. Subhadra Gunawardana
/s/David Seely, With Consent
