## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Subhadra Gunawardana, | ) | |
| David Seely, | ) | |
| | ) | Case No. 19-cv-96-NJR-MAB |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| American Veterinary Medical Association | ) | |
| (AVMA) and its branches: Educational | ) | |
| Commission for Foreign Veterinary Graduates | ) | |
| (ECFVG) and Council on Education (COE), | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TRIAL DEADLINES AND COMPEL DEPOSITION

Defendant, American Veterinary Medical Association ("AVMA"), by and through its attorneys of Gordon & Rees, LLP, and for its Response in Opposition to Plaintiffs' Motion to Extend Trial Deadlines and Compel Defendants' Deposition, states as follows:

1.      This case has been pending for almost two years. Plaintiffs filed this matter on February 1, 2019. Defendant has expended significant time and expense in defending this frivolous matter.

2.      Defendants moved to dismiss the original Complaint. Before the Court issued a ruling (and seven months later), Plaintiffs filed an Amended Complaint. (*See* Dkts. 22, 62, 63). Defendant then filed its motion to dismiss the First Amended Complaint in June 2020. (See Dkt. # 80, 81). This motion remains pending.

3.      Due to the pandemic and the delay in this case, Defendant agreed to join in on Plaintiffs' motion to extend the original scheduling deadlines. The Court graciously granted this motion and extended the scheduling deadlines and trial almost a full year. (*See* Dkts. 82, 84, 88).

4.      In the interim, Defendant has put forth its best efforts to defend this matter, as well as cooperate and accommodate the *pro se* Plaintiffs and their many demands.

5.      In July 2020, as is customary, Defendant emailed Plaintiffs to notify them of its intention to take their depositions and to inquire about suitable dates. Defendant did not unilaterally schedule their depositions. Plaintiffs' depositions occurred on September 23 and 24, 2020.

6.      Plaintiffs did not provide Defendant this same courtesy. On November 19, 2020, Plaintiffs emailed Dr. Andrew Claude, a CPE examiner to take his deposition. Notably, in their email, Plaintiffs offered dates as late as January 5, 2021 to take Dr. Claude's deposition (despite later refusing to allow the deposition to occur on this date). (*See* Ex. 5 to Plaintiffs' Motion).

7.      Assumedly because he is not a party and Plaintiffs did not issue him a subpoena as required per the Federal Rules of Civil Procedure, Dr. Claude declined Plaintiffs' notice of deposition. (*See* Ex. 5 to Plaintiffs' Motion).

8.      Plaintiffs waited until December 6, 2020 to email Defendant to request it to produce Dr. Claude or a Rule 30(b)(6) representative and issued a notice of deposition with a date unilaterally chosen for January 4, 2021. (*See* Ex. 1 to Plaintiffs' Motion).

9.      On December 10, 2020, Defendant responded to inform Plaintiffs that it could not (and had no obligation to) produce Dr. Claude. Dr. Claude is a CPE examiner. Examiners are not employed by AVMA, and upon information and belief, are independent contractors of the CPE testing site. As such, Dr. Claude is not under AVMA's control and it cannot produce him for his deposition pursuant to Plaintiffs' Amended Notice of Deposition. *See Spina v. Forest Pres. of Cook Cty.*, No. 98 C 1393, 2001 WL 893842, at *2 (N.D. Ill. Aug. 7, 2001) ("Defendants do not have an obligation to produce individuals for deposition that are not a party to the suit and who are not represented by defendants.").

10.     Despite this knowledge, Plaintiffs still failed to issue Dr. Claude a subpoena for his deposition.

11.     Nonetheless, on December 16, 2020, the parties agreed that Defendant would produce a corporate representative 30(b)(6) witness for deposition and Defendant named Dr. Judy Coman. (*See* Ex. 3 to Plaintiffs' Motion). Defendant informed Plaintiffs that the corporate representative was available on January 6, 2021. (*See id.*).

12.     On December 17, 2020, counsel for Defendant emailed Plaintiffs to provide four available dates (December 30, December 31, January 5, and January 6) for Defendant's corporate representative deposition, including on New Year's Eve, to accommodate Plaintiffs and the Court's discovery deadline of January 6, 2021. (*See* Ex. 4 to Plaintiffs' Motion).

13.     On December 17, 2020, Plaintiffs responded insisting on proceeding on January 4 and refusing to cooperate on scheduling because "the time to discuss that was *before* Dec. 14." (*See id.*).  Plaintiffs have provided no reason for why they are unavailable to depose Dr. Coman on the four available dates before the current discovery deadline other than that they already scheduled the court reporter. They also have provided no reason for their failure to properly and timely issue Dr. Claude a subpoena.

