# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Subhadra Gunawardana and David Seely<br><br>Plaintiffs,<br><br>v.<br><br>American Veterinary Medical Association (AVMA), Educational Commission for Foreign Veterinary Graduates (ECFVG) and Council on Education (COE)<br><br>Defendants. | Case No. 3:19-cv-00096-NJR |

## PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE

Plaintiffs file this Reply brief pursuant to Local Rule 7.1, due to the exceptional circumstance that Defendant's Response contains numerous misleading and factually false statements. "Defendants, however, argue that a reply brief was necessary to address a number of false assertions in the Response.… The Court accordingly DENIES Plaintiff's Motion to Strike (Doc. 89)." *Johnson v. Delgado*, No. 10-cv-526-SCW (S.D. Ill. Dec. 12, 2012)

1. The reason for Plaintiffs' first motion for a *six-month* extension of deadlines [Dkt. #82] was not the pandemic but Defendant's repeated obstruction of written discovery, as noted in the Court's order of July 22, 2020 [Dkt. #86].

2. On July 29, 2020 Defendant *did* notice Plaintiffs' depositions unilaterally [Exhibit A], and attempted to schedule depositions within the response deadline for Defendant's motion to dismiss.

3. It was on December *14,* 2020, that Defendant agreed to produce their Rule 30(b)(6) witness. [Motion Exhibit 2]

4. On December 16, Plaintiffs did *not* agree to Defendant's decision to produce the witness on January 6. Plaintiffs immediately objected, providing ample justification [Motion exhibit 3, page 5].

1

5. Dr. Claude did not state the reasons why he declined the deposition. Plaintiffs should not have to issue a subpoena to a managing agent of the Defendant.

6. Deposing a 30(b)(6) witness of Defendant's choosing close to the discovery deadline is not acceptable, as stated in the motion [¶ 22-24]. "By noticing three (3) depositions for the date of the discovery deadline, Petitioners fail to take into account any disputes that may arise between the parties in the course of conducting those depositions." In re *Tara Crosby, LLC*, CIVIL ACTION NO: 17-5391 SECTION: "M" (4) (E.D. La. Oct. 31, 2019).

7. Defendant now claims they had December 30 and 31 available, but failed to mention these dates in a timely manner after the notice. Upon Defendants' acceptance of the notice terms on December 14, Plaintiffs scheduled much-needed medical appointments for Mr. Seely for the last week of December, which requires a trip to Nashville.

8. Defendant provided no valid reason for their refusal to appear for a deposition date properly noticed with ample time. Nor did they move to quash the notice or file a protective order. "Fed. R. Civ. P. 37(d)(2). The language here is abundantly clear that "unless the party failing to act has a pending motion for protective order," the party's failure to appear at a properly noticed deposition "is not excused." Id. (emphasis added)." *Odongo v. City of Indianapolis,* No. 1:14-cv-00710-TWP-MJD (S.D. Ind. Mar. 13, 2015).

9. The deadline is not past, and Plaintiffs caused no delay. All delays in this case were due to Defendant's actions including repeated obstruction of written discovery; not filing an Answer, and moving to dismiss five months past their response deadline without the Court's leave.

10. Defendant's response fails to address the points presented in Plaintiffs' motion, and makes false statements as shown above. Wherefore, Plaintiffs pray the Honorable Court to grant their motion.

December 21, 2020

                                              Respectfully Submitted,
                                              /s/Dr. Subhadra Gunawardana
                                              /s/David Seely, With Consent
                                              Plaintiffs,
                                              4308 Marion Garden Ln
                                              Florissant, MO 63034
                                              314-764-1520; 615-423-8851
                                              subhadra.gunawardana@wustl.edu
                                              david-seely@live.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded by way of electronic filing on the Court's ECF notice list on December 21, 2020.

                                              /s/Dr. Subhadra Gunawardana
                                              /s/David Seely, With Consent