14.     As clear from the above, Defendant has jumped through every hoop to accommodate Plaintiffs and schedule a corporate representative deposition within the Court's discovery deadline of January 6, 2021.

15.     Federal Rule of Civil Procedure 6 allows the Court to extend deadlines for "good cause." FRCP 6(b). Plaintiffs have not only failed to provide good cause for the extension, they have failed to provide any reason at all for their delay.

16.     "When an act may or must be done within a specified time, the court may for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether excusable neglect exists, Courts evaluate the following factors: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its impact on the judicial proceedings, (3) the reason for the delay (including whether the delay was within the control of the movant), and (4) the movant's good faith. *Postle v. Bath & Body Works, LLC*, No. 13CV50374, 2015 WL 521365, at *3 (N.D. Ill. Feb. 9, 2015). "These factors are not weighted equally: the reason for the delay is the most important factor." *Id.*

17.     "[T]his Court takes seriously the scheduling orders it issues—and so should the litigants." *S.E.C. v. Lipson*, No. 97 C 2661, 1999 WL 104357, at *2 (N.D. Ill. Feb. 24, 1999). "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (internal quotation marks and citation omitted); *see Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*, No. 09–cv–710–MJR, 2011 WL 2161106, at *3 (S.D. Ill. June 1, 2011) ("[D]eadlines have meaning and consequences."). "One who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules." *Vakharia v. Little Co. of Mary Hosp.*, No. 94 C 5599, 2002 WL 485362, at *5 (N.D. Ill. Mar. 29, 2002) *(quoting White v. Bensten*, 31 F.3d 474, 476 (7th Cir.v1994)).

18.     Here, Plaintiffs have not provided any justifiable reason for their delay and complete disregard of this Court's scheduling order. First, the identity of the CPE examiner was unnecessary for Plaintiffs to prosecute this case by requesting the deposition of an AVMA corporate representative (or any other deposition). Even in the light most favorable to Plaintiffs, it is undisputed that they have known of Dr. Claude's identity since at least August 2020.

19.     Instead, Plaintiffs waited until November 19, 2020 to issue a notice of deposition to Dr. Claude. However, as a nonparty, Plaintiffs failed to properly issue him a subpoena as required by Federal Rule of Civil Procedure 45. Plaintiffs should not be now rewarded – and Defendants prejudiced – by extending the deadlines due to this procedural failure.

20.     In fact, Plaintiffs have had every opportunity to request the deposition of an AVMA corporate representative. Instead, they waited until November 19, 2020 – over 21 months after filing and less than two months prior to the discovery deadline – to request any deposition at all. Waiting until the last minute to conduct discovery does not equate to "good cause." *Lawson v. Bethesda Lutheran Communities, Inc.*, No. 111-CV-228, 2012 WL 3288737, at *2 (N.D. Ind. Aug. 10, 2012) ("Thus, by waiting for eleven months and almost (literally) the last minute to do any discovery, [plaintiff] painted herself into a corner, making it impossible for her to do a timely follow-up on what she might learn at [defendant's] deposition. This foreseeable outcome, the result of a lack of diligence, is not good cause. Moreover, [plaintiff] never does explain why, despite her diligence, the written discovery she wishes to do now could not have been done sooner.").

21.     As the above demonstrates and the exhibits show, Defendant has and continues to attempt to accommodate Plaintiffs' ability to take a corporate representative deposition within the current discovery deadline.

22.     Further, Defendant will be prejudiced by another continuation of the discovery deadlines and trial in this matter. Defendant has expended significant resources and expense defending this matter for almost two years. Most notably, Defendant still has not received a ruling on its pending motion to dismiss. Extending the dispositive motion deadline by three months will only further prejudice Defendant's ability to defend this case and finally bring it to a conclusion.

23.     Defendant remains willing to produce its properly designated corporate representative, Dr. Judy Coman, for her deposition on December 30 and 31, 2020 and January 5 and 6, 2021. As such, there is simply nothing to compel.

WHEREFORE, Defendant, American Veterinary Medical Association ("AVMA"), requests the Court deny Plaintiffs' motion to extend deadlines and motion to compel the deposition of Defendant, and for any other relief this Court deems just.

December 21, 2020                                        Respectfully submitted,

GORDON & REES, LLP

By:  /s/  J. Hayes Ryan
     *Attorney for Defendant*
     *American Veterinary Medical Association*

     J. Hayes Ryan
     Gordon & Rees LLP
     One North Franklin, Suite 800
     Chicago, Illinois 60606
     (312) 565-1400 (Telephone)
     (312) 565-6511 (Facsimile)
     hayesryan@grsm.com